USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
GERARD O'NEILL                      |
                                    |
              Plaintiff,            |
                                    |    08 Civ. 1689 (KMW)
    -against-                       |
                                    |    SCHEDULING ORDER
TITO HERNANDEZ, RICARDO MORALES,    |
and NEW YORK CITY HOUSING AUTHORITY,|
                                    |
              Defendants.           |
                                    |
------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

This action is scheduled for a conference in accordance with Fed. R. Civ. P. Rule 16(b) on Friday, March 28, 2008 at 10:00 A.M., in Courtroom 15B, United States Courthouse, 500 Pearl Street, New York, New York. The parties must be prepared to discuss at the conference the subjects set forth in subdivisions (b) and (c) of Rule 16.

**ALL REQUESTS FOR ADJOURNMENTS OF THE RULE 16 CONFERENCE MUST BE MADE IN WRITING AND SUBMITTED TO CHAMBERS AT LEAST 48 HOURS PRIOR TO THE DATE OF THE CONFERENCE.**

(1) <u>At least three days before the conference</u>: The parties shall jointly prepare, sign, and submit to the Court the enclosed Scheduling Order with all blanks completed. The completed scheduling order should be signed by counsel and <u>pro se</u> litigants.

(2) <u>In addition, at least three days before the conference</u>: The parties shall submit:

**COPIES MAILED**

    (a)    a statement indicating whether any party has not complied with Fed. R. Civ. P. Rule 7.1;

    (b)    a concise statement of the issues as they then appear; and

    (c)    a discovery plan based on the enclosed model and completed in conformity with Fed. R. Civ. P. Rule 26(f).

Except in very unusual cases, it is expected that discovery will be completed in ninety (90) days.

(3) <u>Settlement Statement</u>: Prior to attending the conference:

    (a)    All counsel shall obtain full settlement authority and shall discuss settlement issues with their clients.

    (b)    The parties shall engage in settlement and/or mediation negotiations.

    (c)    The plaintiff is directed to make a reasonable monetary settlement demand and defendant is directed to respond to such demand prior to the conference.

    (d)    The defendants are encouraged to file a Fed. R. Civ. P. Rule 68 offer.

At the Rule 16 conference, the parties shall submit a statement to the court advising it that the parties have complied with this procedure. Parties are <u>not</u> to send copies of settlement letters to the court.

**(4) Rule 12 motions: A party that intends to move in lieu of an answer, pursuant to, Fed. R. Civ. P. Rule 12, should advise all other parties of that intention, and should discuss with all other parties whether to proceed with discovery. The parties shall then submit a joint letter to the Court, at least 48 hours**

before the initial conference is scheduled to occur. That letter shall 1) set forth the bases for the Rule 12 motion; 2) advise the Court of whether the parties agree to proceed with discovery, notwithstanding the filing of a Rule 12 motion; and 3) set a briefing schedule that will have the motion fully submitted within forty-five days of the scheduled date of the initial conference. If the parties do not agree on whether to proceed with discovery, the letter also shall set forth the parties' positions on that issue. Upon receipt of any such letter, the Court will advise the parties whether or not the Rule 16 conference will proceed as scheduled.

<u>Within 15 days of this Order, the plaintiff is directed to serve the defendant(s) with a copy of this Order and the enclosed Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction. The plaintiff shall also send a copy of the notification to my chambers. All counsel are directed to bring an additional copy of the scheduling order to the conference.</u>

SO ORDERED.

Dated:   New York, New York
         March 5, 2008

_____
Kimba M. Wood
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
GERARD O'NEILL                      |
                                    |
              Plaintiff,            |
                                    |    08 Civ. 1689 (KMW)
     -against-                      |
                                    |    SCHEDULING ORDER
TITO HERNANDEZ, RICARDO MORALES,    |
and NEW YORK CITY HOUSING AUTHORITY,|
                                    |
              Defendants.           |
                                    |
------------------------------------X
```

**APPEARANCES:**

Plaintiff(s) by: _____

_____

_____

_____

Defendant(s) by: _____

_____

_____

_____

**KIMBA M. WOOD, U.S.D.J.:**

It is hereby ordered that:

**Pleadings and Parties:** Except for good cause shown --

1. No additional parties may be jointed after _____

2. No additional causes of action or defenses may be asserted after _____.

If the parties do not anticipate the joinder of any additional parties or the assertion of any additional causes of action or defenses, then the parties should insert above the date of the scheduling conference. Otherwise, the Court expects that all parties will be joined and all causes of action and defenses will

be asserted **within 90 days of the first scheduling conference.**

**Discovery.** Except for good cause shown, all discovery shall be commenced in time to be completed by _____.
The Court expects discovery to be completed **within 90 days of the first scheduling conference.** In the event that the parties believe that additional time is needed, the parties shall request an extension from the Court, by joint letter, and shall accompany that request with a proposed Amended Scheduling Order, with the extension not to exceed 60 days. Any further extensions will be given only after a showing of good cause that additional time is needed.

**Motions.** Except for good cause shown, no motions shall be filed or heard after _____. The parties may satisfy this deadline through the submission of a letter to the Court requesting a pre-motion conference. The Court expects that all motions will be filed or heard **within 21 days of the completion of discovery.**

**Pretrial Order.** A joint pretrial order shall be submitted by _____. The Court expects that a joint pretrial order will be submitted **within 28 days of the completion of discovery.** The pretrial order shall conform to the Court's instructions, a copy of which may be obtained from the Deputy Clerk. It shall be accompanied by **Memorandum of Law**, and, in a case to be tried to a jury, **Proposed Voir Dire** and **Requests to Charge.**

**Trial.** The parties shall be ready for trial on or after _____. The Court expects that the case will be ready for trial **1 day after the submission of the joint pretrial order.** Estimated trial time is _____.
Jury: _____. Non-jury: _____. **(Please check.)**
A copy of the Court's Trial Procedures can be downloaded from the Court's website at
http://www.nysd.uscourts.gov/judges/USDJ/wood.htm.

**Final Pretrial Conference.** The Court will schedule a final pretrial conference in jury cases after the parties have filed their joint pretrial order. Non-jury cases will be referred to the designated Magistrate Judge for settlement after the joint pretrial order has been signed.

**Mediation.** Counsel for the parties have discussed the merits of mediation in regard to this action and wish to employ the free mediation services proved by this Court. **Yes** ___  **No** ___
**(Please check.)**

**Other Directions:**

A pending dispositive motion cancels any previously scheduled status conference and adjourns the dates set out in this Scheduling Order as to all parties making or opposing the motion. In the event a dispositive motion is made after the completion of discovery, the dates for submitting the Memoranda of Law, Requests to Charge, Proposed Voir Dire, Pretrial Order and start of trial shall be changed from that shown above to three (3) weeks from the decision on the motion. The final pretrial conference, if any, will be scheduled by the Courtroom Deputy.

At any time after the Ready Trial Date, the Court may call the parties to trial upon forty-eight hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent at trial at a particular time. Such notice must come before counsel are notified by the Court of an actual trial date, not after. Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

The parties also have the option of trying this action before the Magistrate Judge assigned to this case. See 28 U.S.C. § 636(c). Such a trial would be identical to a proceeding before this Court in all respects, and the judgment would be directly appealable to the Second Circuit Court of Appeals. Given the nature of this Court's criminal docket, it is more likely that electing to proceed before the Magistrate Judge would result in the parties receiving a firm trial date.

All communications to the Court and all filed papers must identify the name and docket number of the case, followed by the initials of the Judge (KMW), contain the writer's typewritten name, party's name, law firm (if any), business address and telephone number, and be signed by the individual attorney responsible for the matter (unless the party is proceeding pro se). Any letter to the Court must state the manner in which the letter was served on all other counsel.

    If either party wishes to change the dates set forth in this Scheduling Order, it must submit a written request to the Court that complies with § 1.E of Judge Wood's Individual Practices.

**Signatures:**

| | |
|---|---|
| **[Plaintiff's Attorney]** | **[Defendant's Attorney]** |
| Attorney for Plaintiff | Attorney's for defendant |
| **[Plaintiff's name]** | **[Defendant's name]** |

       SO ORDERED.

Dated:    New York, New York
            _____


                                    _____
                                    Kimba M. Wood
                        United States District Judge


Copies of this Order have been mailed to Counsel for the parties.

**MODEL DISCOVERY PLAN**[1]
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
                                    |
                                    |
        Plaintiffs,                 |
                                    |   ___ Civ. _____ (KMW)
    -against-                       |
                                    |   **DISCOVERY PLAN**
                                    |
                                    |
        Defendants.                 |
                                    |
------------------------------------X

DISCOVERY PLAN PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(f)

Pursuant to Federal Rule of Civil Procedure 26(f), during a conference on **[DATE]** between counsel for plaintiff **[PLAINTIFF'S NAME]** (plaintiff) and counsel for defendant **[DEFENDANT'S NAME]** (defendant), counsel for the parties discussed and agreed to the following discovery plan:

(1) The parties shall exchange the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) no later than **[DATE]**.[2]

---

[1] The Court recognizes that discovery plans will vary in accordance with the needs of the parties. This Model Discovery Plan is intended only to guide the parties in developing more individualized plans.

[2] Rule 26(f)(1) no longer accommodates local rules; hence, parties should follow Rule 26(a)(1) in determining the timing, form and requirement of initial disclosure. "These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1)(E).

(2) Both plaintiff and defendant shall serve their first request for production of documents, pursuant to Federal Rule of Civil Procedure 34, no later than **[DATE]**.

(3) Both plaintiff and defendant shall serve their notices of deposition, pursuant to Federal Rule of Civil Procedure 30, no later than **[DATE]**. Plaintiff anticipates deposing: (a) **[NAME]**; (b) **[NAME]**; and (c) **[NAME]**. Defendant anticipates deposing: (a) **[NAME]**; (b) **[NAME]**; and (c) **[NAME]**.

(4) Depositions of the parties shall commence after **[DATE]**, at mutually convenient dates and times, without prejudice to either party conducting a non-party deposition beforehand at a mutually convenient date, time and place.

(5) Both plaintiff and defendant shall serve subpoenas upon any third party witnesses no later than **[DATE]**, seeking the production of documents and/or depositions.

(6) Plaintiff shall serve its expert's report upon defendants, pursuant to Federal Rule of Civil Procedure 26(a)(2),[3] no later than **[DATE]**. The reports shall set forth the facts on which the expert relies and the process of reasoning by which the expert's conclusions are reached.

(7) Defendant shall serve its expert's rebuttal report upon

---

[3] "[T]he [expert witness] disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial. . . ." Fed.R.Civ.P. 26(a)(2)(c).

plaintiff, pursuant to Federal Rule of Civil Procedure 26(a)(2),[4] no later than **[DATE]**.

(8) Depositions of the experts shall begin in time to be completed no later than **[DATE FOR PLAINTIFF'S EXPERT]** and **[DATE FOR DEFENDANT'S EXPERT]**.

(9) All discovery shall be complete by **[DATE]**.

(10) The parties may seek to schedule additional discovery as necessary, so long as it is completed by **[SAME DATE AS APPEARS IN (9) ABOVE]**.

Dated:     **[PLACE]**
           **[DATE]**

**Signatures:**

| | |
|---|---|
| **[Plaintiff's Attorney]** | **[Defendant's Attorney]** |
| Attorney for Plaintiff | Attorney's for defendant |
| **[Plaintiff's name]** | **[Defendant's name]** |

            SO ORDERED.

Dated:     New York, New York
           _____


                                    _____
                                    Kimba M. Wood
                                    United States District Judge

---

[4] "[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), [such rebuttal shall be made] within 30 days after the disclosure made by the other party." Fed. R. Civ. P. 26(a)(2)(C).

**CHAMBERS OF THE HONORABLE KIMBA M. WOOD**

**INSTRUCTIONS FOR FIRST SCHEDULING
CONFERENCE AND SUBSEQUENT STATUS CONFERENCES**

Attendance at first Scheduling Conference and subsequent Status Conferences. Each party who is not pro se must be represented by a lawyer who is fully informed about the factual and legal issues of the case and who, under Rule 16(c) as amended, shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate maybe discussed.[1] Counsel should give notice of the conference to any persons who are not shown on the docket as counsel but who should be in attendance.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is delivered before the date of the conference to the Courtroom Deputy Clerk of Judge Wood.

Attorneys are directed to consult the Judge's Individual Practices with respect to communications with Chambers and related matters. Communications not in compliance with Judge Wood's individual rules will not be entertained.

---

[1] It is preferable for counsel to seek to adjourn a conference rather than to send to a conference a lawyer who is not well informed about the factual and legal issues of the case and who lacks the authority described above; otherwise, the cost of opposing counsel's attendance at the conference may be imposed upon counsel who ignored this direction.

⸨AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

Plaintiff
V.

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:

Defendant

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____    _____
Date                United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.