UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,

                Plaintiff,

-against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

08 CV 1689 (KMW) (RLE)

Declaration of Michael Wyands in Support of Defendants' Motion to Dismiss the Complaint

---

    MICHAEL WYANDS, declares, pursuant to 28 U.S.C. § 1746, under penalty of law, that the following is true and correct:

    1.    I am, and have been since August 2006, employed by the New York City Housing Authority (NYCHA) as the Assistant Manager of Frederick Douglass Houses, a NYCHA housing development located in Manhattan. I have been employed by NYCHA for approximately 18 years.

    2.    As a result of my employment as Assistant Manager of Douglass Houses, I am familiar with plaintiff's tenant account and with the rent non-payment proceedings brought against him in 2005 and 2006 in the Housing Part of the Civil Court of the City of New York (that is, *NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 05/022996, and *NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 06/025727). I submit this declaration in support of defendants' motion to dismiss plaintiff's complaint based upon my review of plaintiff's tenant account, plaintiff's Douglass Houses tenant folder and the documents in the court files of the two rent non-payment proceedings brought against plaintiff to explain the monetary relief sought and, ultimately, recovered, by NYCHA in

the rent non-payment proceedings.

**Plaintiff's Tenancy and Monthly Rent**

3.   Plaintiff is, and has been, a tenant of Douglass Houses since November 1996, residing at 870 Columbus Avenue, Apt. 3C. The NYCHA Tenant Data Summary and plaintiff's current lease agreement are attached to the Declaration of Jeffrey Niederhoffer (Niederhoffer Declar.) in Support of the Defendants' Motion to Dismiss the Complaint, as Exhibit A.

4.   Effective August 1, 2004, plaintiff's monthly rent was increased from $188.00 to $191.00, which was one-twelfth of 30% of his adjusted annual net income of $7,652.00. The June 10, 2004 Rent Change Notice and the Calculation of Rent - Federal Project - Statutory Tenant are Exhibit C to the Declaration of Jeffrey Niederhoffer.

5.   Plaintiff's monthly rent was increased from $191.00 to $668.00, the maximum permitted for that apartment, for September and October 2005 because plaintiff had failed to submit his annual income review papers for 2005 when they were due in August 2005. The three notices, dated May 1, 2005, June 1, 2005 and July 1, 2005, requesting the annual review papers and informing plaintiff of the consequences of his failure to submit the annual papers, are included as part of Exhibit B to the Declaration of Jeffrey Niederhoffer.

6.   Plaintiff thereafter submitted his annual review papers in October 2005, and, based upon the annual review completed by the Douglass Houses management office at that time, plaintiff's monthly rent was increased to $196.00, effective November 2005. This amount is one-twelfth of 30% of his adjusted annual net income of $7832.00. The pertinent annual review papers are included as part of Exhibit B to the Declaration of Jeffrey Niederhoffer.

7. In November 2005, plaintiff's account was duly credited in the amount of $939.00, which is the difference between $1,336.00 ($668.00 for two months) and $392.00 ($196.00 for two months), less a $5.00 charge for the untimely submission of the annual review papers.

8. Plaintiff has not submitted to the Douglass Houses management office any annual income review papers for 2006 or 2007. Notwithstanding plaintiff's failure to submit these annual income review papers, plaintiff's monthly rent remains at $196.00. The various notices to plaintiff from the Housing Manager, dated June 15, 2006, July 26, 2006, September 22, 2006, May 3, 2007, and May 14, 2007, regarding plaintiff's failure to submit his 2006 and 2007 annual review papers, are included in Exhibit D to the Declaration of Jeffrey Niederhoffer.

**The 2005 Housing Court Rent Non-Payment Proceeding**

9. On or about October 5, 2005, however, prior to the completion of the 2005 annual review of plaintiff's income, NYCHA commenced a rent non-payment proceeding against plaintiff in the Housing Part of the Civil Court of the City of New York (*NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 05/022996) seeking the sum of $668.17, representing past due accrued rent in the amount of $668.00 for September 2005 and a $0.17 miscellaneous charge. The petition in this non-payment proceeding is included as part of Exhibit E to the Declaration of Jeffrey Niederhoffer.

10. On October 26, 2005, based on plaintiff's default, a Judgment in the amount of $668.17 was entered in NYCHA's favor. A warrant of eviction was issued to the New York City Marshall on March 22, 2006. The Housing Court Decision and Judgment, reflecting the March 22, 2006 issuance of the warrant of eviction, is included as part of Exhibit E to the Declaration of Jeffrey Niederhoffer.

11. On May 9, 2006, Housing Court Judge David B. Cohen vacated the prior Judgment

and stayed execution of the warrant of eviction conditioned upon plaintiff paying to NYCHA the sum of $1,765.69 in past due accrued rent for the period August 2005 through May 2006 on or before May 23, 2006. Judge Cohen's May 9, 2006 order is included as part of Exhibit E to the Declaration of Jeffrey Niederhoffer. The sum of $1,765.69 represented past due accrued rent for the period August 2005 through May 2006, as calculated in the following manner. As of May 9, 2006, plaintiff owed NYCHA $1,855.86. NYCHA waived recovery of $90.00 in "legal fees" consisting of $75.00 for service of two petitions and $15.00 relating to the request for the warrant of eviction. NYCHA also abandoned recovery of the 17-cent miscellaneous charge. The remaining $1,765.69 consisted solely of rent broken down for the Housing Court as follows: nine months of rent at $196.00 per month for the period September 2005 through May 2006, with the remaining $1.69 charged to August 2005.

12. On or about May 17, 2006, plaintiff paid $1300.00 towards the total amount due, leaving $465.69.

13. On June 20, 2006, Housing Court Judge Cohen extended plaintiff's time to pay the remaining amount due, by directing plaintiff to pay $465.69 by July 15, 2006. NYCHA waived recovery of a legal fee, consisting of a $22.50 charge for service of the warrant of eviction. The prior Final Judgment and warrant of eviction remained in effect, however. Judge Cohen's June 20, 2006 order is included as part of Exhibit E to the Declaration of Jeffrey Niederhoffer.

14. Plaintiff paid $464.00 on July 17, 2006. This non-payment proceeding ended, and NYCHA did not thereafter pursue execution of the warrant of eviction.

**The 2006 Housing Court Rent Non-Payment Proceeding**

15. On or about November 25, 2006, NYCHA commenced a rent non-payment proceeding against plaintiff in the Housing Part of the Civil Court of the City of New York

(*NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 06/025727) seeking the sum of $506.36, representing past due accrued rent broken down as two months' rent at $196.00 per month for September and October 2006, with the remaining $114.36 attributed to August 2006. The petition in this non-payment proceeding is included as part of Exhibit F to the Declaration of Jeffrey Niederhoffer.

16. On January 5, 2007, based on plaintiff's default, judgment in the amount of $506.32 was entered in NYCHA's favor. The Housing Court Decision and Judgment is included as part of Exhibit F to the Declaration of Jeffrey Niederhoffer.

17. On March 16, 2007, Housing Court Judge Louis Villella vacated the prior Final Judgment, issuing an order and a new Judgment in NYCHA's favor in the amount of $1,180.11 in past due accrued rent for the period September 2006 through March 2007, which plaintiff was required to pay by April 16, 2007. Judge Villella's order and the new Judgment is included as part of Exhibit F to the Declaration of Jeffrey Niederhoffer. The sum of $1,180.11 represented past due accrued rent for the period September 2006 through March 2007, as calculated in the following manner. As of March 16, 2007, plaintiff owed NYCHA $1,217.61. NYCHA waived recovery of $37.50 in a legal fee for service of the Housing Court petition, leaving $1,180.11 due and owing in accrued rent, broken down for the Housing Court as follows: six months' rent at $196.00 per month for October 2006 through March 2007, with the remaining $4.11 charged to September 2006.

18. Plaintiff paid $1,000.00 towards the amount due and owing by April 13, 2007, leaving $180.11 unpaid.

19. On May 1, 2007, Housing Court Judge Michelle Schreiber vacated the March 16, 2007 Stipulation. Judge Schreiber issued a new order and Final Judgment on July 31, 2007,

awarding NYCHA the amount of $588.00, representing three months' rent at $196.00 per month for May 2007 through July 2007, to be paid by August 31, 2007, and directing NYCHA to credit plaintiff's account in the amount of $180.11 representing legal fees previously charged to and paid by plaintiff. NYCHA also waived a current legal fee of $37.50. Judge Schreiber's May 1, 2007 and July 31, 2007 orders and the new Judgment are included as part of Exhibit F to the Declaration of Jeffrey Niederhoffer.

20. On September 18, 2007, Housing Court Judge Schreiber extended plaintiff's time to pay the Judgment, but otherwise kept the July 31, 2007 order and Judgment in effect. Judge Schreiber's September 18, 2007 Order is included as part of Exhibit F to the Declaration of Jeffrey Niederhoffer.

21. On September 28, 2007, plaintiff paid to NYCHA $980.00, representing the $588.00 due and owing under the July 31, 2007 Judgment plus $392.00 in rent for the months of August and September 2007. This non-payment proceeding was thus ended.

Dated: New York, New York
April _10_, 2008

_____
Michael Wyands

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                08 CV 1689 (KMW)(RLE)

             Plaintiff,

- against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

             Defendants.

---

**DECLARATION OF MICHAEL WYANDS
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

                                       RICARDO ELIAS MORALES
                                            General Counsel
                                New York City Housing Authority
                                     Attorney for Defendants
                                      250 Broadway, 9th Floor
                                    New York, New York 10007
                                            (212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel