UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARD O'NEILL,

                Plaintiff,

    -against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

08 CV 1689 (KMW) (RLE)

Declaration of Jeffrey Niederhoffer in
Support of Defendants' Motion to
Dismiss the Complaint

JEFFREY NIEDERHOFFER, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney with the Law Department of the New York City Housing Authority

(NYCHA). I am of counsel to Ricardo Elias Morales, General Counsel of NYCHA. In that capacity, I

represent the defendant in the above-captioned matter. I submit this declaration in support of

defendants' motion to dismiss the complaint based upon information and documents obtained from the

books and records of the New York City Housing Authority, documents obtained from the Housing

Part of the Civil Court of the City of New York, and upon my own knowledge of the matters asserted

herein.

2.      Attached hereto is a true and accurate copy of each of the following documents:

Exhibit A.    NYCHA Tenant Data - Summary; NYCHA Resident Lease Agreement, dated
                November 2, 2001.

Exhibit B.    NYCHA Lease Addendum and Rent Notice, dated October 18, 2005;
                Calculation of Rent - Federal Project - Statutory Tenant, dated October 18,
                2005; NYCHA Annual Review Summary; NYCHA Occupant's Affidavit of
                Income (8 pages), dated October 7, 2005; Notices to plaintiff from Housing
                Manager, dated July 1, 2005, June 1, 2005, and May 1, 2005.

Exhibit C.    NYCHA - Douglass: Rent Change Notice, dated June 10, 2004; Calculation of Rent - Federal Project - Statutory Tenant, dated June 10, 2004.

Exhibit D.    Notices to plaintiff from Housing Manager, dated September 22, 2006, July 26, 2006, and June 15, 2006; NYCHA Annual Review Additional Information Request, dated May 8, 2006; Notices to plaintiff from Housing Manager, dated May 14, 2007, and May 3, 2007; NYCHA Annual Review Additional Information Request, dated April 17, 2007.

Exhibit E.    Civil Court of the City of New York (Housing Part) Notice of Petition - Non-Payment Dwelling, Affidavit of Service, and Petition *(NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 05/022996); Landlord/Tenant Answer in Person; Decision and Judgment - Non-Payment, dated October 26, 2005; So Ordered Stipulation, dated May 9, 2006; Affidavit in Support of an Order to Show Cause to Vacate a Judgment, dated June 9, 2006; Decision/Order, dated June 20, 2006; So Ordered Stipulation, dated June 20, 2006.

Exhibit F.    Civil Court of the City of New York (Housing Part) Notice of Petition - Non-Payment Dwelling, Affidavit of Service, and Petition *(NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 06/025727); Answer in Person and Verification; Decision and Judgment - Non-Payment, dated January 5, 2007; So Ordered Stipulation, dated March 16, 2007; Decision and Judgment, dated March 16, 2007; Order, dated May 1, 2007; So Ordered Stipulation, dated July 31, 2007; Decision and Judgment, dated July 31, 2007; Affidavit in Support of an Order to Show Cause to Vacate a Judgment, dated September 5, 2007; Decision/Order, dated September 18, 2007.

Exhibit G.    U.S. District Court for the Southern District of New York, Civil Docket for Case # 1:06-cv-14377-KMW.

Exhibit H.    Referral For NYCHA Social Services, dated August 29, 2007; NYCHA Social Services Case Closing Summary, dated December 18, 2007. (NYCHA's Social Services Department (SSD) is staffed by certified social workers and paraprofessionals. Among other things, SSD staff conduct home visits, develop service plans, advocate on behalf of clients, and make referrals to appropriate community-based resources and City-wide agencies. One program operated by SSD is "Supportive Outreach Services," under which services necessary for daily living are provided based on referrals received from management, neighbors, family members, other NYCHA departments, or upon direct request from residents themselves. Staff interview, assess, determine client needs, and develop service plans and make further referrals as needed.)

Exhibit I.    Supreme Court of the State Of New York, County of New York Summons and Complaint (*Gerard O'Neill v. Hernandez, Morales and NYCHA*, Index Number 400199/08).


I declare under penalty of perjury that the foregoing is true and correct. Executed on April 8, 2008.

_____

Jeffrey Niederhoffer (JN-1042)

**EXHIBIT   A**

NYCHA 040.062 (REV. 2/75)
**TENANT DATA - SUMMARY**

NEW YORK CITY HOUSING AUTHORITY

DOUGLASS
(PROJECT)

**ETHNIC GROUP:**

| WH E | BLACK | PUERTO RICAN | OTHER |
|------|-------|--------------|-------|
| X    | ☐     | ☐            |       |

(specify)

| NAME OF TENANT | TRANSFERRED FROM | FORMER SITE OCCUPANT |
|---|---|---|
| GERARD O'NEILL | RESIDENT OF _____ SITE | ☐ |

## FAMILY COMPOSITION

| NO. | NAME | DATE OF BIRTH | SEX | RELATION TO TENANT | VET. STA-TUS | DISABLED YES / NO | HANDI-CAPPED YES / NO | SOCIAL SECURITY NO. | REMARKS |
|-----|------|---------------|-----|--------------------|--------------|------|--------|---------------------|---------|
| 1 | GERARD O'NEILL | 11/16/51 | M | HEAD | | | | 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 | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |

**PERMANENT NOTES:** (RECEIPTS, IMPORTANT PAPERS, DISCHARGES, NAMES, ADDRESSES AND TELEPHONE NUMBERS OF AT LEAST 2 CLOSE RELATIVES OR FRIENDS, ETC.)

TENANT'S TELEPHONE NO.
☐ LISTED _____ ☐ UNLISTED _____

DOSS CASE NO. __ - __

TENANT'S RELATIVE OR FRIEND - NAME, ADDRESS, TELEPHONE NO.

TENANT'S RELATIVE OR FRIEND - NAME, ADDRESS, TELEPHONE NO.

(Friend) Bob Drennon, 136 W. 28 St - 5C - NYC 10001; 366-5748

(Friend) David McDonald, 316 W. 95 St, NYC 10025; 663-3454

DATES OF SERVICE: FROM _____ TO _____

## OCCUPANCY RECORD

| NUMBER AND STREET | ACCOUNT NUMBER | NO. OF ROOMS | GRADE OR BASIC RENT | FROM | TO | REASON FOR TRANSFER |
|-------------------|----------------|--------------|---------------------|------|-----|---------------------|
| 870 COLUMBUS AVENUE | 11-3C | 02 | $144.00 | 11/7/96 | | |
| | | | | | | |
| | | | | | | |

REASON MOVED OUT: _____

MOVED TO: _____ MONTHLY RENT: $ _____ NO. OF ROOMS: _____

## NYCHA Resident Lease Agreement — Page 1

| Development: **DOUGLASS** | Account # **082-011-03C** | AIR Quarter: 2 |
|---|---|---|

| NYCHA 040.507 (1/01)<br>RESIDENT LEASE AGREEMENT | **NEW YORK CITY HOUSING AUTHORITY** |
|---|---|

1.  New York City Housing Authority ("Landlord"), in consideration of the rental herein paid and the representations made by____**GERARD O'NEILL**_____and _____("Tenant") as set forth in his/her/their signed application, and his/her/their undertaking to comply with the Tenant's obligations in this Lease and with all of the rules and regulations of the Landlord, hereby leases to the Tenant and the Tenant hereby rents from the Landlord Apartment number ____**03C**____ in (address) ____**870 COLUMBUS AVE**____ in the Borough of ____**MANHATTAN**____ , City and State of New York ("Leased Premises"), beginning the first day of **August, 2001**, and terminating midnight on the last day of the month of **July, 2002**, and automatically renewable thereafter, unless otherwise terminated, for terms of 12 months, each 12-month term terminating at midnight on the last day of the 12th month, at a rental of $____**153.00**____ per month, **due and payable the first day of each month or at such other day each month as the Landlord may decide. All money tendered pursuant to this Lease shall be by check or money order, or as otherwise accepted by the Landlord.**

    **Possession of the Leased Premises is hereby granted and the provisions of this Lease apply as of the date this Lease is signed by the Tenant.** The above rental includes the costs of the Tenant's consumption of gas and electricity (except as otherwise indicated in Paragraphs 10 and 15 hereof) not in excess of a quantity which the Landlord in its discretion will fix and may from time to time change. The above terms may be changed by the Landlord, in accordance with its rules and regulations, upon 30 days prior written notice to the Tenant. Subject to the provisions herein, the Landlord or the Tenant may each terminate this Lease and tenancy by giving to the other 30 days prior notice in writing. This Lease, unless terminated as herein provided, shall automatically be renewed except as otherwise provided in Paragraph 19 hereof.

2.  **PRO-RATA RENT**

    The Tenant agrees to pay additional rent in the sum of $ XXXXXX, or at such sum to be determined at a later date, which represents monthly rent pro-rated from the date the keys to the Leased Premises are ready through and including the day before the first date specified above. This additional rent, deemed rent for all purposes under this Lease including collection by a non-payment summary proceeding, is due the first day of the first month after notification of this amount or otherwise as the Landlord may decide.

3.  **ADDITIONAL RENT FOR TRANSFERRING TENANT**

    In consideration for being permitted to transfer to the Leased Premises from another Housing Authority apartment without first paying all rents and charges due for that former apartment, the Tenant hereby consents to pay such sum as additional rent under this Lease. The additional rent, deemed rent for all purposes under this Lease including collection by a non-payment summary proceeding, is due the first day of the first month of this Lease or otherwise as the Landlord may decide.

**NYCHA Resident Lease Agreement**                          **Page 2**

**4.     COMMUNITY SERVICE OR SELF-SUFFICIENCY PROGRAM REQUIREMENT**

The Tenant shall comply, and shall cause the non-exempt members of the Tenant's household to comply, with the Landlord's policy for administration of the community service and economic self-sufficiency activities required of public housing residents ("Community Service Policy"). Community service is the performance of voluntary works or duties that are a public benefit, and that serve to improve the quality of life, enhance resident self-sufficiency, or increase resident self-responsibility in the community. Community service is not employment and may not include political activities. Each adult non-exempt member of Tenant's household must perform **eight** hours of community service per month or participate in an economic self-sufficiency program for **eight** hours per month, as specified in the Landlord's Community Service Policy. Violation of the requirements of the Community Service Policy is grounds for non renewal of this Lease pursuant to Paragraph 19, hereof. The Landlord will deliver to the Tenant a detailed written description of the service requirement, exemption and compliance provisions of the Community Service Policy.

**5.     OCCUPANCY**

a.     The Leased Premises shall be the Tenant's only residence and shall be used solely as a residence for the Tenant and the members of the Tenant's household (i.e., those named in the signed application, born or adopted into the household, or authorized by the Landlord) who remain in continuous occupancy since the inception of the tenancy, since birth, or since authorization of the Landlord. The Tenant and the members of the Tenant's household shall have the right to exclusive use and occupancy of the Leased Premises.

b.     The Tenant shall obtain the written consent of the Housing Manager of the development in which the Leased Premises is located ("Development"), or such Housing Manager's designee, before allowing any person to reside in the Leased premises other than a family member named in the Tenant's signed application or born or adopted into the household, or subsequently authorized by the Landlord, who remains in continuous occupancy since the inception of the tenancy, since birth or since subsequent authorization by the Landlord.

**6.     REDETERMINATION OF RENT**

a.     The rent shall be redetermined by the Landlord on a date to be fixed by the Landlord and annually thereafter or within such other period as may be hereafter fixed by the Landlord. In addition to the annual redetermination, interim redetermination of rent shall be made in accordance with the rules, regulations and rent schedules of the Landlord which are posted in the manner set forth in Paragraph 22 hereof.

b.     If the Tenant fails to accurately report a change in income within **30** days after the event as provided in Paragraph 7 (d), or otherwise as the Landlord may direct, or misrepresents or misstates the correct income of the Tenant or any member of the Tenant's household, then, in addition to any other remedy available to the Landlord, the Tenant shall pay to the Landlord additional rent in the amount of the difference between the rent which would have been charged by the Landlord to the Tenant had the correct income been reported to the Landlord at the time required and the rent actually paid by the Tenant during the period involved. Any retroactive charge shall be deemed rent for all purposes under this Lease including collection by a non-payment summary proceeding,

c.     If the Tenant fails to provide all reportable income for the Tenant and other members of the Tenant's household, or if the Landlord is unable to verify such information as the Tenant does provide, then in addition to any other remedy available to the Landlord, the Tenant shall pay to

**NYCHA Resident Lease Agreement**                                        **Page 3**

the Landlord the applicable maximum rent for the Leased Premises as determined by the Landlord.

7.     **INFORMATION TO BE FURNISHED BY THE TENANT**

a.     The Tenant agrees to furnish such information, certification or signed statement, in the form fixed and at the times required by the Landlord, regarding the income, identity and composition of his/her/their household necessary to determine the rent, eligibility and the appropriateness of the size of the Leased Premises.

b.     The Tenant agrees to furnish to the Landlord upon request: such birth certificate; death certificate; Social Security Number; proof of citizenship or eligible immigration status; signed consent forms authorizing the disclosure of salary and wage information, unemployment compensation claim information, or tax return information; and such other documents or information as the Landlord may require to make the determination described in the preceding sub-paragraph or to otherwise comply with the requirements of law. The accuracy of any information furnished or document submitted by the Tenant is subject to independent verification by the Landlord.

c.     The Tenant shall notify the management office of the Development ("Management Office") of any birth or death or other changes in Tenant's household, within **30** days after the event.

d.     The Tenant shall report to the Management Office, within **30** days after the event,

(i)     the receipt of new public assistance by the Tenant or any member of the Tenant's household or the discontinuance of public assistance for any such person;

(ii)    the permanent cessation of full-time employment of the Tenant or any member of the Tenant's household;

(iii)   the loss of full-time employment by the Tenant or a member of the Tenant's household which continues for a period of three months or the resumption by such person of full-time employment; or

(iv)    the commencement of full-time employment by the Tenant or any member of the Tenant's household.

e.     If the Tenant's income is derived in whole or in part from other than employment by a third party, the Tenant shall keep adequate and verifiable records, as required by the Landlord, of all cash transactions relating to investments, loans, funds received under trusts or grants, income and expense.  These records and their supporting evidence, including bills, receipts, bank pass books, statements, canceled checks, and copies of returns submitted to government agencies, shall be made available for examination by the Landlord.

8.     **TRANSFER TO APPROPRIATE SIZE APARTMENT**

The Tenant agrees to transfer, and to cause all members of the Tenant's household to transfer, to an appropriate size apartment in the Development or any other development, consistent with the regulations of the Landlord based on family composition, following notice that such transfer is required.

**NYCHA Resident Lease Agreement**                  **Page 4**

**9.     TRANSFER TO ANOTHER APARTMENT**

The Tenant agrees to transfer, and to cause all members of the Tenant's household to transfer, to another apartment in the Development or any other development, if the Landlord requires vacant possession of the Leased Premises in order to repair or renovate the Leased Premises or the building in which they are located (which repairs and renovations Landlord in its sole discretion determines can not be accomplished while the Leased Premises is occupied), or if the Leased Premises is otherwise required by the Landlord for some other lawful purpose.

**10.     UTILITIES, SERVICES AND EQUIPMENT**

The Landlord shall furnish without additional cost (except as otherwise provided in Paragraph 15(c)) heat and hot water in accordance with requirements of law and applicable rules and regulations of municipal and state agencies, gas and electricity in normal quantities which may be fixed hereafter by the Landlord (except that the Landlord shall not supply gas and electricity if the Development is one in which residents are charged directly by the provider utility company), and use of a stove and a refrigerator.

**11.     SECURITY DEPOSIT**

a.      Except as otherwise provided in subparagraph "b" or "c" below, the Tenant shall deposit with the Landlord a security deposit to be used following the Tenant's vacating the Leased Premises as reimbursement for the cost of repairs beyond normal wear and tear and for rent or other charges owed by the Tenant. The amount of such deposit shall be the greater of one month's rent, as set forth in Paragraph 1 above, or the amount set forth in the appropriate item below:

| | |
|---|---|
| Efficiency Apartment | $ 154.00 |
| 3-1/2 Rooms | $ 174.00 |
| 4-1/2 Rooms | $ 194.00 |
| 5-1/2 Rooms | $ 212.00 |
| 6-1/2 Rooms | $ 223.00 |
| 7-1/2 Rooms | $ 230.00 |

b.      Notwithstanding the foregoing, if the Tenant is in possession of the Leased Premises on the 1st day of January, 2001, Tenant shall not be required to pay any additional security for the Leased Premises under this Lease except as provided in the following sentence. The Tenant agrees to pay such additional security as may be required by reason of any modification of the foregoing schedule by the Landlord, provided such modification is lawfully adopted. Modification of the security deposit schedule shall be in accordance with the procedure for notice set forth in Paragraph 22 hereof.

c.      If the Tenant is subject to a Rent Security Agreement provided by the New York City Human Resources Administration instead of a cash security deposit, and if said Agreement ceases to be in effect, the Tenant shall, on the first day of the first month that said Agreement is no longer in effect or by such other date as the Landlord may direct, pay the Landlord a security deposit according to the terms of this Paragraph. If unpaid, such sum shall be assessed and charged as additional rent and shall be deemed rent for the purpose of a non-payment proceeding.

| NYCHA Resident Lease Agreement | Page 5 |
|---|---|

## 12. TENANT'S OBLIGATIONS

It shall be the Tenant's obligations:

a. Not to assign the Lease or to sublease the Leased Premises or to transfer possession of the Leased Premises;

b. Not to provide accommodations for boarders or lodgers;

c. To use the Leased Premises solely as a residential dwelling for the Tenant and the Tenant's household as identified in the Tenant's signed application, or subsequently authorized by the Landlord, and not to use the Leased Premises or permit its use for any other purpose;

d. To abide by all necessary and reasonable regulations promulgated from time to time by the Landlord, which shall be posted in the Management Office and incorporated by reference in this Lease;

e. To comply with all obligations imposed upon tenants in the City of New York by applicable laws, rules or regulations;

f. To keep the Leased Premises and such other areas as may be assigned to the Tenant for the Tenant's exclusive use in a clean, sanitary and safe condition;

g. To take every reasonable precaution to prevent fires;

h. To dispose of all garbage, rubbish and other waste from the Leased Premises in a sanitary, safe and lawful manner;

i. To maintain, care for, and at all times keep free from litter, any space on the grounds of the Development assigned to the Tenant for exclusive use;

j. To refrain from littering the grounds of the Development and from shaking, cleaning or airing any bedclothes, rugs, mops, dust cloths, etc., at the windows, in the halls or on the roof of any building in the Development;

k. To use only in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning and other facilities and appurtenances including elevators;

l. Not to alter the Leased Premises, or any fixtures or fittings in the Leased Premises, without the prior written consent of the Landlord, which may be granted or withheld in the Landlord's sole and absolute discretion;

m. Not to install in the Leased Premises, without the prior written consent of the Landlord, any freezer, air conditioning unit, washing machine, clothes dryer, dishwasher, "ham" or other radio transmitter, or other electrical appliances hereafter restricted by the Landlord, or any television antenna or other antenna on the window sill or at any place outside of the Leased Premises, and, if such consent is given, not to install the same in any manner other than as prescribed by the Landlord;

n. To remove any prohibited electrical or other appliances or equipment from the Leased Premises whenever required by the Landlord;

**NYCHA Resident Lease Agreement**                                    **Page 6**

o.   To refrain from and to cause the Tenant's household and guests to refrain from destroying, defacing, damaging or removing any part of the Leased Premises or the Development;

p.   To pay reasonable charges for the repair of damages to Landlord owned appliances or the Leased Premises, other than for ordinary wear and tear, or to the Development, including damages to Development buildings, facilities or common areas, caused by the Tenant or the Tenant's household or guests;

q.   To act, and cause other persons who are in the Leased Premises with the consent of the Tenant to act, in a manner that will not disturb other residents' peaceful enjoyment of their accommodations and will be conducive to maintaining the Development in a decent, safe and sanitary condition;

r.   To assure that the Tenant, any member of the household, a guest, or another person under the Tenant's control, shall not engage in:

    (i)    Any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the Development by other residents or by the Landlord's employees, or

    (ii)   Any violent or drug-related criminal activity on or off the Leased Premises or the Development, or

    (iii)  Any activity, on or off the Leased Premises or the Development, that results in a felony conviction;

s.   To pay all rent, additional rent, charges and security deposits provided herein on the first day of the month such sum becomes due, or otherwise as directed by or consented to by the Landlord;

t.   To comply with all of the provisions of this Lease applicable to the Tenant;

u.   To do everything necessary and proper to permit the Landlord to carry out its duties to all residents of the Development, and to do everything necessary and proper to permit the Landlord to comply with applicable laws, rules and regulations of federal, state and municipal agencies;

v.   Not to keep any animals in the Leased Premises or on Development grounds, except for one domesticated dog or cat responsibly maintained as a household pet, or except as otherwise provided by statute or regulation or the Landlord's Pet Policy, and subject to the provisions of such policy including the following:

    (i)    Permission to keep such pet must be obtained from the Landlord in compliance with the Landlord's Pet Policy;

    (ii)   Any pet fee and/or pet deposit required by the Landlord's Pet Policy shall be paid as required thereunder and, if unpaid, shall be deemed and collectible as additional rent; and

    (iii)  In addition to any other remedy available to the Landlord, violation of the Landlord's Pet Policy may be grounds for removal of any pet or termination of the tenancy, or both.

w.   To comply with the directions given by the Landlord concerning moving date and time;

x.    To abide by all regulations pertaining to the moving in of furniture in order to provide for proper vermin control, and to pay the cost of fumigation or extermination reasonably required in the Leased Premises following move-in;

y.    To clean windows in the Leased Premises from the inside and NOT from the outside;

z.    Not to display any sign or notice of any kind in the Leased Premises or have any exhibited from the windows of the Leased Premises;

aa.   Not to paint the Leased Premises without the prior written consent of the Landlord;

bb.   To comply with and obey all rules and regulations prescribed from time to time by the Landlord concerning the use and care of the Leased Premises or any common or community spaces or other places in the Development, including but not limited to stairs, halls, laundries, community rooms, storage rooms, walks, drives, playgrounds and parking areas; and

cc.   To comply with and to do everything necessary and proper to permit the Landlord to comply with applicable laws, rules and regulations concerning the installation and maintenance of smoke detectors, window guards and fire safety notices.

## 13.   THE LANDLORD'S OBLIGATION

Except with respect to any condition beyond the control of the Landlord, it shall be the Landlord's obligation:

a.    To maintain the common areas of the Development in a decent, safe and sanitary condition;

b.    To comply with applicable laws, rules and regulations of federal, state and municipal agencies;

c.    To make necessary repairs to the Leased Premises, excluding all Tenant owned appliances;

d.    To keep the Development buildings, facilities and common areas, not otherwise assigned to the Tenant for maintenance and upkeep, in a clean and safe condition;

e.    To maintain in good and safe working order and condition electrical, plumbing, sanitary, heating, ventilating, and other facilities and appliances, including elevators, supplied by the Landlord;

f.    To provide and maintain appropriate receptacles and facilities (except containers for the exclusive use of an individual tenant family) for the deposit of garbage, rubbish and other waste removed from the premises by the Tenant in accordance with Paragraph 12(h) hereof; and

g.    To supply running water and reasonable amounts of hot water and reasonable amounts of heat at appropriate times of the year as hereinbefore provided except where heat or hot water is generated by an installation within the exclusive control of the Tenant and supplied by a direct utility connection.

**14.    HAZARDS TO LIFE, HEALTH OR SAFETY**

In the event that the Leased Premises is damaged to the extent that conditions are created which are hazardous to life, health, or safety of the occupants:

a.    The Tenant shall immediately notify the Management Office of such damage or notify such other person or office as may be designated by the Landlord for that purpose;

b.    In the Landlord's sole discretion the Landlord shall repair the Leased Premises within a reasonable time, provided that, if the damage was caused by the Tenant or the Tenant's household or guests, the reasonable cost of repairs shall be charged to the Tenant;

c.    The Landlord shall offer standard alternative accommodations, if available, in circumstances where necessary repairs cannot be made within a reasonable time. Occupancy of such alternative accommodations shall be deemed to be pursuant to a revocable license granted by the Landlord subject to the terms of this lease or as otherwise agreed to by the parties in writing, except that the Tenant agrees to pay the lesser of (i) the rent for the Leased Premises, or (ii) the appropriate rent for the alternative accommodations. The Tenant agrees to return to the Leased Premises when repairs thereto are completed if requested to do so by the Landlord; and

d.    In the event repairs are not made in accordance with subparagraph 14 (b) hereof or alternative accommodations are not provided in accordance with subparagraph 14 (c) hereof, the rent shall abate during the period exceeding a reasonable time for repairs in which such repairs were not made, in proportion to the seriousness of the damage and loss in value as a dwelling, except that no abatement of rent shall occur if the Tenant rejects the alternative accommodations or if the damage was caused by the Tenant, Tenant's household or guests.

**15.    ADDITIONAL CHARGES**

a.    In the event of damage to the Leased Premises or to fixtures beyond normal wear and tear, or in the event misuse of equipment results in additional maintenance costs, the Tenant shall pay the cost of labor and material for repair and for additional maintenance as set forth in a schedule to be posted by the Landlord pursuant to Paragraph 22 of this Lease. The Tenant shall also pay according to such schedule for damage to the common areas committed by any member of the Tenant's household. In the event that the damage is incapable of appraisal in advance, the Tenant agrees to pay the cost of labor and material actually expended for such repair. The Tenant may also be charged for consumption of excess utilities, consumed in performance of such repairs.

b.    The Tenant shall pay as damages such reasonable charge or fee as is imposed by the Landlord for extra services required by reason of any violation by the Tenant or any member of the Tenant's household of any rule or regulation established by the Landlord for the proper administration of the Development, the protection of the Landlord's property or the safety and convenience of other residents.

c.    In addition to the foregoing charges, the Tenant shall pay (i) such charges as may be hereafter imposed for additional services provided by the Landlord at the Tenant's request, (ii) any installation and/or monthly service charge established by the Landlord in order to grant permission to the Tenant to install or use appliances enumerated in Paragraph 12(m) hereof, which charges may be covered by a separate agreement between the Tenant and the Landlord, (iii) any charge hereafter imposed by the Landlord for the provision of utilities such as gas or

electricity, (iv) the cost of replacing equipment lost by the Tenant or damaged beyond ordinary wear and tear, and (v) such charges as may be hereafter imposed by the Landlord regarding dishonored checks.

d.    Except in the case of a written agreement between the Landlord and Tenant which may otherwise provide, any charge assessed under the foregoing sub-paragraphs shall become due and collectible on the first day of the second month following the month in which said charge is made.  If not paid the special charges set forth above shall be collectible in any court having jurisdiction thereof.

## 16.    INSPECTION

The Landlord or its representative and the Tenant shall be obligated to inspect the Leased Premises prior to the commencement of occupancy by the Tenant.  The Landlord will furnish the Tenant with a written statement of the condition of the Leased Premises and the equipment provided with the Leased Premises.  The statement shall be signed by the Landlord and the Tenant and a copy of the statement shall be retained by the Landlord in the Tenant folder.  The Landlord shall be further obligated to inspect the Leased Premises at the time the Tenant vacates the same and to furnish the Tenant with a statement of any charges to be made in accordance with this Lease.  The Tenant shall be invited to participate in the latter inspection during working hours of a regular business day unless the Tenant vacates without notice to the Landlord.  In the event that the Tenant shall fail or refuse to sign any written statement provided for herein, the statement signed by the Landlord shall, nevertheless, be filed and shall be deemed to be accurate unless the Tenant files a grievance in accordance with the Grievance Procedures described in Paragraph 20 hereof.

## 17.    RIGHT OF ENTRY

a.    The Landlord shall, upon reasonable advance notification to the Tenant, be permitted to enter the Leased Premises during reasonable hours for the purpose of performing routine inspection and maintenance, making improvements or repairs, or showing the premises for re-leasing.  A written statement specifying the purpose of the Landlord's entry, delivered to the Leased Premises at least two days before such entry, shall be considered reasonable advance notification.  If the Tenant fails to permit such entry to the Leased Premises after such notice has been given, the Landlord may enter the Leased Premises at any time thereafter without further notification;

b.    The Landlord may enter the Leased Premises at any time without advance notification when there is a reasonable cause to believe that an emergency exists;

c.    In the event that the Tenant and all adult members of the household are absent from the Leased Premises at the time of entry as permitted in this Paragraph 17, the Landlord shall leave at the Leased Premises a written statement specifying the date, time and purpose of entry prior to leaving the Leased Premises;

## 18.    NOTICES

a.    Except as provided in Paragraph 22 hereof or as may be otherwise provided by law or specified in this Lease, any notice to the Tenant required hereunder shall be in writing and delivered to the Tenant or an adult member of the Tenant's household residing in the Leased Premises or sent by prepaid or first class mail properly addressed to the Tenant;

b.     Notice to the Landlord shall be in writing, delivered to the Management Office or sent by prepaid or first class mail properly addressed to the Management Office.

### 19.    TERMINATION OF LEASE

a.     The Landlord shall not terminate or refuse to renew this Lease other than for:

(i)     violation of material terms of the Lease, such as failure to make payments due under the Lease or failure to fulfill any of the Tenant's obligations set forth in Paragraph 12 hereof, or

(ii)    violation by any non-exempt member(s) of the Tenant's household of the Community Service Policy, referenced in Paragraph 4 herein, except that such violation will be grounds solely for non-renewal of the Lease at the end of any twelve-month Lease term, or

(iii)   other good cause.

b.     Prior to the commencement of a non-payment proceeding, the Landlord shall give notice in writing to the Tenant requiring, in the alternative, the payment of the rent or surrender of the possession of the Leased Premises, (except that Landlord shall not have waived any right to collect all rent and additional rent due and owing should the lease be terminated and the tenant evicted from the Leased Premises) and advising the Tenant of his/her/their right to request a hearing upon his/her/their compliance with the conditions contained in the Grievance Procedures described in Paragraph 20 hereof.  Such written notice shall be given no less than 14 days prior to commencement of the non-payment proceeding in the manner provided by Paragraph 18 of this Lease.

c.     (i)     The Landlord shall give written notice of termination of the Lease within a reasonable time commensurate with the exigencies of the situation in the case of the creation or maintenance of a threat to the health or safety of other tenants or Landlord's employees or to the property;

(ii)    In all other cases, the Landlord shall give 30 days' prior written notice of termination. The said notice of termination shall state the reason therefor.

### 20.    GRIEVANCE PROCEDURES

All grievances concerning the obligations of the Tenant or the Landlord shall be resolved in accordance with the grievance procedures that are in effect at the time such grievance arises ("Grievance Procedures"), which Grievance Procedures are, or shall be, posted in the Management Office and are incorporated by reference in this Lease.

### 21.    MODIFICATION OF LEASE

Except as otherwise provided herein this Lease may be modified by the Landlord on 30 days' prior written notice and only by a written rider or other amendment to the Lease.

## 22.    POSTING OF POLICIES, RULES AND REGULATIONS

Schedules of special charges for services, repairs and utilities, rules and regulations and all items specifically herein required to be posted shall be publicly posted in a conspicuous manner in the Management Office and shall be furnished to the Tenant on request. Such schedules, rules and regulations may be modified from time to time by the Landlord, provided that the Landlord shall give at least 30 days' prior written notice to the Tenant if the Landlord, in its discretion, determines that the Tenant is affected thereby. Such notice shall set forth the proposed modification and the reason therefore and shall provide the Tenant an opportunity to present written comments which shall be taken into consideration by the Landlord prior to the proposed modification becoming effective. A copy of such notice shall be

a.    delivered directly or mailed to the Tenant; or

b.    posted in at least 3 conspicuous places within the building in which the Leased Premises are located, as well as in a conspicuous place in the Management Office.

## 23.    AMENDMENTS TO RENT SCHEDULES

The Landlord may amend the rent/additional rent/charges schedules and the Tenant agrees to pay such sums due in accordance with such amendment, provided that, in effecting such amendment, the Landlord complies with all requirements of law, and further provided that notice thereof is given to the Tenant in the manner set forth in Paragraph 22 hereof.

## 24.    COMPLIANCE WITH LANDLORD'S RULES AND REGULATIONS

The Tenant agrees to comply with all lawful rules and regulations promulgated by the Landlord from time to time, provided notice thereof is given in accordance with the procedure for notice set forth in Paragraph 22 hereof.

## 25.    CONDITION OF PREMISES UPON VACATING

The Tenant shall quit and surrender the Leased Premises in good order and repair, reasonable wear and tear excepted, whenever and for whatever reason this Lease is terminated.

## 26.    SEVERABILITY

In the event that any provision of this Lease shall violate any requirement of law, then such provision shall be deemed void, the applicable provision of law shall be deemed substituted, and all other provisions of this Lease shall remain in full force and effect.

## 27.    JOINT AND SEVERAL OBLIGATION

If more than one person joins in the execution of this agreement as Tenant, the covenants and agreements contained herein shall be deemed to be joint and several obligations, as though the applicable words were written in the plural.

## 28.    CONTINUING TENANCY OBLIGATIONS

If this Lease is not the original lease signed by the Tenant and the Landlord, but is subsequent to an existing lease, the existing lease shall be deemed terminated upon the execution of this Lease. However all non-payment or breaches of tenancy obligations arising under the Tenant's former lease shall remain enforceable under

| NYCHA Resident Lease Agreement | Page 12 |
| --- | --- |

this Lease, without regard to whether the former lease was for the Leased Premises or for a different apartment, either in the Development or any other development of the Landlord. All legal proceedings, including administrative actions, that commenced or could have commenced under the terms of the former lease, may commence or continue under this Lease. Any conditions placed against the tenancy under the former lease (for example, Probation or Permanent Exclusion) shall remain valid and will continue under this Lease. Permanent Exclusion of an individual from a former apartment shall continue as Permanent Exclusion of that individual from the Leased Premises.

**29.     VOID LEASE**

This Lease shall not confer rights of public housing tenancy and shall be void if public housing tenancy rights do not exist or have been terminated.

**In Witness Whereof,** the undersigned have executed this agreement on the _____2nd_____ day of _____November__, 20_01_

_____
Tenant

_____
Tenant

In the Presence of:

_____

New York City Housing Authority

By_____
Manager

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

GERARD O'NEILL,                                    08 CV 1689 (KMW)(RLE)

                         Plaintiff,

               - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                         Defendants.

———————————————————

———————————————————————————————————

**DECLARATION OF JEFFREY NIEDERHOFFER**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**
**(With Exhibit "A")**

———————————————————————————————————

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,

                Plaintiff,

      -against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

08 CV 1689 (KMW) (RLE)

Declaration of Jeffrey Niederhoffer in
Support of Defendants' Motion to
Dismiss the Complaint

---

**EXHIBIT "B"**

**EXHIBIT   B**

NYCHA Management Office
DOUGLASS
880 COLUMBUS AVENUE, MANHATTAN, NY

New York City Housing Author...
LEASE ADDENDUM AND RENT NOTICE

Date    10/18/2005

Development  DOUGLASS
Account  082-011-03C

Tenant  O'NEILL, GERARD
Annual Income Review Quarter  2
ONE YEAR LEASE EFFECTIVE DATE (L.E.D.)  08/01/2005

Address  870 COLUMBUS AVE
         APT 03C
         MANHATTAN, NY 10025
APARTMENT SIZE  02
RENT NOTICE #  0821832705

Dear Tenant:

NYCHA is sending you this Lease Addendum / Rent Notice after it completed a review of your family composition and household income.  As a result of this review, NYCHA has determined your rent.  NYCHA has updated its records of your family composition and income information, as indicated in this Notice.

* Your new rent plus recurring charges beginning  11/01/2005  is...............................................$    196.00
(See detail below)

## I. FAMILY COMPOSITION AND OCCUPANCY NOTICE

The following are the names of each authorized member of your household.  If any of the persons listed has a child newly born to him or her, legally adopts a child, or is declared by a court to be the guardian of a child, the child may permanently reside in the household if you report the child to the Housing Manager. No other person is permitted to reside permanently in the household unless the Housing Manager grants you WRITTEN PERMISSION to add that person to your household.

| NAME | SOCIAL SECURITY LAST 4 DIGITS | DATE OF BIRTH | NAME | SOCIAL SECURITY LAST 4 DIGITS | DATE OF BIRTH |
|---|---|---|---|---|---|
| 1  O'NEILL, GERARD | 8094 | 11/16/1951 | | | |

## II. RENT NOTICE

[Your old MONTHLY rent plus recurring charges was...............................................$    668.00 ]

* Your new MONTHLY rent plus recurring charges beginning  11/01/2005  is...............................................$    196.00
Your rent  DECREASED    after NYCHA completed an INTERIM    income review.
Additionally, NYCHA will retroactively  CREDIT    your account for the sum of $    939.00
for the period of  08/01/2005 TO 10/30/2005.  This is additional rent that you  SHOULD NOT HAVE PAID.

## III. CHOICE OF RENT CALCULATION

Federal regulations permit the Housing Authority to calculate your rent in one of two ways, either:
INCOME BASED RENT OR FLAT RENT  and gives you the right to choose which method you prefer. Since NYCHA assumes that you will always want to pay the lower amount of rent, we automatically charge you the lower amount. Compare the following two types of rent. Your NEW RENT  listed above is based on the  LESSER  of these two amounts:

. RENT BASED ON INCOME:  30% of adjusted gross income less allowable deductions OR the Welfare Shelter allowance, less any utility allowance if you pay a utility bill directly to the utility company, plus additional recurring charges is  $    196.00

. RENT BASED ON A FLAT RENT:  Based on rent charged for similar sized apartment in a private building, plus additional recurring charges is...............................................$    347.00

If you wish to pay the higher amount or have questions about rent, you may request a meeting with your Housing Assistant.

For a detail of recurring charges, such as parking or air conditioner fees, see attached page.

Notice of Rights:  You may request a meeting with your Housing Assistant to review the above information. If at the meeting you think that some information is wrong or that your rent was calculated incorrectly, you may request a grievance hearing with the Housing Manager. A copy of the grievance procedure is available at the Management Office.

Prepared by Housing Assistant    GLENN RICHTER    Date  10/18/2005

Approved and Signed by Housing Manager    CLARA ESPINAL    Date  10/18/2005

NYCHA 040.623(04/05)

CALCULATION OF REN_ - _DERAL PROJECT - STATU_ _RY_ _NANT
DOUGLASS
Account Number: 011 - 03C        Date: 10/18/05          RN #  0821832705
==============================================================================

### PROJECTED ANNUAL GROSS INCOME

1. **HEAD OF HOUSEHOLD:**
   GERARD          Social Security . . . . . . . . . . . $  7,344.00
                   SSI          . . . . . . . . . . . $    888.00
3. **TOTAL PROJECTED ANNUAL GROSS INCOME:** . . . . . . . . $  8,232.00
==============================================================================

### PROJECTED ANNUAL DEDUCTIONS

4. **DEPENDENTS:** __ dependents * $____ each = . . . . . . . . . $      .00
5. **CHILD CARE ALLOWANCE:** You verified $_____ of expenses
   for care of __ children under 13, to allow family
   members to work where no family member was available
   to care for the children. The maximum deduction
   allowed for __ children is $_____ . Your Deduction is . . $      .00
6. **HANDICAP ASSISTANCE EXPENSES:** You verified $_____
   of handicap-related expenses paid either to enable
   a handicapped family member to work or to care for a
   handicapped family member while other family members
   work. We subtract 3% of line 3, $ 246.96 . Your
   deduction is                                           . . $      .00
7. **ELDERLY:** 1 persons 62 or older * $ 400 = . . . . . . . . $    400.00
8. **MEDICAL EXPENSES WHERE HEAD OF HOUSEHOLD OR SPOUSE
   IS ELDERLY, HANDICAPPED OR DISABLED:** You verified
   $_____ of family medical expenses. We subtract 3%
   of line 3, $_____ . Your deduction is . . . . . . . . $      .00
9. **PUBLIC BENEFIT EMPLOYMENT:** You verified $_____ of
   public benefit employment income, of which a maximum
   of $_____ is deductible. Your deduction is . . . . . . $      .00
10. **MISC.DEDUCTIONS (Brooke/Housing Authority):** . . . . . $      .00
11. **TOTAL PROJECTED ANNUAL DEDUCTIONS:** . . . . . . . . . . $    400.00
==============================================================================

### MONTHLY RENT

12. **PROJECTED ANNUAL NET INCOME**  (line 3 minus line 11): . . . . $  7,832.00
13. **BASE MONTHLY RENT:** . . . . . . . . . . . . . . . $    196.00
14. **ADDITIONAL MONTHLY RENT FOR AMENITIES:**
                              TOTAL . . . . . . . . . $      .00
15. **MONTHLY UTILITIES CREDIT:** . . . . . . . . . . . . . $      .00

16. **YOUR TOTAL MONTHLY RENT, EFFECTIVE** November 1, 2005   . . . $    196.00
                                                       ==========

```
                        N Y C H A / P I M S                    tds000
                     Annual  Review  Summary  ( 05 )
O'NEILL, GERARD                      Act#: 011 - 03C   Proj#: 082
Apt.Size: 02                                  Prv.Rnt:  668.00
                        Income Past  Anticipated
Name          Income Source   12 Months      Income    Explanation
GERARD        Social Security |           |      7344 | 612 * 12
              SSI             |           |       888 | 74 * 12
                              |           |           |
                              |           |           |
                              |           |           |
                              | _____ | _____ |
Deductions         Totals |           0 |      8232 | Gross Anticipated Inc.
Eld/Fmy: 400                              |       400 | Deductions
                                          |      7832 | Net Income for Rent

Rent:  196.00 + Chrgs:    .00 - Util:    .00 = Monthly Payment:   196.00
                              |           |           |
RCN No.:  0821832705      Retro Chg:    .00        Rent Class: 02
RCN Eff.Date:  1105       Retro Cr.:  939.00
    Prepared by: GLENN RICHTER
    Date: 100705   Title: HA
```

---

F1= Continue    F3= Prior Screen               F10= Retro    F12= Cancel

NYCHA 040.297 (Rev. 4/05)

# NEW YORK CITY HOUSING AUTHORITY

## OCCUPANT'S AFFIDAVIT OF INCOME

| YOU MUST RETURN THIS FORM TO THE MANAGEMENT OFFICE BY THE DUE DATE SPECIFIED ON THE ADDRESS LABEL |
|---|

Gerard O'Neill
870 Columbus Ave
#3C
NYC 10025

(212) 665-9989
**HOME TELEPHONE NO.**

( )
**WORK TELEPHONE NO.**

*RECEIVED OCT 07 2005*

*FREDERICK DOUGLASS HOUSES*

FOR THE 12 MONTH PERIOD SPECIFIED ABOVE ON ADDRESS LABEL

## *DO NOT DETACH THIS FORM – KEEP ALL PAGES FASTENED*
### READ ENCLOSED INSTRUCTION LETTER – COMPLETE ALL OF THIS DOCUMENT

| **MAILING ADDRESS** (if different from above) | P.O. Box or Street Address | City & State | Zip Code + 4 |
|---|---|---|---|
| | | | |

**NOTICE:** List all occupants living in your apartment. Failure to do so may deprive them of all rights of occupancy. No person is allowed to reside in your apartment except authorized members of your family (which is based on authorized original family members who remain in continuous residence and births), unless written permission is REQUESTED by you and GRANTED by Management.

| **A** | **FAMILY COMPOSITION** Information about race and ethnicity is required for statistical purposes to ensure non-discrimination in public housing programs. For each family member, place the correct code in both the Ethnicity and Race boxes: * Ethnicity Codes: NH = Non-Hispanic PR = Puerto Rican OH = Other Hispanic **Race Codes: W = White B = Black AI/NA = American Indian/Native Alaskan A = Asian PI = Pacific Islander |
|---|---|

| Persons Living in Apartment | Relation-ship | Social Security Number | Date of Birth | School Name (Submit proof if full-time student and over 18) | Ethnicity * | Race ** |
|---|---|---|---|---|---|---|
| GERARD ONEILL | Lessee | 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 | 11/14/51 | | white | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## TENANTS' CERTIFICATION — *SIGN ONLY AFTER COMPLETING ALL PAGES OF THIS FORM*

**NOTICE:** The New York City Housing Authority may ask for proof of all statements made by you and an authorization signed by all adult members of your household for the release of information. Failure to return this Affidavit or supply any additional information required by the date requested, or willful submission of incorrect information, may result in a backcharge for rent, termination of your lease and civil or criminal prosecution.

**TO BE SIGNED BY PERSON(S) WHO SIGNED LEASE:** I/We certify that the information listed on all pages of this form is accurate and complete to the best of my/our knowledge and belief. I/We authorize the New York City Housing Authority to independently verify the accuracy of all information submitted. I/We understand that providing false statements or information is punishable under Federal and local laws. I/We also understand that providing false statements or information is grounds for termination of tenancy. Further, I/we have read or have had read to me/us the above statement.

| Signature of Lessee | Date | Signature of Co-Lessee | Date |
|---|---|---|---|
| Gerard O'Neill | 10/07/05 | | |

*(Vea la última página para la traducción en español)*

Page 1 of 8

| | **If you believe you have been discriminated against, you may call the Fair Housing and Equal Opportunity National Toll-free Hot Line at 1-800-669-9777.** |
|---|---|
| **B** | **DO YOU HAVE A CAT OR DOG IN YOUR APARTMENT?**  ☒No  ☐ Yes |

If you answered YES, you must complete and submit two forms, *Dog and Cat Registration*, and *Dog and Cat Veterinarian Certification*. Dog and Cat owners must pay a one-time, non-refundable fee of $25.00. Senior Building residents and owners of service animals are exempt from paying this fee.

| | |
|---|---|
| **C** | **Disability Status and Notice of Reasonable Accommodation** |
| | ***Check and sign ONE box below. Complete Part C-2 if a person with a disability lives in the apartment.*** |

The New York City Housing Authority will provide reasonable accommodation to meet the needs of persons with disabilities. A reasonable accommodation may include a modification to your apartment, common areas in and around your apartment building, development grounds, certain NYCHA programs and facilities, or transfer to another unit. The Housing Authority may require you to provide documentation to support your claim for a reasonable accommodation. If conditions change after you submit this form, you may fill out and submit a new form. If you need an explanation of disabilities or reasonable accommodations, information regarding the rights of persons with disabilities, or help in completing this form, you may contact your development's management office or the NYCHA Department of Equal Opportunity, Services for the Disabled at **212-306-4652** or **TDD 212-306-4445**.

---

**PART C-1**

☐ There is no one in my household with a disability.

☒ There is someone in my household with a disability, but I am **not** requesting the Housing Authority to provide any accommodation at this time.

☐ There is someone in my household with a disability, **and** I am requesting that NYCHA provide an accommodation. I understand that someone will contact me so that I may specify any disability related problems I have with my apartment, building, development grounds or NYCHA programs. Based upon my response, I understand that NYCHA will offer me a reasonable accommodation, which may include a modification to my present apartment, building, development grounds or NYCHA programs, or offer to transfer me and my household members to a modified apartment.

| Lessee(s)   *Gumd O Nci y* | Date  *10/07/05* |
|---|---|

**PART C-2**

List all persons in your household with a disability. Write **"YES"** in those columns that describe the disability. Although disclosure of this information is not compulsory under Federal Law, NYCHA strongly encourages you to accurately and completely fill in the information, which will be used to determine your eligibility for an income deduction based on disabled status and allow NYCHA to provide additional service, if needed, in case of emergencies. The information supplied will be kept confidential in accordance with the law.

| Disabled Person's Name | Uses Wheelchair | Uses walker, crutches, cane, leg braces; is an amputee or has difficulty walking or climbing stairs | Blind or Vision Impaired | Deaf or hard of hearing | Mental or psychological disability | Other physical disability (please list) | Depends on Life-Sustaining Equipment (Describe) |
|---|---|---|---|---|---|---|---|
| *Self* | | | | | | *Diabetes Nikevade Thyroid* | |
| | | | | | | | |
| | | | | | | | |

| D | EMERGENCY CONTACT: Please list the nearest relatives or friends in the New York City Area who can be contacted in an emergency. | | | |
|---|---|---|---|---|
| | Name | Address | Telephone No. | Relationship |
| | | | ( ) | |

| E | PRESENT EMPLOYMENT: Does anyone in apartment work? ☐ No ☐ Yes.  If Yes, complete this section. | | | |
|---|---|---|---|---|
| | Full Name of Each Employed Person | Total Earned in Past 12 Mos. (Gross) | Present Rate of Pay (Gross) | Name, Address, Telephone and Fax Number of Present Employer (List last year's employers in Section G if different) |
| | | $ | $        PER | NAME<br>ADDRESS<br>TEL. #        FAX # |
| | | $ | $        PER | NAME<br>ADDRESS<br>TEL. #        FAX # |
| | | $ | $        PER | NAME<br>ADDRESS<br>TEL. # |

Did any of the above employed persons receive TIPS, a BONUS, COMMISSIONS or any other forms of compensation given IN ADDITION TO WAGES, during the past year?  ☐ No  ☐ Yes. If Yes, list:

Name_____ Type _____ Amount $ _____

| F | DEDUCTIONS CLAIMED FOR PAST 12 MONTHS BY EACH WAGE EARNER: Indicate amount and nature of each claimed deduction and the name of the person claiming the deduction. *(See the enclosed letter for instructions.)* | | |
|---|---|---|---|
| | Name | Amount | Explanation |
| | | | |
| | | | |
| | | | |

| G | PRIOR EMPLOYMENT: List the names and addresses of each employer in past year other than the present employer. | | | | | |
|---|---|---|---|---|---|---|
| | Name of Person Employed | Dates Employed | | Weekly Hours of Work | Rate of Pay (Gross) | Name, Address, Telephone and Fax Number of Prior Employer *(List each employer separately)* | Total Gross Amount Earned Past 12 Mos. Including Overtime |
| | | From | To | | | |
| | | | | | $        PER | NAME | $ |
| | | FROM        TO | | | | ADDRESS<br>TEL. #        FAX # | |
| | | | | | $        PER | NAME | $ |
| | | FROM        TO | | | | ADDRESS<br>TEL. #        FAX # | |

| H | Did anyone in apartment receive UNEMPLOYMENT INSURANCE within the past year? ☒No ☐ Yes  If Yes, complete this section. | | |
|---|---|---|---|
| **Name of Person(s) Receiving Unemployment Insurance** *Address & Telephone Number of State Dept. of Labor Office* | **Dates** | **Amount** *(attach latest statement or copy of current check)* | |
| | FROM          TO | $          PER | |
| | FROM          TO | $          PER | |

| I | Does anyone in apartment receive public assistance *(welfare)*? ☒No ☐ Yes  If Yes, complete this section |
|---|---|

Name and Amount of Check $

Case #, Center #, Center Address, Telephone #

Name and Amount of Check $

Case #, Center #, Center Address, Telephone #

| J | OWN BUSINESS: is any person in apartment in business for him/herself? ☒ No ☐ Yes |
|---|---|

If you answered YES to this question, you must file the form NYCHA 040.044 Income: Own Business Certificate of Income, which is available at the Management Office.

| K | Does anyone in apartment receive Social Security? ☐ No ☒ Yes  If Yes, complete this section. | | |
|---|---|---|---|
| **Name of Person(s) Receiving Social Security** *Address & Telephone Number of Social Security Office* | **Dates** | **Amount** *(attach latest statement or copy of your current check)* | |
| *self* | FROM 1996 to present | $ 612 PER month | |
| | FROM          TO | $          PER | |
| | FROM          TO | $          PER | |

| L | Does anyone in apartment receive SUPPLEMENTAL SECURITY INCOME (SSI)? ☐ No ☒ Yes  If Yes, complete this section. | | |
|---|---|---|---|
| **Name of Person(s) Receiving Supplemental Security Income (SSI)** *Address & Telephone Number of Social Security Office* | **Dates** | **Amount** *(attach latest statement or copy of current check)* | |
| *self* | FROM 1996 TO present | $ 74 PER month | |
| | FROM          TO | $          PER | |

| M | Does anyone in apartment receive a PENSION? ☒ No ☐ Yes  If Yes, complete this section. | | | |
|---|---|---|---|---|
| **Name of Person(s) Receiving Pension** | **Type of Pension, Name, Address, Telephone and Fax Number of Provider** | **Dates** | **Amount** *(attach latest statement or copy of current check)* | |
| | | FROM          TO | $          PER | |
| | | FROM          TO | $          PER | |

| N | Does anyone in apartment receive a MILITARY ALLOTMENT? ☒ No ☐ Yes If Yes, complete this section. | | |
|---|---|---|---|
| **Name of Person(s) Receiving Military Allotment & Branch of Service** *Payroll Address & Telephone Number* | **Dates** | | **Amount** *(attach latest statement or copy of current check)* |
| | FROM          TO | | $          PER |
| | FROM          TO | | $          PER |

| O | MILITARY SERVICE: Are you or any authorized occupant of the apartment in the military service or dependent upon someone in the military? ☐ No ☐ Yes If Yes, list name(s) below (report changes in status immediately): | | |
|---|---|---|---|
| **Service Person's Name** | **Location** *(Name of Fort, Base, Ship)* | | **Military Dependent's Name** |
| | | | |

| P | Did anyone in apartment receive WORKERS' COMPENSATION? ☒ No ☐ Yes  Or DISABILITY BENEFITS? ☐ No ☐ Yes If Yes, complete this section. | | |
|---|---|---|---|
| **Name of Person(s) Receiving Workers' Compensation or Disability Benefits** *Address & Telephone Number of  Benefits Provider* | **Dates** | | **Amount** *(attach latest statement or copy of current check)* |
| | FROM          TO | | $          PER |
| | FROM          TO | | $          PER |

| Q | Does anyone in apartment receive ALIMONY? ☒ No ☐ Yes  Or CHILD SUPPORT? ☐ No ☐ Yes  If Yes, complete this section. | | |
|---|---|---|---|
| **Name of Person(s) Receiving Alimony or Child Support** | **Name, Address, Telephone and Fax Number of Provider (or Agency, if it issues the payment)** | **Total Amount Past 12 Months** *(attach copies of legal documents, voluntary statement, or a copy of the current check)* |
| | $ | |
| | $ | |

| R | Does anyone in apartment receive MONEY CONTRIBUTIONS from family, friends or other sources? ☒ No ☐ Yes  If Yes, complete this section.  (Use the forms that are available at the Management Office.) | | |
|---|---|---|---|
| **Name of Person(s) Receiving Contributions** | **Source (e.g.,  Family,  Friends, Churches), Address, Telephone and Fax Number of Provider** | **Total Amount Past 12 Months** |
| | $ | |
| | $ | |

| S | Does anyone in apartment have a BANK ACCOUNT? ☒ No ☐ Yes  If Yes, complete this section. | | |
|---|---|---|---|
| **Name of  Person(s) with Savings Account** | **Name of Bank,  Address, Telephone and  Fax Number** | **Current Balance** | **Interest Received in Past 12 Months** |
| | | $ | $ |
| | | $ | $ |

| T | Do you or anyone in apartment own an INTEREST in any REAL ESTATE, e.g., house, apartment, store, warehouse, vacant land? |
|---|---|
| | ☒ No  ☐ Yes |

If YES, you must submit a signed statement for each property that indicates the following: type of property; address of property; percent of ownership; date of purchase; original purchase price; amount of existing loans that includes name of lender; current value; and *income, if any, for the past year.*

| U | Does anyone in apartment have any ASSETS other than those listed in Sections S and T, e.g., stocks, bonds, money market account? ☒ No  ☐ Yes  If Yes, complete this section. |
|---|---|

| Name of Person(s) Owning Asset | Type of Asset | Current Book Value *(attach copy of appraisal of broker's statement)* | Income from Asset Past 12 Months |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |

| V | Do you pay for child care to enable you to work or seek employment? ☒ No  ☐ Yes  If Yes, complete this section |
|---|---|

| Name, Address, Telephone and Fax Number of Child Care Provider(s) | Name of Children in Care | Amount Paid *(attach statement signed by care provider)* |
|---|---|---|
| | | $      PER |
| | | $      PER |

| W | Do you pay for care of a Senior Citizen or Disabled person to enable you to work or seek employment? ☒ No  ☐ Yes  If Yes, complete this section. |
|---|---|

| Name, Address, Telephone and Fax Number of Care Provider(s) | Name of Senior Citizen/Disabled Person | Amount Paid *(attach statement signed by care provider)* |
|---|---|---|
| | | $      PER |
| | | $      PER |

| X | AFFIRMATION OF NON-EMPLOYMENT: Each person in apartment 18 years old and older not working and not a full-time student must answer all questions in this section, and sign at left. *(Additional forms are available at Management Office.)* |
|---|---|

**Name:**

I certify that the statements in the right column are true. I understand that providing false statements or information is punishable under Federal and local laws. I also understand that providing false statements or information is grounds for termination of tenancy.

*Gurnal O'Neill*
_____
Signature

Are you currently employed? ☒ No  ☐ Yes

Have you ever been employed? ☐ No  ☒ Yes  If Yes, when did you stop working (last job) *1996*   Where did you work? _____

Do you receive Unemployment Insurance? ☒ No  ☐ Yes

Do you receive Workers' Compensation? ☒ No  ☐ Yes

Do you receive Social Security or SSI? ☐ No  ☒ Yes

Do you receive Disability Insurance Payments? ☐ No  ☒ Yes

Do you receive public assistance (Welfare)? ☒ No  ☐ Yes

Do you receive income from any other source? ☒ No  ☐ Yes.  If Yes, specify: _____

Do you have any assets (property)? ☒ No  ☐ Yes.  If Yes, specify: _____

| X | **AFFIRMATION OF NON-EMPLOYMENT:** Each person in apartment 18 years old and older not working and not a full-time student must answer all questions in this section, and sign at left. *(Additional forms are available at Management Office.)* |

**Name:**

I certify that the statements in the right column are true. I understand that providing false statements or information is punishable under Federal and local laws. I also understand that providing false statements or information is grounds for termination of tenancy.

_____
*Signature*

Are you currently employed? ☐ No ☐ Yes

Have you ever been employed? ☐ No ☐ Yes If Yes, when did you stop working (last job) _____ Where did you work? _____

Do you receive Unemployment Insurance? ☐ No ☐ Yes

Do you receive Workers' Compensation? ☐ No ☐ Yes

Do you receive Social Security or SSI? ☐ No ☐ Yes

Do you receive Disability Insurance Payments? ☐ No ☐ Yes

Do you receive public assistance (Welfare)? ☐ No ☐ Yes

Do you receive income from any other source? ☐ No ☐ Yes. If Yes, specify:

Do you have any assets (property)? ☐ No ☐ Yes. If Yes, specify:

---

**Name:**

I certify that the statements in the right column are true. I understand that providing false statements or information is punishable under Federal and local laws. I also understand that providing false statements or information is grounds for termination of tenancy.

_____
*Signature*

Are you currently employed? ☐ No ☐ Yes

Have you ever been employed? ☐ No ☐ Yes If Yes, when did you stop working (last job) _____ Where did you work? _____

Do you receive Unemployment Insurance? ☐ No ☐ Yes

Do you receive Workers' Compensation? ☐ No ☐ Yes

Do you receive Social Security or SSI? ☐ No ☐ Yes

Do you receive Disability Insurance Payments? ☐ No ☐ Yes

Do you receive public assistance (Welfare)? ☐ No ☐ Yes

Do you receive income from any other source? ☐ No ☐ Yes If Yes, specify:

Do you have any assets (property)? ☐ No ☐ Yes If Yes, specify:

---

**Name:**

I certify that the statements in the right column are true. I understand that providing false statements or information is punishable under Federal and local laws. I also understand that providing false statements or information is grounds for termination of tenancy.

_____
*Signature*

Are you currently employed? ☐ No ☐ Yes

Have you ever been employed? ☐ No ☐ Yes If Yes, when did you stop working (last job) _____ Where did you work? _____

Do you receive Unemployment Insurance? ☐ No ☐ Yes

Do you receive Workers' Compensation? ☐ No ☐ Yes

Do you receive Social Security or SSI? ☐ No ☐ Yes

Do you receive Disability Insurance Payments? ☐ No ☐ Yes

Do you receive public assistance (Welfare)? ☐ No ☐ Yes

Do you receive income from any other source? ☐ No ☐ Yes If Yes, specify:

Do you have any assets (property)? ☐ No ☐ Yes If Yes, specify:

| Y | ANNUAL WINDOW GUARD SURVEY – REQUIRED BY LAW |
|---|---|

The New York City Health Code requires the installation of WINDOW GUARDS in your apartment if you have children 10 years of age or younger, or if children 10 years of age or younger visit your apartment. The New York City Housing Authority will install window guards *FREE OF CHARGE.* You must complete the questionnaire in this section.

### FAILURE TO COMPLETE THIS QUESTIONNAIRE IS A VIOLATION OF LAW

CHECK ALL BOXES THAT APPLY TO YOU

☐ I NEED WINDOW GUARDS.

☐ CHILDREN 10 YEARS OF AGE OR YOUNGER LIVE IN MY APARTMENT.

☐ CHILDREN 10 YEARS OF AGE OR YOUNGER VISIT MY APARTMENT.

☐ I WANT WINDOW GUARDS EVEN THOUGH I HAVE NO CHILDREN 10 YEARS OF AGE OR YOUNGER.

☐ NO CHILDREN 10 YEARS OF AGE OR YOUNGER LIVE IN OR VISIT MY APARTMENT.

☑ I DO NOT NEED WINDOW GUARDS.

☐ WINDOW GUARDS ARE ALREADY INSTALLED IN ALL WINDOWS IN MY APARTMENT.

☐ WINDOW GUARDS ARE NOT ALREADY INSTALLED IN ALL WINDOWS IN MY APARTMENT.

☐ WINDOW GUARDS INSTALLED IN MY APARTMENT NEED MAINTENANCE OR REPAIR.

☐ WINDOW GUARDS INSTALLED IN MY APARTMENT DO NOT NEED MAINTENANCE OR REPAIR.

RECEIVED
OCT 07 2005
FREDERICK DOUGLASS HOUSES

LESSEE'S NAME *(Print)*   GERARD O'NEILL

LESSEE'S SIGNATURE   Gerard O'Neill

DATE   10/07/05

### IMPORTANT NOTICE!!

### IT IS A VIOLATION OF LAW TO INTERFERE WITH OR TO REFUSE THE INSTALLATION OF WINDOW GUARDS IF THERE ARE CHILDREN 10 YEARS OF AGE OR YOUNGER LIVING IN OR VISITING THE APARTMENT, OR TO REMOVE ANY WINDOW GUARDS ALREADY INSTALLED.  THE NEW YORK CITY HOUSING AUTHORITY WILL REPORT ALL VIOLATIONS TO THE NEW YORK CITY DEPARTMENT OF HEALTH FOR PROSECUTION.

# NEW YORK CITY HOUSING AUTHORITY

Gerard O'Neill
870 Columbus Avenue - 3C
New York, NY 10025

Date: 7/1/05

Dear Tenant:

We have repeatedly requested the following information from you related to your annual income review:

YOUR 2005 ANNUAL INCOME REVIEW PAPERS & PROOF OF ALL INCOME

We have not yet received this information.

The verification of your family income is a legal requirement. You must provide us this information if you wish to continue living in public housing.

Because you have not provided this information, on __8/1/05__, we will raise your rent to $ _668_. This is the maximum non-verifiable rent for your family size. However, we will not raise your rent to the maximum non-verifiable rent if you provide us the above information within 10 days or if you file a grievance before the date of the rent increase.

To ask for a grievance, file a copy of the attached grievance form with the Project Manager. You may file a grievance even after the rent increases. To get a grievance you must pay the *undisputed* amount of rent that you owe. If you show in the grievance that the delay in submitting verification of income to us was not your fault, we will cancel any rent increase to the maximum and make the necessary adjustments to your rent record.

MYRNA CASTRO
*Housing Manager*

NYCHA 040.374B & Reverse (Rev. 12/04) Income: Verification Letter – Follow-up

NEW YORK CITY HOUSING AUTHORITY

```
┌                        ┐
  GERARD O'NEILL
  870 COLUMBUS AVENUE - 3C
  NEW YORK, NY 10025

└                        ┘
```

Date: 6/1/05

Dear Tenant:

You recently received our request that you provide us with the following information to verify your family income:

YOUR 2005 ANNUAL INCOME REVIEW PAPERS, INCLUDING PROOF OF INCOME

We have not yet received this information.

The verification of your family income is a legal requirement. You must provide us this information if you wish to continue living in public housing.

If you do not provide the above information within 30 days, then on 8/1/05 _____, we will raise your rent to $ 668 _____. This is the maximum non-verifiable rent for your family size. However, we will not raise your rent to the maximum non-verifiable rent if your delay in giving us information was not your fault.

If you are unable to provide the information we have requested, or if you have any questions, please contact the Project Manager or your Housing assistant at the Management Office at 212-865-7200 _____.

MYRNA CASTRO
*Housing Manager*

NEW YORK CITY HOUSING AUTHORITY

Gerard O'Neill
870 Columbus Avenue - 3C
New York, NY 10025

Date: 5/1/05

Dear Tenant:

You recently received a letter requesting that you provide us information to verify your family income. We have not yet received this information.

The verification of your family income is a legal requirement. You must provide us this information if you wish to continue living in public housing.

If you do not provide the information requested, then on 8/1/05 , we will raise your rent to $ 668 . This is the maximum non-verifiable rent for your family size. However, we will not raise your rent to the maximum non-verifiable rent if your delay in giving us information was not your fault.

If you are unable to provide the information we have requested, or if you have any questions, please contact the Project Manager or your Housing Assistant at the Management Office at 212-865-7200 .

*Housing Manager*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                          08 CV 1689 (KMW)(RLE)

                                Plaintiff,

            - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                                Defendants.

---

---

**EXHIBIT "B"**
**DECLARATION OF JEFFREY NIEDERHOFFER**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

GERARD O'NEILL,

                 Plaintiff,               08 CV 1689 (KMW) (RLE)

      -against-                       Declaration of Jeffrey Niederhoffer in
                                        Support of Defendants' Motion to
                                        Dismiss the Complaint

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                 Defendants.

———————————————————————

**EXHIBITS "C" THROUGH "D"**

# EXHIBIT  C

New York City Housing Authority - DOUGLASS
### Rent Change Notice

RCN # 0821697604

Tenant    O'NEILL, GERARD                                      Date June 10, 2004
Address   870 COLUMBUS AVE Apartment 03C
          NEW YORK, NY 10025-

### Rent Change

**YOUR NEW RENT IS  $   191.00  ,  BEGINNING ON August 1, 2004        .**
Your old rent was $   188.00 .
The Increase is    $     3.00 .
**YOUR RENT IS DUE AND PAYABLE ON THE FIRST DAY OF EACH MONTH.**

Reason for rent change: Annual review

### Notice of Rights

You may request a meeting with your Housing Assistant to review this
information.  After this meeting, if you think your rent was calculated
incorrectly, you may request a grievance hearing with the Manager.  A copy
of the grievance procedure is available at the Management Office.

Prepared  By (Housing Assistant)
     GLENN RICHTER                                Date  6/10/04

Approved and Signed By (Housing Manager)
Signed  CLARA ESPINAL                             Date  6/10/04

CALCULATION OF RENT · FEDERAL PROJECT - STATUTORY TENANT
DOUGLASS

Account Number: <u>011 - 03C</u>    Date: <u>6/10/04</u>    RCN # 0821697604

==================================================================

### PROJECTED ANNUAL GROSS INCOME

1. **HEAD OF HOUSEHOLD:**
   GERARD            Social Security . . . . . . . . . . . $    7,152.00
                     SSI . . . . . . . . . . . . . . . $      900.00
3. **TOTAL PROJECTED ANNUAL GROSS INCOME:** . . . . . . . . . . . $    8,052.00

==================================================================

### PROJECTED ANNUAL DEDUCTIONS

4. **DEPENDENTS:** __ dependents * $____ each = . . . . . . . . . $         .00
5. **CHILD CARE ALLOWANCE:** You verified $_____ of expenses
   for care of __ children under 13, to allow family
   members to work where no family member was available
   to care for the children. The maximum deduction
   allowed for __ children is $_____. Your Deduction is . . $         .00
6. **HANDICAP ASSISTANCE EXPENSES:** You verified $_____
   of handicap-related expenses paid either to enable
   a handicapped family member to work or to care for a
   handicapped family member while other family members
   work. We subtract 3% of line 3, <u>$ 241.56</u>. Your
   deduction is . . . . . . . . . . . . . . . . . . . . . . $         .00
7. **ELDERLY:** <u>1</u> persons 62 or older * <u>$ 400</u> = . . . . . . . . . $      400.00
8. **MEDICAL EXPENSES WHERE HEAD OF HOUSEHOLD OR SPOUSE
   IS ELDERLY, HANDICAPPED OR DISABLED:** You verified
   $_____ of family medical expenses. We subtract 3%
   of line 3, $_____. Your deduction is . . . . . . . . . $         .00
9. **PUBLIC BENEFIT EMPLOYMENT:** You verified $_____ of
   public benefit employment income, of which a maximum
   of $_____ is deductible. Your deduction is . . . . . . . $         .00
10. **MISC.DEDUCTIONS (Brooke/Housing Authority):** . . . . . . . $         .00
11. **TOTAL PROJECTED ANNUAL DEDUCTIONS:** . . . . . . . . . . . . $      400.00

==================================================================

### MONTHLY RENT

12. **PROJECTED ANNUAL NET INCOME** (line 3 minus line 11): . . . . $    7,652.00
13. **BASE MONTHLY RENT:** . . . . . . . . . . . . . . . . . . . $      191.00
14. **ADDITIONAL MONTHLY RENT FOR AMENITIES:**
                      TOTAL . . . . . . . . . . . . $         .00
15. **MONTHLY UTILITIES CREDIT:** . . . . . . . . . . . . . . . . $         .00

16. **YOUR TOTAL MONTHLY RENT, EFFECTIVE** August 1, 2004    . . . $      191.00
                                                    ==========

**EXHIBIT  D**

**NEW YORK CITY HOUSING AUTHORITY**
**FREDERICK DOUGLASS HOUSES**
**880 COLUMBUS AVENUE**
**NEW YORK, NY 10025**

September 22, 2006

**Gerard O'Neill**
**870 Columbus Avenue – 3C**
**New York, NY 10025**

Dear Mr. O'Neill:

In accordance with the established policy and procedures of the Authority, the entire record of your tenancy is being forwarded to the Office of the Tenancy Administrator for review.

Before final decision is made concerning termination of your lease **(Non-Verified**

**Income, failure to submit 2006 annual income review & proof of income),** you will be offered an opportunity to appear at a hearing at Central Office. You will be informed in advance of the date and place of such hearing, and you may then bring an attorney or any person or persons whom you wish to assist or represent you.

Very truly yours,

**Myrna Castro**
Housing Manager

NYCHA 040.187A

# NEW YORK CITY HOUSING AUTHORITY
## FREDERICK DOUGLASS HOUSES
## 880 COLUMBUS AVENUE
## NEW YORK, NY 10025
## (212) 865-7200

July 26, 2006

Gerard O'Neill
870 Columbus Avenue – 3C
New York, NY 10025

Dear Mr O'Neill:

We have not received a reply to our letter urging you to appear for an interview to discuss the possible <u>termination of your lease</u> because of **Non-Verified Income.**

A final opportunity is being offered to you to discuss this matter and to give your side of the story before a decision is made regarding your eligibility. Another appointment has been arranged for

**Friday, July 28, 2006, 9:30 a.m., with Assistant Manager S. Pickens.**
**Make sure to show this letter to the receptionist.**

The final decision on the question of your being allowed to remain as a tenant depends upon the results of this interview, as well as a review of your entire record.

If you fail to keep this appointment, it will be necessary to forward your record to the Central Office of the Housing Authority with a recommendation that legal action to terminate your lease be started.

Very truly yours,

**Myrna Castro**
Manager

(NYCHA 040.186)

# NEW YORK CITY HOUSING AUTHORITY
## FREDERICK DOUGLASS HOUSES
### 880 COLUMBUS AVENUE
### NEW YORK, NY 10025
### (212) 865-7200

June 15, 2006

Gerard O'Neill
870 Columbus Avenue – 3C
New York, NY 10025

Dear Mr. O'Neill:

This is to advise you that <u>termination of your lease</u> is being considered because **Non-Verified Income—failure to submit your 2006 annual income review papers, along with income verification.**

Before further action is taken, you are being offered an opportunity to discuss this important matter in detail. Accordingly, an appointment has been arranged for you in the Management Office on **Monday, June 19, 2006, 9 a.m., with Assistant Manager Sharon Pickens.**

If this time is inconvenient, please contact this office immediately to arrange another appointment.

This is a very serious matter and you are urged to make every effort to keep this appointment. <u>Make sure to show this letter to the receptionist.</u>

Very truly yours,

**Myrna Castro**
Housing Manager

NYCHA 040.185

# NEW YORK CITY HOUSING AUTHORITY

Douglass _____ Houses

DON'T DELAY!

Gerard O'Neill
870 Columbus Avenue - 3C
New York, NY 10025

Date 5/8/06 _____

Tenant Account 11-3C _____

Annual Review Period 2006 _____

## ANNUAL REVIEW ADDITIONAL INFORMATION REQUEST

Dear Tenant:

You recently received the Occupant's Affidavit of Income, requesting that you provide NYCHA with information to verify your family composition and income. NYCHA has not yet received this information. Verification of your family composition and income is a legal requirement. You must provide this information if you wish to continue living in public housing.

**DUE DATE:  Please return all requested items to your Management office by:** 5/12/06 _____ .

If you **FAIL** to submit these forms by the due date, NYCHA can do any of the following:

- **Back-Charge Your Rent** account and charge you the amount of rent you should have paid if the papers were turned in on time (Retroactive Rent Charges)

- **Start TERMINATION OF TENANCY PROCEEDINGS** to terminate your lease

**If you are not able to provide the information requested or if you have questions, need additional forms or help completing these forms, call or visit your Housing Assistant.**

The following information is needed to complete your income review:

1. ☑ **OCCUPANT'S AFFIDAVIT:** Completed Occupant's Affidavit of Income (all 8 pages).
2. ☑ **CONSENT:** Third Party Verification – Consent to Release Information signed by _____ & _____
3. ☐ **BIRTH:** Copy of Birth Certificate for _____
4. ☐ **CITIZENSHIP:** Enclosed Declaration of Citizenship Status for _____
5. ☐ **SCHOOL:** Verification of school attendance for _____
6. ☐ **DISABILITY:** Enclosed Disability Status and Notice of Reasonable Accommodation.
7. ☐ **VACATING FAMILY MEMBER:** Proof that the following person(s) moved out of the household: _____
8. ☐ **DEATH:** Copy of Death Certificate for _____
9. ☐ **WINDOW GUARDS:** Complete enclosed Annual Window Guard Survey form.
10. ☐ **EMPLOYMENT:** Enclosed Employment form (MD34) for _____ .
11. ☐ **IRS TRANSCRIPT:** Enclosed form 4506T – Request for Transcript of Tax Return signed by _____ & _____
12. ☐ **UNEMPLOYMENT:** Unemployment Insurance book and cover letter from the UIB office.
13. ☐ **SS HISTORY:** Social Security Earnings History for _____
14. ☐ **NON-EMPLOYMENT:** Enclosed Affirmation of Non-employment for _____
15. ☐ **SS:** Recent Social Security Letter indicating the amount of Social Security received for _____
16. ☐ **SSI:** Recent Social Security Letter indicating the amount of Supplemental Security Insurance (SSI) received for _____

17. ☐ **WELFARE:** Latest Public Assistance budget printout listing all family members on the budget and amount received.
18. ☐ **MILITARY INCOME:** Summary of Military Earnings for _____
19. ☐ **VA:** Recent letter from the Veterans Administration indicating amount received for _____
20. ☐ **PENSION/RETIREMENT:** A copy of recent pension check or recent letter from union stating benefit amount received for _____
21. ☐ **DISABILITY INCOME/WORKMEN'S COMPENSATION:** Proof of income/benefit for _____
22. ☐ **SCHOOL AID:** Financial aid award letter indicating the amount of monies received and the cost of tuition, books and fees for _____
23. ☐ **CONTRIBUTIONS:** (Alimony/Child Support/Family Donations) Complete enclosed Contribution Form.
24. ☐ **INTEREST/ASSETS:** Proof of interest from bank accounts and other assets.
25. ☐ **PROOF OF DEDUCTIONS:** Proof of following expenses claimed as a deduction: _____
26. ☑ **OTHER:** YOUR 2006 ANNUAL INCOME REVIEW PAPERS AND PROOF OF ALL INCOME: DON'T DELAY!

NYCHA 040.297B (2/06)

## NEW YORK CITY HOUSING AUTHORITY

FREDERICK DOUGLASS HOUSES
880 COLUMBUS AVENUE 1ST FLOOR
NEW YORK, NEW YORK 10025
TEL: (212) 865-7200

MAY 14, 2007
RE: Failure to submit
2007 Affidavit of income

GERARD O'NEILL
870 COLUMBUS AVENUE #3C
NEW YORK, NEW YORK 10025

Dear     RESIDENT:

We have not received a reply to our letter urging you to appear for an interview to discuss the possible termination of your lease.

A final opportunity is being offered to you to discuss this matter and to give your side of the story before a decision is made regarding your eligibility. Another appointment has been arranged for TUESDAY 05/22/07 @ 9:30 AM TO SEE MS. RAMOS (NON-VERIFIABLE INCOME) .

The final decision on the question of your being allowed to remain as a tenant depends upon the results of this interview, as well as a review of your entire record.

If you fail to keep this appointment, it will be necessary to forward your record to the Central Office of the Housing Authority with a recommendation that legal action to terminate your lease be started.

Very truly yours,

Manager

NYCHA 040.186 (6/60)

**NEW YORK CITY HOUSING AUTHORITY**

FREDERICK DOUGLASS HOUSES
880 COLUMBUS AVENUE, 1ST FL
NEW YORK, NEW YORK 10025
(212) 865-7200

GERARD O'NEILL
870 COLUMBUS AVENUE # 03C
NEW YORK, NEW YORK 10025

MAY 03, 2007

Dear  RESIDENT:

This is to advise you that termination of your lease is being considered because of

FAILURE TO SUBMIT AFFIDAVIT OF INCOME PACKET & PROOF OF INCOME FOR 2007.

Before further action is taken, you are being offered an opportunity to discuss this important

matter in detail. Accordingly, an appointment has been arranged for you in the Management Office

on _MAY 11, 2007_____ .  If this time is not convenient, please contact this office immediately

to arrange another appointment.

This is a very serious matter and you are urged to make every effort to keep this appointment.

Very truly yours,

Housing Manager

NYCHA 040.185 (Rev. 1/07) & Reverse

### NEW YORK CITY HOUSING AUTHORITY

FREDERICK DOUGLASS
_____ Houses

RETURN YOUR ANNUAL PACKET ALONG WITH
PROOF OF INCOME TO MS. RAMOS
BEFORE 05/02/07.

Date 04/17/07 _____

Tenant Account 082-011-03C _____

Annual Review Period 2007 _____

```
┌                          ┐
GERARD O'NEILL
870 COLUMBUS AVENUE #03C
NEW YORK, NEW YORK 10025

└                          ┘
```

### ANNUAL REVIEW ADDITIONAL INFORMATION REQUEST

Dear Tenant:

You recently received the Occupant's Affidavit of Income, requesting that you provide NYCHA with information to verify your family composition and income. NYCHA has not yet received this information. Verification of your family composition and income is a legal requirement. You must provide this information if you wish to continue living in public housing.

**DUE DATE: Please return all requested items to your Management office by:** 05/02/07 _____ .

> If you **FAIL** to submit these forms by the due date, NYCHA can do any of the following:
>
> - **Back-Charge Your Rent** account and charge you the amount of rent you should have paid if the papers were turned in on time (Retroactive Rent Charges)
>
> - **Start TERMINATION OF TENANCY PROCEEDINGS** to terminate your lease
>
> **If you are not able to provide the information requested or if you have questions, need additional forms or help completing these forms, call or visit your Housing Assistant.**

**The following information is needed to complete your income review:**

1.  ☑ **OCCUPANT'S AFFIDAVIT:** Completed Occupant's Affidavit of Income (all 8 pages).
2.  ☑ **CONSENT:** Third Party Verification – Consent to Release Information signed by ALL _____ & _____
3.  ☐ **BIRTH:** Copy of Birth Certificate for _____ .
4.  ☐ **CITIZENSHIP:** Enclosed Declaration of Citizenship Status for _____ .
5.  ☐ **SCHOOL:** Verification of school attendance for _____ .
6.  ☐ **DISABILITY:** Enclosed Disability Status and Notice of Reasonable Accommodation.
7.  ☐ **VACATING FAMILY MEMBER:** Proof that the following person(s) moved out of the household: _____
8.  ☐ **DEATH:** Copy of Death Certificate for _____ .
9.  ☐ **WINDOW GUARDS:** Complete enclosed Annual Window Guard Survey form.
10. ☐ **EMPLOYMENT:** Enclosed Employment form (MD34) for _____
11. ☐ **IRS TRANSCRIPT:** Enclosed form 4506T – Request for Transcript of Tax Return signed by _____ & _____
12. ☐ **UNEMPLOYMENT:** Unemployment Insurance book and cover letter from the UIB office.
13. ☐ **SS HISTORY:** Social Security Earnings History for _____ .
14. ☐ **NON-EMPLOYMENT:** Enclosed Affirmation of Non-employment for _____ .
15. ☐ **SS:** Recent Social Security Letter indicating the amount of Social Security received for _____ .
16. ☐ **SSI:** Recent Social Security Letter indicating the amount of Supplemental Security Insurance (SSI) received for
    _____ .
17. ☐ **WELFARE:** Latest Public Assistance budget printout listing all family members on the budget and amount received.
18. ☐ **MILITARY INCOME:** Summary of Military Earnings for _____ .
19. ☐ **VA:** Recent letter from the Veterans Administration indicating amount received for _____ .
20. ☐ **PENSION/RETIREMENT:** A copy of recent pension check or recent letter from union stating benefit amount received for
    _____ .
21. ☐ **DISABILITY INCOME/WORKMEN'S COMPENSATION:** Proof of income/benefit for _____ .
22. ☐ **SCHOOL AID:** Financial aid award letter indicating the amount of monies received and the cost of tuition, books and
    fees for _____ .
23. ☐ **CONTRIBUTIONS:** (Alimony/Child Support/Family Donations) Complete enclosed Contribution Form.
24. ☐ **INTEREST/ASSETS:** Proof of interest from bank accounts and other assets.
25. ☐ **PROOF OF DEDUCTIONS:** Proof of following expenses claimed as a deduction: _____ .
26. ☑ **OTHER:** PLEASE SUBMIT YOUR ANNUAL PACKET TO MS. RAMOS BEFORE 05/02/07. _____

NYCHA 040.297B (2/06)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                             08 CV 1689 (KMW)(RLE)

                Plaintiff,

      - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

---

---

### EXHIBITS "C" THROUGH "D" TO THE
### DECLARATION OF JEFFREY NIEDERHOFFER
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

GERARD O'NEILL,

                        Plaintiff,

        -against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                     Defendants.

───────────────────────────────

08 CV 1689 (KMW) (RLE)

Declaration of Jeffrey Niederhoffer in
Support of Defendants' Motion to
Dismiss the Complaint

**EXHIBITS "E"**

**EXHIBIT  E**



PUBLICLY FUNDED BY NEW YORK CITY HOUSING AUTHORITY. TEL. NO. (212) 776-5200
Civil Court of the City of New York, Housing Part _____ L & T Index No.
County of NEW YORK

NEW YORK CITY HOUSING AUTHORITY
Managed By:
DOUGLASS HOUSES

Petitioner (Landlord)

AGAINST

GERARD O'NEILL
870 COLUMBUS AVE                    APT# 03C
MANHATTAN        N.Y.  10025
Respondent (Tenant(s)

**NOTICE OF PETITION**
Non-Payment Dwelling

Petitioners Business Address:
250 Broadway
New York, N.Y. 10007

**IMPORTANT TO RESPONDENT:**
If you are a dependent upon a person in the
Military Service of the United States or
the State of New York, advise the Clerk of
the Court immediately in order to protect
your rights.

To the respondent(s) above named and described, in possession of the premises hereinafter described or claiming
possession thereof:

TAKE NOTICE that the annexed petition of The New York City Housing Authority verified the 27TH day of
SEPTEMBER 2005, prays for a final judgment of eviction, awarding to the petitioner possession of the premises
described as follows: All rooms of Apartment No. 03C, on the 3RD floor, premises located at:
870 COLUMBUS AVE                                  in the City of New York, as demanded in the petition.
County of NEW YORK

TAKE NOTICE also that demand is made in the petition for judgment against you for the sum of        **$668.17**
with interest from date said sum or part thereof became due, plus cost and disbursements therein.

TAKE NOTICE also that WITHIN FIVE DAYS after service of this Notice of Petition upon you, you must answer,
either orally before the Clerk of this Court at 111 Centre St., New York, NY 10013          in the Borough of
MANHATTAN                      City and State of New York, or in writing by serving a copy thereof
County of NEW YORK            upon the undersigned attorney for the petitioner, and by filing the original or such answer, with proof of
service thereof, in the office of the Clerk. Your answer may set forth any defense or counterclaim you may have
against the petitioner. On receipt of your answer, the Clerk will fix and give notice of the date for trial or
hearing which will be held not less than 3 nor more than 8 days thereafter, at which you must appear. If, after
the trial or hearing, judgment is rendered against you, the issuance of a warrant dispossessing you may, in
the discretion of the Court, be stayed for FIVE days from the date of such judgment.

TAKE NOTICE also that if you fail to interpose and establish any defense that you may have to the
allegations of the petition, you may have precluded from asserting such defense or the claim on which it is
based in any other proceeding or action. In the event you fail to answer and appear, final judgment by default
will be entered against you but a warrant dispossessing you will not be issued until the tenth day following
the date of the service of this Notice of Petition upon you.

TAKE NOTICE also that under Section 745 of the Real Property Actions and Proceedings Law, you may be
required by the Court to make a rent deposit or a rent payment to the petitioner, upon your second request for
an adjournment or if the proceeding is not settled or a final determination has not been made by the Court,
within 30 days of the first Court appearance. Failure to comply with an initial rent deposit or payment order
may result in the entry of a final judgment against you without a trial. Failure to make subsequent required
deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated: City of New York, County of _____
The 27TH day of SEPTEMBER 2005

CHIEF CLERK
OCT - 5 2005
NEW YORK COUNTY
CIVIL COURT

Clerk of the Civil Court of the City of New York
JACK BAER
Clerk of the Civil Court of the City of New York

Attorney for Petitioner
RICARDO ELIAS MORALES
250 Broadway
New York, N.Y. 10007
Telephone No. (212) 776-5200

## AFFIDAVIT OF SERVICE - *to be filled in on the back of the NOTICE OF PETITION*

State of New York, County of **NY**

SS.: **Margarita Nunez**
Process Server
Lic.# 1015245

**22996/05**

Being duly sworn, deposes and says that deponent is not a party to this proceeding, is a licensed process server over 18 years of age.
On **OCT 07 2005**, _____, at **10:20** A.M./P.M., at

**870 Columbus Avenue #3C NY NY 10025**

deponent served the within Petition/Notice of Petition with attachment and exhibits upon respondent(s) therein named as follows:

**Gerard O'Neill** DELIVERY

| | | |
|---|---|---|
| **1a.** **PERSONAL SERVICE** ☐ | Delivery to _____ respondent(s) therein named, by delivering a true copy thereof to said respondent(s) personally, deponent knew the person so served to be the person described as said respondent(s) therein. | |
| **1b.** **CORPORATION** ☐ | a domestic corporation, by delivering thereat a true copy thereof to _____ _____ personally, deponent knew said corporation so served to be the corporation described therein as said respondent(s) and knew said individual to be an agent thereof, authorized to accept process. | |
| **1c.** **SUBSTITUTED SERVICE** ☐ | by delivering thereat a true copy thereof personally to a person of suitable age and discretion, who was willing to recieve same and who resides at/employed at said property, having previously called there on _____ at _____ o'clock ___m, and again on _____ at _____ o'clock ___m. The person served identified him/her self as: _____. | |

DEPONENT DESCRIBES THE INDIVIDUAL ACCEPTING SERVICE AS FOLLOWS:

| GENDER | SKIN COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | Other identifying features: |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White | ☐ White | ☐ 14-20 | ☐ under 5' | ☐ under 100 | |
| ☐ Female | ☐ Black | ☐ Grey | ☐ 21-35 | ☐ 5'0"-5'3" | ☐ 100-130 | |
| ☐ Mustache] | ☐ Yellow | ☐ Black | ☐ 36-50 | ☐ 5'4"-5'8" | ☐ 131-160 | |
| ☐ Beard] | ☐ Brown | ☐ Brown | ☐ 51-65 | ☐ 5'9"-6'0" | ☐ 161-200 | |
| ☐ Eyeglasses] | ☐ Red | ☐ Blonde | ☐ over 65 | ☐ over 6' | ☐ over 200 | |
| | | ☐ Red | | | | |
| | | ☐ Bald | | | | |

| | | |
|---|---|---|
| **2.** **CONSPICUOUS PLACE SERVICE** ☑ | by affixing a true copy/copies thereof upon a conspicuous part, to-wit-the entrance door, or placing a true copy/copies under the entrance door of said property. Deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to recieve the same, having previously called there on **OCT 05 2005** at **7:42** o'clock **P** m, and again on **OCT 06 2005** at **7:02** o'clock **P** m. | |

DEPONENT DESCRIBES THE PREMISES AS FOLLOWS:

| COLOR HALLWAY WALLS: | COLOR HALLWAY FLOORS: | MATERIAL HALLWAY FLOORS: | COLOR APARTMENT DOORS: | APARTMENT DOOR HAS: | Other identifying features: |
|---|---|---|---|---|---|
| ☐ White | ☐ White | ☐ Carpet | ☐ Brown | ☑ Peephole | |
| ☑ Beige | ☐ Brown | ☑ Tile | ☐ Black | ☐ Bell | |
| ☐ Blue | ☐ Black | ☐ Marble | ☐ Red | ☐ Knocker | |
| ☐ Green | ☐ Black&White | ☐ Other | ☑ Green | ☐ Nameplate | |
| ☐ Other | ☑ Other *green* | | ☐ Blue | ☐ Apt.# | |
| | | | ☐ Other | ☐ Other | |

### MAILING

| | |
|---|---|
| ☑ **MAILING** | That on **OCT 07 2005** _____ deponent served copies of the within Petition/Notice of Petition with attachment and exhibits on respondent **Gerard O'Neill** at the property sought to be recovered by depositing true copies of the same enclosed in a post paid addressed wrapper, in the post office by certified mail and regular mail within the City of New York |

Sworn to before me on **OCT 07 2005**

Original Petition/Notice of Petition, Non-Payment of Rent (Dwelling) 1BA5032507
NYCHA 040.083D (6/99)

DARLENE BARONE
Notary Public, State of New York
No. 01BA5032507
Qualified in Nassau County
Commission Expires 08/29/**06**

*Darlene Barone*

Margarita Nunez
Process Server
Lic.# 1015245 Deponent's signature

THE PETITION OF THE NEW YORK CITY HOUSING AUTHORITY, DOUGLAS HOUSES DEVELOPMENT, ILL. NO. (212) 776-5200                                                              alleges:

1. Petitioner is a public corporation organized and existing under the laws of the State of New York, which is the owner and Landlord of the premises.

2. The premises are situated in a Federally subsidized Public Housing project and are subject to the applicable provisions of the United States Housing Act of 1937 as amended and to the Rules and Regulations of the United States Department of Housing and Urban Development which among other things, regulate the rentals to be fixed by the Landlord, and require that the tenant(s) be given notice of his/their right to an Administrative Grievance Proceeding before a non-payment Summary Proceeding may be commenced against him/them. At least 14 days prior to commencement of this proceeding, notice by properly addressed pre-paid first class mail was given to the tenant(s), which advised of his/their right to file a Grievance if he/they contested the rent demanded of him/them and (a) no Grievance Proceeding has been commenced or, (b) the tenant(s) Grievance has been dismissed.

3. Respondent(s) GERARD O'NEILL

4. Pursuant to a written rental agreement, expiring yearly on the last day of AUGUST 2006, and automatically renewable thereafter for successive terms of twelve (12) months each unless terminated by the landlord or by the Tenant(s) by giving to the other 30 days prior notice in writing. Whereby the said tenant(s) hired from the Landlord, for Dwelling Purposes, the premises from which removal is sought and which are described as follows: all rooms on the 3RD floor, apartment No. 03C at 870 COLUMBUS AVE , situated within the territorial jurisdiction of the Civil Court of the City of New York, County of NEW YORK

4. Pursuant to a written rental agreement (as amended) said Tenant(s) promised to pay to said Landlord, during the rental term, the sum of $668.00 per month, payable monthly in advance, on the first day of each month.

5. That Tenant(s) entered into possession of the premises pursuant to the rental agreement and still occupies the same.

6. That the property herein sought to be recovered is the place of residence of the tenant(s).

7. The premises are exempt from New York City Rent Control by reason of the specific statutory exemption of housing accommodations owned and operated by a public housing authority or sought to be recovered by such authority pursuant to statute or regulation under which the accommodation is administered, and not subject to the registration provisions of the Housing Maintenance Code or to the Rent Stabilization Law of 1969 (as amended) by reason of specific statutory exemptions.

8. That on the first day of JUNE 2005 to the last day of SEPTEMBER 2005 there became and still is due said Landlord by virtue of the said agreement (as amended) for regular monthly rent of the said premises and there also became due to the said Landlord the sum of $1,226.00 and is due said premises the terms of said agreement constituting a total sum of $557.83- chargeable as additional rent under the terms of said agreement personally, since same became due.

9. Said rent has been demanded of the Tenant(s) personally, since same became due.

10. Respondents have defaulted in the payments thereof and hold over and continue in possession of said premises without Landlord's permission after said default.

11. That your petitioner demands judgement against the Tenant(s) for the said rent in arrears.

WHEREFORE, your petitioner prays for a judgment awarding to the possession of said premises together with costs of these proceedings, and for a warrant to remove said Tenant(s) and Occupant(s) from the possession of said premises, and for a judgement for rent in arrears for the sum of $668.17 with interest from the date of the petition herein, together with costs and disbursements of these proceedings.

Dated: SEPTEMBER 27TH, 2005

MYRNA CASTRO
Petitioner, By:

_____
MYRNA CASTRO
Manager

NEW YORK CITY HOUSING AUTHORITY
STATE OF NEW YORK, COUNTY OF NEW YORK    SS.:

MYRNA CASTRO being duly sworn, deposes and says:

This verification is made by deponent in behalf of petitioner under CPLR Sec. 3020(d)(2) as petitioner is a governmental agency. Deponent is employed by petitioner as Housing Manager of the above-described premises, has read the petition and knows that the contents thereof are true to deponent's knowledge, except to matters therein stated to be alleged on information and belief, and as to those matters deponent believes the same to be true. The source of deponent's information and the reason for deponent's belief as to all matters in the said petition not stated upon personal knowledge are investigations which deponent caused to be made concerning the subject matter of the proceedings and information acquired by deponent in the course of deponent's duties as manager of said premises and from the records and papers of petitioner.

_____
MYRNA CASTRO
Manager

Sworn to before me this 27TH day of SEPTEMBER, 2005

VICTOR M. GONZALEZ
City of New York, 16635
Notary Public, State of New York County
Commission Expires April 30, 2007
Certificate filed in New York County

_____
VICTOR M. GONZALEZ
Manager

# CIVIL COURT OF THE CITY OF NEW YORK

County of _____

Index Number _____ 22996/08

## Housing Part

**LANDLORD/TENANT ANSWER IN PERSON**

NYCHA

Petitioner(s),

against

Gerard O'Neill

Respondent(s)

Address: 870 Columbus rd.

NY 10025    Apt. 03C

### Respondent has appeared and has orally answered the Petition as follows:

**Answer**

#### SERVICE

1. _____ The Respondent did not receive a copy of the Petition and Notice of Petition.
2. _____ The Respondent received the Petition and Notice of Petition, but service was not correct as required by law.

#### PARTIES

3. _____ The Respondent is indicated improperly, by the wrong name, or is not indicated on the Petition and Notice of Petition.
4. _____ The Petitioner is not the Landlord or Owner of the building.

#### RENT

5. _____ The Respondent was not asked, either orally or in writing, to pay the rent before the Petitioner started this proceeding.
6. _____ The Respondent tried to pay the rent, but the Petitioner refused to accept it.
7. _____ The monthly rent being requested is not the legal rent or the amount on the current lease.
8. _____ The Petitioner owes money to the Respondent because of a rent overcharge.
9. __X__ The rent, or a portion of the rent, has already been paid to the Petitioner.

#### APARTMENT

10. _____ There are conditions in the apartment which need to be repaired and/or services which the Petitioner has not provided.
11. _____ The Respondent receives Public Assistance and there are Housing Code violations in the apartment or the building.
12. _____ The apartment is an illegal apartment.

#### OTHER

13. _____ General Denial.
14. __X__ Other Answer / Disputes Amt

Dated 10/17

Clerk's Initials

## NOTICE OF SCHEDULED APPEARANCE

This case is scheduled to appear on the calendar as follows :

DATE: 10/26   TIME: 930 Am   PART: E   ROOM: 107

**YOU SHOULD ARRIVE AT THE COURTHOUSE AT LEAST ONE HALF HOUR BEFORE THE ABOVE SCHEDULED TIME, TO ALLOW TIME TO BE PROCESSED THROUGH THE METAL DETECTORS. IF A SETTLEMENT IS NOT REACHED ON THE ABOVE SCHEDULED DATE THE CASE MAY BE SENT TO A TRIAL-READY PART FOR A TRIAL. IF YOU WILL NOT BE READY FOR TRIAL ON THE ABOVE SCHEDULED DATE, YOU MUST ASK THE COURT FOR ANOTHER TRIAL DATE. IF THE COURT DOES NOT ACCEPT YOUR REASON FOR NOT BEING READY FOR TRIAL, AND YOUR REQUEST FOR ANOTHER TRIAL DATE IS DENIED, YOU MAY BE REQUIRED TO PROCEED TO TRIAL IMMEDIATELY.**

**THE CLERK CANNOT CHANGE THE SCHEDULED DATE OR TIME. YOU MUST APPEAR AND BRING THIS FORM WITH YOU.**

CIV-LT-91 (Revised, June, 1999)

THE COURT
ounty of _____ *NY* _____ Part _____ *E* _____                    Index Number _____ *22996/05*

**NYCHA** / *Douglass Houses*                    DECISION AND JUDGMENT
                    Petitioner(s)
                                        · NON-PAYMENT ·        *Seq #1*

vs
*Gerard O'Neill*
                    Respondent(s)

_____

**Judgment is ordered** in favor of petitioner(s): 1. *NYCHA / Douglass House*
_____                  3. _____

nd against named respondent(s):                  Based on: Default Stip. Trial Inq. F. Ans. Money(Y/N)
: _____ *Gerard O'Neill* _____                   ✓                                          *Y*
: _____                ___ ___ ___ ___ ___ ___
:· _____               ___ ___ ___ ___ ___ ___

nd the following added respondents(s):
:· _____
·: _____

**The clerk is directed** to enter a judgment of possession in favor of petitioner(s) and against respondent(s)

**A counterclaim** was interposed and the court determines that: (The amount due respondent(s) is
$ _____, and the clerk is directed to enter judgment in favor of respondent(s) for that amount) (offset that
amount from the amount due to the petitioner(s)) (The counterclaim is dismissed (with) (without) prejudice.)

**The court** determines that the amount now due to the petitioner(s) through _____ *9/30/05* is a total of
$ _____ *668.17*, and

**The clerk is directed** to enter a money judgment in favor of petitioner(s) and against respondent(s) in
the amount of $ _____ *668.17*, together with costs and disbursements totaling $ _____ *0* _____ for a total
due to petitioner(s) of $ _____ *668.17* .

**Warrant to issue** (forthwith) _____ (Execution (forthwith) ( stayed to _____ *5 days* )

**As to the respondents below,** the petition is        Disc.   Severed   Dism WPrej.   Dism./WO Prej.
1. _____                      ___     ___       ___            ___
2. _____                      ___     ___       ___            ___

_____ OCT 2 6 2005 _____                         
Date                                             **KEVIN C. McCLANAHAN**
                                                 **JUDGE, HOUSING COURT**
                                                                Judge Civil Housing Court
==================================================
                    **ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on    OCT 2 6 2005        *Jack Baer*

                                                    OCT 2 6 2005
CIV-LT-52 (September, 2005)    Warrant issued to Marshal _____ *D1a68/888* _____ On  MAR 2 2 2006    Chief Clerk, Civil Court

#39  11 am

Index Number   L&T 22996   Year 20 06

# CIVIL COURT OF THE CITY OF NEW YORK

## COUNTY OF New York

### HOUSING COURT PART E

HON. Cohen

NEW YORK CITY HOUSING AUTHORITY,
NYCHA Donalds Hses

                                    Petitioner
            against

Name   Gerald O'neil
Address & Apt.   870 Columbus Avenue #3c
Borough & Project   New York 10025    Respondent

Dated: 5/9   20 06

Motion granted as follows:

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS PROCEEDING:

1. Petition is hereby amended to include all rents due and owing to date _____ in the sum of $ _____ 2. Final Judgment in favor of Petitioner for possession and for the sum of $ Execution of the Warrant is stayed pursuant to the following schedule: Tenant-Respondent is to pay to Petitioner the sum of $ 1,765.69 on or before 5/23/06

2. Breakdown: bal 8/05 $1.69, 9/05-5/06 @ $196, Legal fee waived

3. Upon payment of all arrears Resp. will pursue Rent grievance at the management office Sino Key. Disputes monthly rent.

4. Both sides resure all rights, claims + defense to this + any other proceeding that is pursued by either party

5. Pet consents to 1 OSC upon good cause shown

Upon default in any payment, stay is vacated and warrant to issue forthwith. execute forthwith

_____ O'neil
Respondent WHO UNDERSTOOD
AND CONSENTED TO IT

SO ORDERED: _____    SO ORDERED

DAVID B COHEN
JUDGE, HOUSING COURT

RICARDO ELIAS MORALES

By: _____
Attorney for Petitioner

# Civil Court of the City of New York

72 - B1A

COUNTY OF ___ NY ___

Housing Part

NYCHA

*Petitioner,*

*against*

Gerard O'Neill

*Respondent*

[PLEASE PRESS HARD]

Index No. LT 22996/05

**AFFIDAVIT IN SUPPORT OF**
**AN ORDER TO SHOW CAUSE TO VACATE A JUDGMENT**
Based Upon a) Failure To Appear  b) Failure to Comply
**and**
**TO RESTORE TO THE CALENDAR**

Address: ↳ GERARD O'NEILL
870 Columbus Ave ___ Apt. 3C

State of New York, County of ___ NY ___ ss.:

↳ GERARD O'NEILL
(Print Your Name)
, being duly sworn, deposes and says:

**Tenant's Initials**

**1.**
**PARTY**

↳GO a) I am the tenant named as respondent in the above summary proceeding.

___ b) I am the person claiming possession to these premises and am the ___
of the tenant named above.

**2.**
**SERVICE
and ANSWER**

GO I received the Notice of Petition and Petition in this proceeding, filed my answer in the Clerk's Office and received a date for trial.

___ I received a Holdover Notice of Petition and Petition and the date had already passed.

**3.**
**EXCUSE**

On the Date of Trial before Judge DBC  5-9-06  GREY

___ a) a Judgment was entered against me by default for my *failure to appear*. My reason for not appearing in Court on the date scheduled for (Trial) (Motion) is: MONEY ILLEGALLY taken from

GO My bank Account

b) a Judgment was entered (after trial) (after stipulation) but (I) (the Landlord) *failed to comply* with the Order of the Court because: ↳ MONEY ILLEGALLY TAKEN FROM MY BANK ACCOUNT

**4.**
**DEFENSE**

I allege that I have a good defense because:

___ I was improperly served.
___ the amount being claimed is incorrect.
___ there is credit due for rent overcharge.
___ the rent has been offered and refused.
___ there are conditions in the apartment which need repair, or services which have not been provided.

___ petitioner is not the owner.
___ no rent was demanded.
___ the rent has been partially/fully paid.*
___ I have been harassed.

GO *Explain rent payments, if any, or other defense: ↳ Paid $1300.00

I RESPECTFULLY REQUEST UNTIL JULY 15, 2006.
to complete the OBLIGATION - June rent paid.

**5.**
**REQUEST**

↳GO I request that the Judgment be vacated, that the case be restored to the calendar and that I be granted permission to serve these papers in person.

**6.**
**PRIOR
ORDER**

↳GO a) I have not had a previous Order to Show Cause regarding this index number.

___ b) I have had a previous Order to Show Cause regarding this index number but I am making this further application because: ↳ UNDER DOCTOR'S CARE; UPPER RESPIRATORY VIRAL INFECTION

-2-06  OSCD NAM

Sworn to before me this 9 day of June , 20 06

Sec Cn Asst
Signature of Court Employee and Title

Gerard O'Neill
Signature of Respondent

↳ Gerard O'Neill

CIV-LT-11 (Replaces CIV-LT-11B) (Revised, March, 2000)

************ Case 1:08cv-01680-KMW - Document 3 - Filed 01/15/2009 - Page 11 of 14 ************

CIVIL COURT OF THE CITY OF NEW YORK
    COUNTY OF NEW YORK
    HOUSING PART E, RM. 107
    JUNE 20, 2006

INDEX NO. 022996/2005
MOTION SEQUENCE NO.: 004

------------------------------------------
NYCHA-DOUGLASS        HOUSES
                        PETITIONER(S),

            AGAINST

O'NEILL            GERARD
                    RESPONDENT(S)
------------------------------------------

DECISION/ORDER

PRESENT:

KEVIN C. MCCLANAHAN
    JUDGE

    RECITATION, AS REQUIRED BY CPLR 2219(A), OF THE PAPERS CONSIDERED IN THE
REVIEW OF THIS OSC TO VACATE DEFAULT JUDGMENT/RESTORE TO THE CALENDAR

                        PAPERS                          NUMBERED

        NOTICE OF MOTION AND AFFIDAVITS ANNEXED........   |  _____
        ORDER TO SHOW CAUSE AND AFFIDAVITS ANNEXED....   |  _____
        ANSWERING AFFIDAVITS.........................   |  _____
        REPLYING AFFIDAVITS..........................   |  _____
        EXHIBITS.....................................   |  _____
        STIPULATIONS.................................   |  _____
        OTHER_____   |  _____
        _____   |  _____

    UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS MOTION IS
AS FOLLOWS:

OSC granted per stip

6-20-06
DATE

JUDGE, CIVIL/HOUSING COURT

ADJOURNMENTS

GENERATED: 06/09/2006 @ 14:10:47     CIV-LT-85 (7/99) (REPLACES 43-2030)

NYCHA 150.008 (Rev. 8/87)

#50

Index Number   L&T 22896   Year 20 05

# CIVIL COURT OF THE CITY OF NEW YORK

### COUNTY OF ___NY___

### HOUSING COURT PART ___E___

HON. ___Cohen___

**NEW YORK CITY HOUSING AUTHORITY,**

*against*                          Petitioner

Name ___Gerard O'Neill___
Address & Apt. ___870 Columbus Ave-3C___
Borough & Project ___New York, NY 10025___
Douglas                          Respondent

Dated: ___June 20___ 20 06

Respondent's motion is granted as follows:

① Prior Final J/m & warrant remain in effect.

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS PROCEEDING:

~~1. Petition is hereby amended to include all rents due and owing to date~~ 6/30/06 in the sum of $ 465.63 ~~2. Final Judgment in favor of Petitioner for possession and for the sum of~~

② ~~EXECUTION~~ of Warrant is stayed pursuant to the following schedule: Tenant-Respondent is to pay to Petitioner the sum of $ 465.63 on or before 7/15/06

③ All monies received will first be applied to current rent.

④ Breakdown: 4/06 = $73.63 + 5/06-6/06 (2 months) @ $196.00 = Total $465.63

⑤ Legal fees waived

⑥ Petitioner does not agree to any further O/S/Cs (4 O/S/Cs thus far.)

Room 225A

Upon default in any payment, stay is vacated and warrant to ~~issue~~ execution forthwith.

___Gerard O'Neill___
*Respondent*

SO ORDERED: ___D C___

___Glenn Roethem___

RICARDO ELIAS MORALES
By: _____
*Attorney for Petitioner*

E. 150 B COHEN
JUDGE, HOUSING COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                         08 CV 1689 (KMW)(RLE)

                    Plaintiff,

        - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                    Defendants.

---

---

**EXHIBITS "E" TO THE
DECLARATION OF JEFFREY NIEDERHOFFER
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――

GERARD O'NEILL,

                          Plaintiff,

        -against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                      Defendants.

――――――――――――――――――――

08 CV 1689 (KMW) (RLE)

Declaration of Jeffrey Niederhoffer in
Support of Defendants' Motion to
Dismiss the Complaint

**EXHIBITS "F"**

**EXHIBIT   F**

PUBLICLY FUNDED BY NEW YORK CITY HOUSING AUTHORITY. TEL. (212) 776-5200
Civil Court of the City of New York, Housing Part
County of NEW YORK

L & T Index No.

NEW YORK CITY HOUSING AUTHORITY

Managed By:
DOUGLASS HOUSES

Petitioner (Landlord)

AGAINST

GERARD O'NEILL

870 COLUMBUS AVE          N.Y. 10025          APT# 03C
MANHATTAN

Respondent (Tenant(s)

NOTICE OF PETITION
Non-Payment Dwelling

Petitioners Business Address:
250 Broadway
New York, N.Y. 10007

**IMPORTANT TO RESPONDENT:**
If you are dependent upon a person in the
Military Service of the United States or
the State of New York, advise the Clerk of
the Court immediately in order to protect
your rights.

To the respondent(s) above named and described, in possession of the premises hereinafter described or claiming possession thereof:

PLEASE TAKE NOTICE that the annexed petition of The New York City Housing Authority verified the **31ST** day of **OCTOBER** 2006, prays for a final judgment of eviction, awarding to the petitioner possession of the premises described as follows: All rooms of Apartment No. 03C, on the 3RD floor, premises located at:
**870 COLUMBUS AVE** County of NEW YORK, as demanded in the petition.

TAKE NOTICE also that demand is made in the petition for judgment against you for the sum of          **$506.36**
with interest from date said sum or part thereof became due, plus cost and disbursements therein.

TAKE NOTICE also that WITHIN FIVE DAYS after service of this Notice of Petition upon you, you must answer, either orally before the Clerk of this Court at 111 Centre St., New York, NY 10013          in the Borough of
MANHATTAN          County of NEW YORK          City and State of New York, or in writing by serving a copy thereof upon the undersigned attorney for the petitioner, and by filing the original of such answer, with proof of service thereof, in the office of the Clerk. Your answer may set forth any defense or counterclaim you may have against the petitioner. On receipt of your answer, the Clerk will fix and give notice of the date for trial or hearing which will be held not less than 3 nor more than 8 days thereafter, at which you must appear. If, after the trial or hearing, judgment is rendered against you, the issuance of a warrant dispossessing you may, in the discretion of the Court, be stayed for FIVE days from the date of such judgment.

TAKE NOTICE also that if you fail to interpose any defense that you may have to the allegations of the petition, you may have precluded from asserting such defense or the claim on which it is based in any other proceeding or action. In the event you fail to answer and appear, final judgment by default will be entered against you but a warrant dispossessing you will not be issued until the tenth day following the date of the service of this Notice of Petition upon you.

TAKE NOTICE that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a rent deposit, or a rent payment to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first Court appearance. Failure to comply with an initial rent deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated: City of New York, County of NEW YORK
The 31ST day of OCTOBER 2006

Clerk of the Civil Court of the City of New York
JACK BAER

Attorney for Petitioner
RICARDO ELIAS MORALES
250 Broadway
New York, N.Y. 10007
Telephone No. (212) 776-5200

Jack Baer
CHIEF CLERK
NOV 2 9 2006
NEW YORK COUNTY
CIVIL COURT

<u>AFFIDAVIT OF SERVICE - *to be filled in on the back of the NOTICE OF PETITION*</u>

State of New York, County of *N.y*

SS.: *Margarita Nunez* *25727/06*

Being duly sworn, deposes and says that deponent is not a party to this proceeding, is a licensed process server over 18 years of age.

On *Dec 6* *2006* at *12:08* A.M. (P.M.) at

*870 Columbus Av #3C N.y N.y 10025*

deponent served the within Petition/Notice of Petition with attachment and exhibits upon respondent(s) therein named as follows:

*Gerard O'Neill*

DELIVERY

| | | |
|---|---|---|
| **1a.** <br> **PERSONAL SERVICE** | ☐ | Delivery to _____ respondent(s) therein named, by delivering a true copy thereof to said respondent(s) personally, deponent knew the person so served to be the person described as said respondent(s) therein. |
| **1b.** <br> **CORPORATION** | ☐ | a domestic corporation, by delivering thereat a true copy thereof to _____ _____ personally, deponent knew said corporation so served to be the corporation described therein as said respondent(s) and knew said individual to be an agent thereof, authorized to accept process. |
| **1c.** <br> **SUBSTITUTED SERVICE** | ☐ | by delivering thereat a true copy thereof personally to a person of suitable age and discretion, who was willing to recieve same and who resides at/employed at said property, having previously called there on _____ at _____ o'clock ___m, and again on _____ at _____ o'clock _____m. <br> The person served identified him/her self as: _____ |

DEPONENT DESCRIBES THE INDIVIDUAL ACCEPTING SERVICE AS FOLLOWS:

| GENDER | SKIN COLOR | HAIR COLOR | AGE | HEIGHT | WEIGHT | Other identifying features: |
|---|---|---|---|---|---|---|
| ☒ Male <br> ☒ Female <br><br> [☒Mustache] <br> [☒Beard] <br> [☒Eyeglasses] | ☐White <br> ☐Black <br> ☐Yellow <br> ☒Brown <br> ☒Red | ☐White <br> ☐Grey <br> ☐Black <br> ☐Brown <br> ☐Blonde <br> ☐Red <br> ☐Bald | ☐14-20 <br> ☐21-35 <br> ☐36-50 <br> ☐51-65 <br> ☐over 65 | ☐under 5' <br> ☐5'0"-5'3" <br> ☐5'4"-5'8" <br> ☐5'9"-6'0" <br> ☐over 6' | ☐under 100 <br> ☐100-130 <br> ☐131-160 <br> ☐161-200 <br> ☐over 200 | |

| | | |
|---|---|---|
| **2.** <br> **CONSPICUOUS PLACE SERVICE** | ☒ | by affixing a true copy/copies thereof upon a conspicuous part, to-wit: the entrance door, or placing a true copy/copies under the entrance door of said property. Deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to recieve the same, having previously called there on *Dec 5 2006* at *6:06* o'clock *A* m, and again on *Dec 6 2006* at *9:10* o'clock *A* m. |

DEPONENT DESCRIBES THE PREMISES AS FOLLOWS:

| COLOR HALLWAY WALLS: | COLOR HALLWAY FLOORS: | MATERIAL HALLWAY FLOORS: | COLOR APARTMENT DOORS: | APARTMENT DOOR HAS: | Other identifying features: |
|---|---|---|---|---|---|
| ☐White <br> ☒Beige <br> ☐Blue <br> ☐Green <br> ☐Other ____ | ☐White <br> ☐Brown <br> ☐Black <br> ☐Black&White <br> ☒Other *Green* | ☐Carpet <br> ☒Tile <br> ☐Marble <br> ☐Other ____ | ☐Brown <br> ☐Black <br> ☐Red <br> ☒Green <br> ☐Blue <br> ☐Other ____ | ☒Peephole <br> ☒Bell <br> ☐Knocker <br> ☐Nameplate <br> ☐Apt.# ____ <br> ☐Other ____ | |

## MAILING

| | | |
|---|---|---|
| **MAILING** | ☒ | That on *Dec 7* *2006* deponent served copies of the within Petition/Notice of Petition with attachment and exhibits on respondent *Gerard O'Neill* at the property sought to be recovered by depositing true copies of the same enclosed in a post paid addressed wrapper, in the post office by certified mail and regular mail within the City of New York |

Sworn to before me on: *7th Day of Dec.*

MARIAN GARCIA <br> Notary Public, State of NY <br> No. 01OL5055672 <br> Qualified in New York County <br> Commission Expires 07/28/20_0 <br> M. Garcia



*Margarita Nuñez*

Deponent's Signature

Original Petition/Notice of Petition, Non-Payment of Rent (Dwelling) <br> NYCHA 040.083D (6/99)



PUBLICLY FUNDED BY NEW YORK CITY HOUSING AUTHORITY. TEL. NO. (212) 776-5200

THE PETITION OF THE NEW YORK CITY HOUSING AUTHORITY. DOUGLASS HOUSES                                          alleges:

1. Petitioner is a public corporation organized and existing under the laws of the State of New York, which is the owner and Landlord of the premises.

2. The premises are situated in a Federally subsidized Public Housing project and are subject to the applicable provisions of the United States Housing Act of 1937 as amended and to the Rules and Regulations of the United States Department of Housing and Urban Development which among other things, regulate the rentals to be fixed by the Landlord, and require that the tenant(s) be given notice of his/their right to an Administrative Grievance Proceeding before a non-payment Summary Proceeding may be commenced against him/them. At least 14 days prior to commencement of this proceeding, notice by properly addressed pre-paid first class mail was given to the tenant(s), which advised of his/their right to file a Grievance if he/they contested the rent demanded of him/them and (a) no Grievance Proceeding has been commenced or, (b) the tenant(s) Grievance has been dismissed.

3. Respondent(s) GERARD O'NEILL                                          are the Tenant(s) in possession of the premises pursuant to a written rental agreement, (as amended), said Tenant(s) promised to pay to said Landlord, during the rental term, the sum of $196.00 per month, payable monthly in advance, on the first day of each month.

4. Pursuant to said rental agreement, (as amended), said Tenant(s) promised to pay to said Landlord, during the rental term, the sum of $196.00 per month, payable monthly in advance, on the first day of each month.

5. That Tenant(s) entered into possession of the premises pursuant to the rental agreement and still occupies the same.

6. That the property herein sought to be recovered is the place of residence of the Tenant(s) situated within the territorial jurisdiction of the Civil Court of the City of New York, County of NEW YORK

7. The premises are exempt from New York City Rent Control by reason of the specific statutory exemption of housing accommodations owned and operated by a public housing authority on sought to be recovered by such authority pursuant to statute or regulation under which the accommodation is administered and not subject to the registration provisions of the Housing Maintenance Code or to the Rent Stabilization Law of 1969 (as amended) by reason of specific statutory exemptions.

8. That on the first day of AUGUST 2006 to the last day of OCTOBER 2006 there became and still is due said Landlord by virtue of the said agreement (as amended) the sum of $506.36 for regular monthly rent of the said premises, and there also became due to said Landlord the sum of $.00 chargeable as additional rent under the terms of said agreement, constituting a total sum of $506.36 with interest from the date of

9. Said rent has been demanded from the Tenant(s) personally, since same became due.

10. Respondents have defaulted in the payments thereof and hold over and continue in possession of said premises without Landlord's permission after said default.

11. That your petitioner demands judgement against the Tenant(s) for the said rent in arrears.

WHEREFORE, your petitioner prays for a judgment awarding to the Landlord the possession of said premises together with costs of these proceedings, and for a Warrant to remove said Tenant(s) and Occupant(s) from the possession of said premises, and for a Judgement for rent in arrears for the sum of $506.36 together with costs and disbursements of these proceedings.

Dated: OCTOBER 31ST, 2006

NEW YORK CITY HOUSING AUTHORITY, Petitioner,
By:
                                                                                    Manager
                                                         KATHY RANDOLPH
                                              Housing Manager

STATE OF NEW YORK, COUNTY OF NEW YORK

MYRNA CASTRO                                          being duly sworn, deposes and says:
This verification is made by deponent in behalf of petitioner under CPLR Sec. 3020(d)(2) as petitioner is a governmental agency. Deponent is employed by petitioner as Housing Manager of the above-described premises, has read the petition and knows that the contents thereof are true to deponent's knowledge, except to matters therein stated to be alleged on information and belief and as to those matters deponent believes the same to be true. The source of deponent's information and the grounds of deponent's belief as to all matters in the said petition not stated upon personal knowledge are the communications, papers, records and proceedings in the subject matter of this proceeding and information derived therefrom, caused to be made concerning the subject premises and from the records and in the course of deponent's duties as manager of said premises.

Sworn to before me on OCTOBER 31ST
                                                                                    MYRNA CASTRO
                                                                                    Manager

Notary Public / Commissioner of Deeds

2006 NOV 29
CIVIL COURT CITY OF NEW YORK County, Number 212554
CT... HOUSING

Certificate Filed in New York County
Commission Expires: 11/10

**Civil Court of the City of New York**

County of NEW YORK

NYCHA
~~GERARD O'NEILL~~
                                    Plaintiff(s)

against

~~NYCHA~~
GERARD O'NEILL
                                    Defendant(s)

Index Number 267*27-06*

**ANSWER IN PERSON**
**AND**
**VERIFICATION**

Defendant is advised to mail a copy of this Answer to:

~~GENERAL COUNSEL~~ (Attorney for) the Plaintiff
~~NEW YORK CITY HOUSING AUTHORITY~~
~~250 BROADWAY 9th FLR.~~
~~NEW YORK, NEW YORK 10007~~

**ANSWER IN PERSON**

I GERARD O'NEILL _____, am the Defendant
in this action. As my answer to the allegation(s) made in the Complaint, I offer the following:

☐ General Denial

☑ CASE IS IN FEDERAL COURT, 500 PEARL ST
JUDGE WOOD; DOCKET NUMBER 06 CV 14377, REQUESTING
INJUNCTIVE RELIEF until Matter in federal court is
resolved

Counterclaim: $ _____    Reason: _____

12/27/06
Date

212.665.998?
Defendant's Telephone No.

Gerard O'Neill
Signature of Defendant in Person

870 Columbus Ave #3C
Defendant's Address

NY, NY 10025
City, State, Zip Code

**VERIFICATION**

State of New York, County of ___ NY ___ ss:

X GERARD O'NEILL _____, being duly sworn, deposes and says:
I am the Defendant in this proceeding. I have read the Answer in Person and know the contents thereof
to be true to my own knowledge, except as to those matters stated on information and belief, and as to those
matters I believe them to be true.

X Gerard O'Neill
Defendant

Sworn to before me this

27 day of Dec , 20 06

_____ Asst.
Notary Public / Court Employee and Title

| For Court Use Only |
|---|
| Initial Calendar Date: _____ |
| Both Sides Notified: _____ |

CIV-GP-58 (Revised, March, 2000) (3 ply)

**CIVIL COURT OF THE COURT OF NEW YORK**

County of _____ Part **E**

Index Number *2 5727/06*

NYCHA / Douglas Houses

Petitioner(s)

DECISION AND JUDGMENT

<u>NON-PAYMENT</u>

vs

Gerard O'Neill

Respondent(s)

_____

**Judgment is ordered** in favor of petitioner(s): 1. _NYCHA / Douglas Houses_

2._____ 3._____

and against named respondent(s): _Gerard O'Neill_  Based on: Default Stip. Trial Inq: F. Ans. Money(Y/N)

1:_____ ___ ___ ___ ___ ___

2:_____ ___ ___ ___ ___ ___

3:_____ ___ ___ ___ ___ ___

and the following added respondents(s):

1:_____ ___ ___ ___ ___ ___

2:_____ ___ ___ ___ ___ ___

**The clerk is directed** to enter a judgment of possession in favor of petitioner(s) and against respondent(s)

**A counterclaim** was interposed and the court determines that: (The amount due respondent(s) is $ _____ , and the clerk is directed to (enter judgment in favor of respondent(s) for that amount) (offset that amount from the amount due to the petitioner(s)) (The counterclaim is dismissed (with) (without) prejudice.)

**The court** determines that the amount now due to the petitioner(s) through _10/31/06_ is a total of $ _506 36_ , and

**The clerk is directed** to enter a money judgment in favor of petitioner(s) and against respondent(s) in the amount of $ _506 36_ , together with costs and disbursements totaling $ _0_ for a total due to petitioner(s) of $ _506 36_ .

**Warrant to issue** (forthwith) ( _____ ) Execution (forthwith) ( stayed to _5 days_ )

**As to the respondents below,** the petition is       Disc.   Severed   Dism/ WPrej.  Dism./WO Prej.

1. _____ ___ ___ ___ ___

2. _____ ___ ___ ___ ___

**JAN 0 5 2007**

_____ HON. LOUIS VILLELLA _____
Date                          Judge Civil/ Housing Court

==================================================

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on    **JAN 0 5 2007**

Chief Clerk, Civil Court

CIV-LT-52 (September, 2005)   Warrant issued to Marshal _____ On _____

Index Number L&T 025727 Year 20 06

# CIVIL COURT OF THE CITY OF NEW YORK

## COUNTY OF New York

### HOUSING COURT PART E

NEW YORK CITY HOUSING AUTHORITY

NYCHA Douglass

against                                    Petitioner

HON. Villella

Dated: 3/16/ 20 07

Name Gerard O'Neill

Address & Apt. 870 Columbus Ave, #3C

Borough & Project Manhattan, Douglas    Respondent

Respondent's OSC is granted to the following extent:

Prior Final Judgment is vacated.

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS PROCEEDING:

1. Petition is hereby amended to include all rents due and owing to date 3/31/07 in the sum of $ 1,180.11      2. Final Judgment in favor of Petitioner for possession and for the sum of $ 1,180.11     3. Warrant is to issue forthwith, execution stayed for stayed pursuant to the following schedule. Tenant-Respondent is to pay to Petitioner the sum of $ 1,180.11 on or before 4/16/07

4 - Breakdown as follows: 9/06 @ balance $4.11, 10/06 through 3/07 @ $196.00 (x 6 mo.s)

5 - Payments made applied to current rent first.

6. Legal fees waived.

7. Respondent has been provided a breakdown which shows last zero balance: September of '05.

Repairs
1) Check hot water.

3/22/07
Workers to arrive by noon.

plott 212-665-9989   execute

Upon default in any payment, stay is vacated and warrant to issue forthwith.

Gerard O'Neill
Respondent

SO ORDERED: LOUISA
JUDGE HOUSING COURT

M. Maraney
HA

RICARDO ELIAS MORALES

By: Raquel Muniz
Attorney for Petitioner

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK    PART    E
DECISION AND JUDGMENT

INDEX # 025727/2006
JUDGMENT SEQ # 002

NYCHA-DOUGALSS HOUSE,

Petitioner(s)

AGAINST
O'NEILL, GERARD

Respondent(s)

**Decision and judgment is** rendered based upon
a stipulation entered into by the parties as follows:
Judgment of possession is granted in favor of:
NYCHA-DOUGALSS HOUSE,
and against
O'NEILL, GERARD
A counterclaim is granted in favor of the respondent in the amount of    $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of    $0.00 in favor of:
NYCHA-DOUGALSS HOUSE,
and against
O'NEILL, GERARD

for a total amount of    $1180.11

(Monthly use and occupancy is set at    $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue forthwith          Execution _____

MAR 1 6 2007

Date _____          _____
HON. LOUIS VILLELLA
Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied.  Failure to do so subjects the judgment creditor to penalties.
==================================================================

**ENTRY OF JUDGMENT**
MAR 1 6 2007

Judgment entered in accordance with the above on _____

_____
Chief Clerk, Civil Court

Warrant issued to Marshal _____    On _____

CIV-LT-50(2006)

Page 1 of 1

(4/27)    (5/1)

5/1/07 - stp of 3/16/07 vacated
on consent. Matter adjourned
to 5/29/07 at 9:30 a.m for
resp to bring receipts back to
2001 & pet to bring zero balance
ledger showing all credits and charges
back to 2001.

5/1/07

HON. MICHELLE D. SCHREIBER

Index Number  L&T _25 727_    Year 20 _06_

# CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF _NY_

HOUSING COURT PART _E_

NEW YORK CITY HOUSING AUTHORITY,

_DOUGLAS_

against                    Petitioner

HON. _SCHREIBER_

Name _GERARD O'NEILL_

Address & Apt. _870 COLUMBUS AVE #3-C_

Borough & Development _NY, NY_    Respondent

Dated: _7/8/31_    20 _07_

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES TO THIS PROCEEDING:

1. Petition is hereby amended to include all rents due and owing to date _7/31/07_ in the sum of $ _768.11_    2. Final Judgment in favor of Petitioner for possession and for the sum of $ _588.00_    3. Warrant is stayed pursuant to the following schedule: Tenant-Respondent is to pay to Petitioner the sum of $ _588.00_ on or before _8/31/07_

& NYCHA WILL CREDIT THE ACCOUNT IN THE SUM OF J180.11 (REPRESENTING LEGAL FEES CHARGED PREVIOUSLY & PAID BY RESPONDENT)

LEGA CURRENT LEGAL FEES OF $37.50 ARE WAIVED JUDGMENT REPRESEND 5/07 - 7/07 @ J196.00 PER MO

ALL PAYMENTS TO BE APPLIED TO CURRENT RENT FIRST

THIS AGREEMENT IS WITHOUT PREJUDICE TO CLAIMS AND OR DEFENSES IN FEDERAL COURT

Upon default in any payment, stay is vacated and warrant to issue forthwith.

Room 225-0

X _Gerard O'Neill_
Respondent

RICARDO ELIAS MORALES

SO ORDERED: HON. MICHELLE D. SCHREIBER

By: _____
Attorney for Petitioner

HON. MICHELLE D. SCHREIBER

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK    PART    E
DECISION AND JUDGMENT

INDEX # 025727/2006
JUDGMENT SEQ # 003

NYCHA-DOUGALSS HOUSE,

Petitioner(s)

AGAINST
O'NEILL, GERARD

Respondent(s)

**Decision and judgment is** rendered based upon
a stipulation entered into by the parties as follows:
Judgment of possession is granted in favor of:
NYCHA-DOUGALSS HOUSE,
and against
O'NEILL, GERARD
A counterclaim is granted in favor of the respondent in the amount of    $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of    $0.00 in favor of:
NYCHA-DOUGALSS HOUSE,
and against
O'NEILL, GERARD

for a total amount of    $588.00

(Monthly use and occupancy is set at    $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue as per stip/order    Execution_____

Date    JUL 3 1 2007

MICHELLE D. SCHREIBER
HOUSING PART
Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.
==================================================================

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on _____ JUL 3 1 2007

Chief Clerk, Civil Court

Warrant issued to Marshal _____    On _____

CIV-LT-50(2006)

Page 1 of 1

# Civil Court of the City of New York

COUNTY OF _____ NY _____

Housing Part

Index No. LT _____ 25727/06

Mycha-Douglas House

_against_                                    **Petitioner,**

O'neill                                    **Respondent**

**AFFIDAVIT IN SUPPORT OF
AN ORDER TO SHOW CAUSE TO VACATE A JUDGMENT**
Based Upon a) Failure To Appear  b) Failure to Comply
and
**TO RESTORE TO THE CALENDAR**

Address: X 870 COLUMBUS Ave
NY, NY                           Apt #3C

[PLEASE PRESS HARD]

State of New York, County of _____ NY _____ ss.:

_____ GERARD O'NEILL _____, being duly sworn, deposes and says:
(Print Your Name)

**Tenant's Initials**

| | | |
|---|---|---|
| **1.** **PARTY** | GO | a) I am the tenant named as respondent in the above summary proceeding. |
| | | b) I am the person claiming possession to these premises and am the _____ of the tenant named above. |

| | | |
|---|---|---|
| **2.** **SERVICE and ANSWER** | GO | I received the Notice of Petition and Petition in this proceeding, filed my answer in the Clerk's Office and received a date for trial. |
| | | I received a Holdover Notice of Petition and Petition and the date had already passed. |

**3. EXCUSE**  GO  a) On the Date of Trial before Judge MSC 09-05-07 DMary a Judgment was entered against me by default for my _failure to appear_. My reason for not appearing in Court on the date scheduled for **(Trial) (Motion)** is: X I confused dates; thought 9/5 was 15 on Thursday _____ .

_____ b) a Judgment was entered **(after trial) (after stipulation)** but **(I) (the Landlord)** _failed to comply_ with the Order of the Court because: _____

**4. DEFENSE**  I allege that I have a good defense because:

_____ I was improperly served.                    _____ petitioner is not the owner.
_____ the amount being claimed is incorrect.       _____ no rent was demanded.
_____ there is credit due for rent overcharge.     _____ the rent has been partially/fully paid.*
_____ the rent has been offered and refused.       _____ I have been harassed.
_____ there are conditions in the apartment which need repair, or services which have not been provided.

*Explain rent payments, if any, or other defense: X rent money is secure and the amount needs readjustment _____

**5. REQUEST**  GO  I request that the Judgment be vacated, that the case be restored to the calendar and that I be granted permission to serve these papers in person.

**6. PRIOR ORDER**  _____ a) I have not had a previous Order to Show Cause regarding this index number.
GO b) I have had a previous Order to Show Cause regarding this index number but I am making this further application because: _____

Sworn to before me this 5th day of September, 2007

_____ SCC.
Signature of Court Employee and Title

Gerard O'Neill
Signature of Respondent

CIV-LT-11 (Replaces CIV-LT-11B) (Revised, March, 2000)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK                          INDEX NO. 032737/2006
HOUSING PART E, RM. 107                     MOTION SEQUENCE NO. 005
SEPTEMBER 18, 2007

---

NYCHA-DOUGLASS HOUSE                        DECISION/ORDER
                    PETITIONER(S),
       AGAINST                              PRESENT:

O'NEILL                                     MICHELLE D. SCHREIBER
                    RESPONDENT(S)                  JUDGE

---

RECITATION, AS REQUIRED BY CPLR 2219(a), OF THE PAPERS CONSIDERED IN THE
REVIEW OF THIS OSC TO VACATE DEFAULT JUDGMENT/RESTORE TO THE CALENDAR

| PAPERS | NUMBERED |
|---|---|
| NOTICE OF MOTION AND AFFIDAVITS ANNEXED....... | |
| ORDER TO SHOW CAUSE AND AFFIDAVITS ANNEXED.... | |
| ANSWERING AFFIDAVITS......................... | |
| REPLYING AFFIDAVITS.......................... | |
| EXHIBITS..................................... | |
| STIPULATIONS................................. | |
| OTHER........................................ | |

UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS MOTION IS
AS FOLLOWS:

11:00 AM. M/D/N Atty   All stays vacated

Motion denied as movant failed to
establish any basis to vacate the
stipulation of 7/31/07. To the extent
resp seeks an extension of time to satisfy
the judgment and pay rent for Aug + Sept
2007 the motion is granted and execution
is stayed through 9/30/07. If resp fails to
pay pet to remain marshal's
DATE                                notice.

                    ADJOURNMENTS                HON. MICHELLE D. SCHREIBER

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

GERARD O'NEILL,                                    08 CV 1689 (KMW)(RLE)

                Plaintiff,

      - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

_____

---

**EXHIBITS "F" TO THE
DECLARATION OF JEFFREY NIEDERHOFFER
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

GERARD O'NEILL,

                       Plaintiff,

        -against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                  Defendants.

———————————————————

08 CV 1689 (KMW) (RLE)

Declaration of Jeffrey Niederhoffer in
Support of Defendants' Motion to
Dismiss the Complaint

**EXHIBITS "G" THROUGH "I"**

**EXHIBIT   G**

CLOSED

## U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:06-cv-14377-KMW

O'Niell v. New York City Housing Authority (NYCHA) et al

Assigned to: Judge Kimba M. Wood

Cause: 42:1983 Civil Rights Act

Date Filed: 12/13/2006
Date Terminated: 08/20/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Gerard O'Neill**                  represented by   **Gerard O'Neill**
870 Columbus Avenue
#3A
New York, NY 10025
(212) 665-9989
PRO SE

V.

**Defendant**

**New York City Housing Authority (NYCHA)**

**Defendant**

**Glenn Richter**

**Defendant**

**Ynociea Cruz**

**Defendant**

**Myra Castro**

**Defendant**

**Tito Hernandez**
*NYCHA*

**Defendant**

**Phillip Lam**

**Defendant**

**John Calvado**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2006 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Gerard O'Niell.(mbe, ) (Entered: 12/20/2006) |
| 12/13/2006 | 2 | COMPLAINT against New York City Housing Authority (NYCHA), Glenn Richter, Ynociea Cruz, Myra Castro, Tino Hernandez. Document filed by Gerard O'Niell.(mbe, ) (Entered: 12/20/2006) |
| 12/13/2006 | | Magistrate Judge Ronald L. Ellis is so designated. (mbe, ) (Entered: 12/20/2006) |
| 12/13/2006 | 3 | 60 DAYS ORDER....I grant plaintiff?s request to proceed in forma pauperis and direct the Clerk of Court to assign a docket number to this complaint. I further direct plaintiff to submit an amended complaint within 60 days of the order as detailed below. Plaintiff is hereby directed to file an amended complaint containing the information specified above. Should plaintiff decide to file an amended complaint, it must be submitted to this Court's Pro Se Office within sixty days of this date of this order, be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this order. He should therefore include in his amended complaint any alllegations or exhibits from his original complaint, if he still wishes to present them to court. A copy of this order must be attached to the amended complaint. No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days or until plaintiff has complied with this order. If plaintiff fails to comply within the time allowed or show cause why he cannot comply, the complaint shall be dismissed. Once submitted, the amended complaint shall be reviewed for substantive sufficiency and then, if proper shall be reassigned, a copy of this order shall be served with the summons and amended complaint. I certify pursuant to 28 U.S.C. sec. 1915(a) (3) that any appeal from this order would not be taken in good faith.(Signed by Judge Kimba M. Wood on 12/13/2006) (mbe, ) (Entered: 12/20/2006) |
| 02/26/2007 | 4 | ORDER on 1/30/07, the Court received plaintiff's letter (attached hereto) requesting additional time to comply with this Court's order dated 12/13/06 instructing him to amend his complaint. Plaintiff's request is GRANTED, and he is directed to file his amended complaint within sixty (60) days of the date of this order. So Ordered. (Signed by Judge Kimba M. Wood on 2/26/07) (jco) (Entered: 03/02/2007) |
| 04/26/2007 | 5 | AMENDED COMPLAINT amending 2 Complaint against Phillip Lam, John Calvado, New York City Housing Authority (NYCHA), Glenn Richter, Ynociea Cruz, Myra Castro, Tito Hernandez.Document filed by Gerard O'Neill. Related document: 2 Complaint filed by Gerard O'Niell. (tro) (Entered: 04/30/2007) |
| 08/20/2007 | 6 | JUDGMENT that the complaint is dismissed because this Court lacks subject matter jurisdiction over the claim and for failure to state a claim upon which relief may be granted. The Court certify pursuant to 28 U.S.C. 1915(a)(3) that any appeal from the Court's order would not be |

| | | |
|---|---|---|
| | | taken in good faith. (Signed by Judge Kimba M. Wood on 8/20/07) (ml) (Entered: 08/20/2007) |
| 08/20/2007 | 7 | ORDER OF DISMISSAL Accordingly, the complaint, filed in forma pauperis under 28 U.S.C. 1915(a)(1), is dismissed because this Court lacks subject matter jurisdiction over the claims and for failure to state a claim upon which relief may be granted. I certify under 28 U.S.C. 1915 (a)(3) that any appeal from this order would not be taken in good faith. (Signed by Judge Kimba M. Wood on 8/20/07) (tro) (Entered: 08/21/2007) |
| 08/21/2007 | | Mailed notice of Right to Appeal re: 6 Judgment, to Pro Se Litigant(s): Gerard O'Neill. (tve) (Entered: 09/05/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/31/2008 15:29:11 | | | |
| **PACER Login:** | ha0012 | **Client Code:** | 231222/oneill/murphy |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-14377-KMW |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

**EXHIBIT   H**

NYCHA 040.450 (Rev 5/06) (Old Form #506.015)
**REFERRAL FOR NYCHA SOCIAL SERVICES**

**NEW YORK CITY HOUSING AUTHORITY**
**COMMUNITY OPERATIONS**
**SOCIAL SERVICES DEPARTMENT**
Borough: Manhattan

DATE
8/29/07

TYPE OF REFERRAL: ☑ MANAGEMENT ☐ NON-MANAGEMENT

| DEVELOPMENT | TENANT OF RECORD | ACCOUNT # | NO. OF ROOMS |
|---|---|---|---|
| Douglass Houses | Gerard O'Neill | 11-3C | 2 |

ADDRESS
870 Columbus Avenue

LANGUAGE SPOKEN
English

| TELEPHONE # (HOME) | (OFFICE) | DATE OF BIRTH | SOCIAL SECURITY # | RENT |
|---|---|---|---|---|
| (212) 1665-9989 | ( ) | 11/16/51 | 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 | $ 196 |

| INCOME SOURCE | AMOUNT | INCOME SOURCE | AMOUNT | INCOME SOURCE | AMOUNT |
|---|---|---|---|---|---|
| Social Security & SSI | $ 8232 | | $ | | $ |

**FAMILY COMPOSITION** (Attach Additional Sheet If Necessary)

| NAME | RELATIONSHIP | DATE OF BIRTH | SOCIAL SECURITY # |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

| FOR EMERGENCY CONTACT | Relationship | Telephone # |
|---|---|---|
| BOB DRENNAN | Friend | (Home ( ) 212-342-7863 Office ( ) |

**CHECK THE APPROPRIATE CATEGORY(IES) OF REFERRAL THAT DESCRIBES THIS SITUATION**

☑ Rent ☐ Elderly ☐ VTW/VTW ☐ Child Abuse/Neglect ☐ Sexual Assault Victim ☐ Mental Impairment
☐ Substance Abuse ☐ Poor Housekeeping ☐ GM 869II Amusement Request ☐ At Risk Eviction ☐ Other (Specify)

REASON FOR REFERRAL (Attach Additional Sheets If Necessary)

Tenant is a long-term chronic rent delinquent. He is lucid and functions fairly well, but has a fixed idea in his mind that he is being harassed by New York City and by NYCHA. He owes 4 months rent.

RECEIVED
AUG 3 1 2007

SUMMARY OF MANAGING DEPARTMENT'S ACTION(S) TO DATE (Attach Additional Sheets If Necessary)

Our office and NYCHA Law Dept have held numerous discussions with tenant, but to no avail. He continues in his rent delinquency. At this moment, he has an L&T court slip to pay $588 by 8/31/07. On 6/23/06, Adult Protective Services caseworker Ms. Olukemi, 212-971-2948, called, and said that tenant had not responded to her attempts to reach him. HA has not heard from APS since.

| PREPARED BY: Glenn Richter | TITLE: Housing Assistant | APPROVED BY | TITLE | DATE 8/29/07 |
|---|---|---|---|---|
| | DATE: 8/29/07 | | | |

SUMMARY OF NYCHA SOC SERV. DEPT'S ACTION/INITIAL TO LOAN (IF)

BOROUGH SOCIAL SERVICES ADMINISTRATOR _____ Name _____ Date

☑ APPROVED ☐ DISAPPROVED (Reason)

CASE ASSIGNED TO _____ Name _____ Title _____ Date

BOROUGH SOCIAL SERVICES SUPERVISOR _____ Name _____ Date

CASE ASSIGNED TO _____ Name _____ Title _____ Date

BOROUGH SOCIAL SERVICES WORKER _____ Name _____ Date

NYCHA 040.447 (Rev. 6/06)

**NYCHA SOCIAL SERVICES CASE CLOSING SUMMARY**

**NEW YORK CITY HOUSING AUTHORITY**
**COMMUNITY OPERATIONS**
**SOCIAL SERVICES DEPARTMENT**
BOROUGH Manhattan

DATE
12-6-07

NAME OF TENANT
Gerard O'Neill

ACCT. #
011-03C

ADDRESS
870 Columbus Avenue, New York, NY 10025

| DEVELOPMENT | DEVELOPMENT PHONE # | REFERRAL SOURCE |
|---|---|---|
| Douglass Houses | 212-865-7200 | Management |

| ASSIGNMENT DATE | REFERRED BY | NYCHA SOCIAL SERVICES WORKER ASSIGNED |
|---|---|---|
| 9-13-07 | Mr. Richter, Housing Assistant | Ms. Bowie, Community Associate |

PROBLEM AS PRESENTED BY REFERRAL SOURCE
Resident is a long term chronic rent delinquent. He is lucid and functions fairly well, but has a fixed idea in his mind that he is being harassed by New York City and by NYCHA. He currently owes 4 months rent.

SUMMARY OF CASE ACTIVITY *(Specify goals that were met and unmet)*
On 9-20-07 Social Services Worker attempted a home visit, there was no answer. SSW left a contact letter. On 9-20-07 SSW received a telephone call from Mr. O'Neill and he stated that he wanted no further contact with with anyone from New York City Housing Authority. He felt he was being harassed. SSW continued to monitor TOR with Management. SSW last contact with Management, at the end of November 2007, revealed that Mr. O'Neill had paid $ 980.00 in rent arrears which makes him current at this time. Due to the arrears rent being paid and Mr. O'Neill's refusal of Social Services, no further outreach is needed at this time; therefore, the case is being closed.

THIS TENANT'S SOCIAL SERVICES CASE HAS BEEN REFERRED TO:

| Yes | No | | Yes | No | |
|---|---|---|---|---|---|
| ☐ | ☑ | Adult Protective Services/HRA/A.P.S. | ☐ | ☑ | Administration for Children's Services |
| ☐ | ☑ | Income Support Services, HRA/D.S.S. | ☐ | ☑ | Mobile Crisis Unit |
| ☐ | ☑ | CASA for Home Care Services/HRA | ☐ | ☑ | Safe Horizon |
| ☐ | ☑ | Other *(Specify Services)* | | | This tenant has an open case with _____ |

REASONS FOR CLOSURE

| | | | |
|---|---|---|---|
| ☑ | Rent Current and Confirmed with Management | ☐ | Secured Entitlements |
| ☐ | Refused Social Services | ☐ | Tenant Evicted   Date _____ |
| ☐ | A.P.S. Financial Management in Place | ☑ | Not Responsive to Social Services Outreach |
| ☐ | Apartment Vacated   Date _____ | ☐ | Apartment Repairs Completed |
| ☐ | Housekeeping Improved | ☐ | Other *(Specify)* _____ |
| ☐ | Intervention Not Warranted *(See Case Summary)* | | |

NYCHA SOCIAL SERVICES WORKER

Ms. Bowie          Ms. Bowie                          12-18-07
                   *(Print & Sign)*                   *(Date)*

SUPERVISORY APPROVAL *(To Close Case)*

_____ Edward S. Rosado   Social Worker    12/18/07
                   *(Print & Sign)*   Supervisor   *(Date)*

DISTRIBUTION:   Original to NYCHA Social Services File ● Copy to Referral Source *(Internal NYQHA Departments Only)*

**EXHIBIT  I**

[Print in _black_ ink all areas in bold letters. This summons _must_ be served with a complaint.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------x

GERARD O'NEILL

_____

[your name(s)]                          Plaintiff(s)

- against -

Tito Hernandez, Ricardo Morales
NYCHA

_____

[name(s) of party being sued]        Defendant(s)

-------------------------------------------------x

**SUMMONS**

Index Number

400199/08

Date Index Number purchased

200___  NEW YORK
COUNTY CLERK'S OFFICE

JAN 29 2008

NOT COMPARED
WITH COPY FILE

To the Person(s) Named as Defendant(s) above:

     PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

     YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated:_____, 200__
    **[date of summons]**

Gerard O'Neill
**[sign your name]**

GERARD O'NEILL
**[print your name]**

870 Columbus Ave #3C
NY, NY 10025

**[your address(es), telephone number(s)]**

212.767.5000

Defendant(s) NYCHA
Tito Hernandez,
Ricardo Morales
250 Broadway, 9th floor
NY, NY 10007
**[address(es) of defendant(s)]**

<u>Venue</u>: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is: **[check box that applies]**
   ☐ Plaintiff(s) residence in New York County
   ☐ Defendant(s) residence in New York County
   ☐ Other **[See CPLR Article 5]:** _____

7-06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

Gerard D. O'Neill

       Plaintiff,                 Complaint

   -against-                    Index. No. 400199/08

Tito Hernandez, Commissioner
Ricardo Morales, General counselor
New York Housing Authority
250 Broadway, 9th Floor
New York, NY 1007
212.767.5000

NEW YORK
COUNTY CLERKS OFFICE

JAN 29 2008

NOT COMPARED
WITH COPY FILE

1.     I, Gerard O'Neill ("Plaintiff"), *proceeding pro se*, am a natural being and the tenant in possession of apartment #3C at 870 Columbus Avenue, NY, NY 10025, 212.665.9989.

2.     The defendant, New York City Housing Authority ("NYCHA") owns and manages this building.

3.     The Brooke Amendment, 42 U.S.C.S. § 1437a (a)(1)(A) explicitly defines tenant rent as that amount designated by the guidelines found in 24 CFR 913.102. Other charges such late rent payments, repairs or court costs, etc. cannot be called rent and as such, *capable of exciting legal proceedings* (my emphasis).

4.     Since 2005, plaintiff has been in housing court 45 times: 12 appearances under the index number L/T02296/05 and 23 times, L/T025727/06. In reference to these index numbers: all matters were for illegal charges listed as rent, hence, these appearances should never have been allowed to stand in court or any legal procedures/process allowed to rise from them.

5.  In *Watertown Housing Authority v. Keith Kirkland, et al. (2 Misc. 3d 280, 766 N.Y.S.2d, 790)*, the Court found a pattern of charging fees…then subtracting from the rent payment those other rental charges so as to create a "deficiency" or "shortfall", often the basis for a nonpayment and/or underpayment proceedings… *which can activate an eviction proceeding."* (my emphasis*)*.

6.  This same Court citing *Comity Realty Corp v. Peterson (118 Misc. 2d 796) warned* the housing authority that it [the Court] would not permit legal proceedings to stand before it, especially when "basic notions of fairness and good faith" are rearranged as a pernicious weapon to deny a citizen their federally protected rights.

7.  Plaintiff reviewed his tenant file on 09/28/07. Of interest was a pink sheet of paper signed (around 02/06) by the housing assistant and site manager, listing four reasons why plaintiff should be evicted; this request became eviction notice #193048 (signed by Kevin McClanahan).

8.  Ms. Davis, supervisor of the Records Department, removed the tenant file from plaintiff and ten minutes later, the file was returned without the pink sheet of paper.

9.  In the tenant file were a few pages of third party income verification for the year of 2003.

10. A housing assistant needs written permission (HUD-9886 form) to access the HUD-database www.hud.gov/eiv/thirdpartyicome. There was no evidence of such permission.

11. Pertaining to the fiscal year 2006, the tenant file included three permission forms signed by tenant denying access to any third party verification database as requested by a housing assistant (all other information was provided three times).

12. This refusal was the actual spark that fuelled since 2005, all the court appearances: in 2003 no tenant permission form was necessary (and no court dates required) to access the HUD database; and yet, since 2005, the personality-driven legal assault, produced 45 court appearances, when permission was denied.

13. As required by law, if tenant is elderly or mentally disabled, NYCHA will inform the Elder Services at the Borough President's office that tenant was "at risk" for eviction. Caseworkers knocked on tenant's door, telephone calls followed.

14. In reference to L/T025727/06, in the last court appearance (09/12/07), Judge Michelle Schreiber, threatened to "resign" a pending eviction.

15. The next day, four social workers from NYCHA knocked on plaintiff's door unannounced; phone calls followed—protocols dependent on an actual court decision and not the "threat" of an action.

16. In reference to #15: Plaintiff was refused a pre-trial conference. Four times, lawyers from both NYCHA and NYC Legal Corporation told tenant to sit and wait.

17. In reference to #9 and #11: Since there were none of the normal pre-trail activities that day and because of the court's inflexible stance, plaintiff inferred all aspects of the hearing were decided by the court and lawyers in an earlier ex-parte conference.

18.    The same stipulation allowed for an extension of repaying rent arrears—tenant never asked for it. At bench, the single issue was that the dollar amount was simply wrong, which tenant paid.

19.    Plaintiff filed a complaint in federal court—1:06-cv-14366-KMW—which was dismissed because subject jurisdiction (08/20/2007).

20.    Of interest in tenant file were two sheets of paper with different dates, stating something like: 'Tenant refuses to answer questions or submit any information regarding his complaint in federal court, yet he is suing for unspecified harassment and is angry'.

21.    Neither the tenant file at NYCHA nor the respondent file at 100 Centre Street included letters requesting additional information or proof of service of such letters.

22.    In reference to #20: on three occasions, lawyers in the pro se office at 500 Pearl Street told the tenant that the federal court allowed a city agency to investigate a citizen's complaint before taking any actions.

23.    Please see *United States v. City of New York City, (01 CIV 4604, 2001),* for an *exact* duplicate of the issues found in this complaint: Without the option to leave the situation and because their complaints were ignored, WEP participants were subjected to harassment, a hostile workplace and discrimination—all while supervised.


## JURY DEMANDED


WHEREFORE, the plaintiff, prays that this Court enter judgment:

1.    according to the guidelines of Title VII of the Civil Rights Act of 1964 for the recovery of compensatory and punitive damages in cases of intentional (tort) violations of Title VII and for actions violative of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and The Fair Housing Amendment Act. Each amendment allows a citizen compensatory damages separately and independently of Title VII,

2.    enjoin NYCHA's Social Services Department from continuing their harassing, embarrassing and unannounced visits at plaintiff's house, granting such further relief as the Court may deem just,

3.    directing defendants to take such affirmative steps as may be necessary to prevent and to remedy violations of the Brooke Amendment and the resulting illegal court proceedings,

4.    and for unnamed but similarly applied remedies not listed in this complaint, granting such further relief as the Court may deem just.


*Gerard O'Neill*

VERIFICATION

_____GERARD    O'NEILL_____ [your name], being

duly sworn, deposes and says:

    I am the plaintiff in the above-entitled action. I have read the

foregoing complaint and know the contents thereof, the same are true to my

knowledge, except as to matters therein stated to be alleged on information

and belief and as to those matters I believe them to be true.


Sworn to before me on

___ day of __JAN 1 8 2008__ , 200___

_____
Notary Public

                    _____
                    Sign your name before a Notary

                    GERARD   O'NEILL
                    _____
                        Print your name

                    CAROLYN V. JONES
                  Notary Public, State of New York
                  Reg. No. 04JO5022377
                  Qualified in New York County
                  Commission Expires Jan. 10, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                                08 CV 1689 (KMW)(RLE)

                Plaintiff,

     - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

---

---

## EXHIBITS "G" THROUGH "I" TO THE
## DECLARATION OF JEFFREY NIEDERHOFFER
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel