UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                        08 CV 1689 (KMW)(RLE)

                               Plaintiff,

   - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                         Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Ricardo Elias Morales
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel

# Table of Contents

Table of Authorities                                                                     i

Preliminary Statement                                                                    1

Fact Statement                                                                           2

Applicable Legal Principles                                                              6

Argument

    I.   PLAINTIFF, A NYCHA TENANT, HAS FAILED TO STATE A                  6
          COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS
          UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

    II.  PLAINTIFF, WHO DOES NOT CLAIM TO BE DISABLED,                      7
          HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION
          AGAINST DEFENDANTS UNDER THE ADA OR THE
          REHABILITATION ACT OF 1973

    III. PLAINTIFF, WHO DOES NOT CLAIM DISCRIMINATION,                     10
          HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION
          AGAINST DEFENDANTS UNDER THE FAIR HOUSING
          AMENDMENTS ACT

    IV. PLAINTIFF, WHOSE RENT IS SET AT 30% OF HIS ADJUSTED              11
          INCOME, HAS FAILED TO STATE A COGNIZABLE CAUSE OF
          ACTION AGAINST DEFENDANTS UNDER THE  BROOKE
          AMENDMENT

    V.  INASMUCH AS NYCHA HAS RECOVERED FROM PLAINTIFF                    13
          ONLY ACCRUED RENT, ANY STATE LAW CLAIM UNDER
          RPAPL § 711(2) MUST BE DISMISSED AS MERITLESS

    VI. NEW YORK DOES NOT RECOGNIZE A CIVIL CAUSE OF                     14
          ACTION FOR HARASSMENT, HENCE, PLAINTIFF IS NOT
          ENTITLED TO INJUNCTIVE RELIEF AGAINST HARASSMENT

Conclusion                                                                              16

**Table of Authorities**

*Barnes v. Gorman*, 536 U.S. 181 (2002)                                                                            8

*Beckham v. New York City Housing Authority*, 755 F.2d 1074 (2d Cir. 1985)                            12

*Bey v. City of New York*, 97 Civ. 4800, 1999 U.S. Dist. LEXIS 11379                                    8, 9
(S.D.N.Y. 1999)

*Broadway Cent. Prop. v. 682 Tenant Corp.*, 298 AD2d 253 (1st Dep't 2002)                            15

*Cellular Phone Taskforce v. Federal Communications Commission*, 217 F.3d 72 (2nd          9
Cir. 2000)

*Civic Ass'n of the Deaf v. Giuliani*, 915 F.Supp. 622 (S.D.N.Y. 1996)                                      8

*Clark County School Dist. v. Breeden*, 532 U.S. 268 (2001)                                                 6

*D'Amico v. City of New York*, 132 F.3d 145 (2d Cir.), *cert. denied*,                                      8
524 U.S. 911 (1998)

*Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999)                                                  6

*Edelstein v. Farber*, 27 A.D.3d 202 (1st Dep't 2006)                                                           15

*Flight v. Gloecker*, 68 F.3d 61 (2nd Cir. 1995)                                                                    9

*Gonzaga University v. Doe*, 536 U.S. 273 (2002)                                                               12

*Goss v. Fairfield Housing Authority*, 03cv0935, 2006 U.S. Dist. LEXIS 27056                         10
(D. Conn. Mar. 14, 2006)

*Harris v. Mills*, 478 F. Supp. 2d 544 (S.D.N.Y. 2007)                                                          9

*H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989)                                               6

*Hubbard v. Samson Management Corporation*, 994 F. Supp. 187 (S.D.N.Y. 1998)                    10

*Mago, LLC v. Amrit Joy Singh*, 47 A.D.3d 772 (2d Dep't 2008)                                              15

*Olmstead v. Zimring ex rel. L.C.*, 527 U.S. 581 (1999)                                                         7

*Rizzo v. Goode*, 423 U.S. 362 (1976)                                                                               15

*Soto v. City of Newark*, 72 F.Supp.2d 489 (D.N.J. 1999)                                                       8

*Weinreich  v. Los Angeles County Metropolitan Authority*, 114 F.3d 976 (9th Cir. 1997)            8

*Wright v. City of Roanoke Redevelopment and Housing Authority*,                                         12
479 U.S. 418 (1987)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                    08 CV 1689 (KMW)(RLE)

                            Plaintiff,

        - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                            Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS THE COMPLAINT

### Preliminary Statement

Plaintiff Gerard O'Neill, a tenant at Douglass Houses, a New York City Housing Authority

(NYCHA) housing development located in Manhattan, brings this action against NYCHA, its Chairman,

Tino Hernandez (incorrectly identified in the complaint as "Tito" Hernandez), and its General Counsel,

Ricardo Morales, alleging that NYCHA brought State court non-payment proceedings against him in 2005

and 2006 in violation of the Brooke Amendment (42 U.S.C. 1437a(a)(1)(A)); that a document was

removed from his tenant folder; that his refusal to sign a third-party verification form giving permission for

a NYCHA housing assistant to access a federal database to verify his income led to the non-payment

proceedings; and that, the day after a court appearance in which a State Court judge threatened to re-sign

a pending eviction, four social workers from NYCHA knocked on his door unannounced and later

telephoned him. Plaintiff seeks to recover compensatory and punitive damages under the Brooke

Amendment (42 U.S.C. 1437a(a)(1)(A)), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e

*et seq.*), the Americans With Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 *et seq.*), Section 504

of the Rehabilitation Act of 1973 (29 U.S.C. § 794) and the Fair Housing Amendments Act (FHAA) (42

U.S.C. §§ 3601-3619).[1]

As set forth more fully below, defendants now move to dismiss the Complaint pursuant to Rule

12(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff has failed to state a cognizable

cause of action and that his challenge to the State court non-payment proceedings is meritless nonetheless.

Accordingly, plaintiff's complaint must be dismissed.

### Fact Statement

### Plaintiff's Tenancy and Monthly Rent

Plaintiff Gerard O'Neill is, and has been since November 1996, a tenant at Douglass Houses, a

New York City Housing Authority (NYCHA) housing development located in Manhattan, residing at 870

Columbus Avenue, Apt. 3C. Niederhoffer Declar., Exh. A. Based upon an annual review of plaintiff's

income, completed in October 2005, plaintiff's monthly rent is, and has been since November 2005,

$196.00, which is one-twelfth of 30% of his adjusted net income of $7832.00. Niederhoffer Declar., Exh.

B.[2]

---

[1]  Plaintiff's sole reference to Title VII, the ADA, the Rehabilitation Act of 1973, and the Fair Housing Amendments Act in his complaint reads as follows: "according to the guidelines of Title VII of the Civil Rights Act of 1964 for the recovery of compensatory and punitive damages in cases of intentional (tort) violations of Title VII and for actions violative of the Americans With Disabilities Act of 1990, the Rehabilitation Act of 1973, and The Fair Housing Amendment Act. Each amendment allows a citizen compensatory damages separately and independently of Title VII." Declaration of Jeffrey Niederhoffer (Niederhoffer Declar.), Exhibit I (Complaint "Wherefore" Clause at ¶ 1).

[2]  Effective August 1, 2004, plaintiff's monthly rent was increased from $188.00 to $191.00. Niederhoffer Declar., Exh. C. Because plaintiff failed to submit his annual income review papers for 2005 when they were due in August 2005, plaintiff's rent was increased to $668.00, the maximum permitted for that apartment, for September and October 2005. Niederhoffer Declar., Exh. B; Declaration of Michael Wyands in Support of Defendants' Motion to Dismiss the Complaint (Wyands Declar.), ¶ 5. After the 2005 annual review of plaintiff's income was completed, plaintiff's account was duly credited by the Douglass Houses management office. Wyands Declar., ¶ 7.

**The 2005 Housing Court Rent Non-Payment Proceeding**

On or about October 5, 2005, NYCHA commenced a rent non-payment proceeding against plaintiff in the Housing Part of the Civil Court of the City of New York (*NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 05/022996) seeking the sum of $668.17, representing past due accrued rent in the amount of $668.00 for September 2005 and a $0.17 miscellaneous charge. Plaintiff answered the petition on or about October 17, 2005, essentially disputing the amount owed. On October 26, 2005, based on plaintiff's default, a Judgment in the amount of $668.17 was entered in NYCHA's favor. A warrant of eviction was issued to the New York City Marshall on March 22, 2006. On May 9, 2006, Housing Court Judge David B. Cohen granted plaintiff's motion to vacate the prior Judgment, staying the execution of the warrant of eviction conditioned upon plaintiff paying to NYCHA the sum of $1,765.69 in past due accrued rent for the period August 2005 through May 2006 on or before May 23, 2006. As of May 9, 2006, plaintiff owed NYCHA $1,855.86. NYCHA waived recovery of $90.00 in "legal fees" consisting of $75.00 for service of two petitions and $15.00 relating to the request for the warrant of eviction. NYCHA also abandoned recovery of the 17-cent miscellaneous charge. The remaining $1,765.69 consisted solely of rent broken down as nine months of rent at $196.00 per month for the period September 2005 through May 2006, with the remaining $1.69 charged to August 2005. On or about May 17, 2006, plaintiff paid $1300.00 towards the total amount due, leaving $465.69. On June 20, 2006, Housing Court Judge Cohen granted plaintiff's motion, essentially for an extension of time to pay the remaining amount due, by directing plaintiff to pay $465.69 by July 15, 2006. NYCHA waived recovery

---

Notwithstanding plaintiff's failure to submit annual income review papers for 2006 and 2007, plaintiff's monthly rent remains at $196.00. Niederhoffer Declar., Exh. D; Wyands Declar., ¶ 8.

of a legal fee, consisting of a $22.50 charge for service of the warrant of eviction. The prior Final Judgment and warrant of eviction remained in effect, however. Plaintiff paid $464.00 on July 17, 2006. NYCHA did not thereafter pursue execution of the warrant of eviction. Niederhoffer Declar., Exh. E; Wyands Declar., ¶¶ 9-14.

**The 2006 Housing Court Rent Non-Payment Proceeding**

On or about November 25, 2006, NYCHA commenced a rent non-payment proceeding against plaintiff in the Housing Part of the Civil Court of the City of New York (*NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 06/025727) seeking the sum of $506.36, representing past due accrued rent broken down as two months' rent at $196.00 per month for September and October 2006, with the remaining $114.36 attributed to August 2006. Plaintiff commenced an action in the Southern District of New York under the caption *O'Neill v. New York City Housing Authority, et al.*, 06-CV-14377 (KMW) on December 13, 2006. Plaintiff thereafter answered the Housing Court petition, on or about December 27, 2006, essentially seeking to enjoin the proceedings in Housing Court until his federal court case (Southern District of New York Docket Number 06-cv-14377) was resolved. On January 5, 2007, based on plaintiff's default, judgment in the amount of $506.32 was entered in NYCHA's favor. On March 16, 2007, upon plaintiff's motion, Housing Court Judge Louis Villella vacated the prior Final Judgment, issuing a "So Ordered" Stipulation and a new Judgment in NYCHA's favor in the amount of $1,180.11, which plaintiff was required to pay by April 16, 2007. As of March 16, 2007, plaintiff owed NYCHA $1,217.61. NYCHA waived recovery of $37.50 in a legal fee for service of the Housing Court petition, leaving $1,180.11 due and owing in accrued rent, broken down as six months' rent at $196.00 per month for October 2006 through March 2007, with the remaining $4.11 charged to September 2006. Plaintiff

paid $1,000.00 towards the amount due and owing by April 13, 2007, leaving $180.11 unpaid. By order,

dated May 1, 2007, Housing Court Judge Michelle Schreiber vacated the March 16, 2007 Stipulation,

issuing a "So Ordered" Stipulation, dated July 31, 2007, awarding NYCHA a Final Judgment in the

amount of $588.00, representing three months' rent at $196.00 per month for May 2007 through July

2007, to be paid by August 31, 2007, and directing NYCHA to credit plaintiff's account in the amount of

$180.11 representing legal fees previously charged to and paid by plaintiff. NYCHA also waived a current

legal fee of $37.50. By Order, dated September 18, 2007, Housing Court Judge Schreiber granted

plaintiff's request for an extension of time to pay the Judgment, but otherwise denied plaintiff's motion to

vacate the July 31, 2007 "So Ordered" Stipulation and Judgment. On September 28, 2007, plaintiff paid

to NYCHA $980.00, representing the $588.00 due and owing under the July 31, 2007 Judgment and

$392.00 in rent for the months of August and September 2007. Niederhoffer Declar., Exh. F; Wyands

Declar., ¶¶ 15-21.

**Dismissal of Plaintiff's December 2006 Action**

Plaintiff's December 2006 federal court action was dismissed by the Court on August 20, 2007

because the Court lacked subject matter jurisdiction and because plaintiff had failed to state a claim upon

which relief could be granted. Niederhoffer Declar., Exh. G.[3]

**Plaintiff's Present Action**

Plaintiff commenced the instant action in New York State Supreme Court (New York County) on

or about January 28, 2008, seeking monetary and equitable relief under the Brooke Amendment, Title VII

---

[3] NYCHA was never served with the pleadings in that case, and the District Court Clerk's Office has not been able to locate the case file.

of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, Section 504 of the

Rehabilitation Act of 1973, and the Fair Housing Amendments Act. *See* Niederhoffer Declar., Exhibit I.

Defendants removed the case to federal court on February 20, 2008.

### Applicable Legal Principles

A motion to dismiss under Rule 12(b)(6) must be granted if it appears beyond doubt, drawing all

reasonable inferences in plaintiff's favor, that no relief could be granted under any set of facts that could

be proved consistent with the allegations. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654

(1999); *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).

### ARGUMENT

### POINT I.

### PLAINTIFF, A NYCHA TENANT, HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

Title VII of the Civil Rights Act of 1964 forbids actions taken on the basis of race, color, religion,

sex, or national origin that "discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment." *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270

(2001); 42 U.S.C. § 2000e-2(a)(1). Plaintiff is a NYCHA tenant seeking to recover damages for alleged

wrongful actions by defendants in connection with his NYCHA tenancy. Plaintiff does not allege that he

is a NYCHA employee seeking to recover damages for alleged discrimination in employment. Accordingly,

defendants are entitled to judgment dismissing any claim plaintiff purports to advance under Title VII.

## POINT II.

## PLAINTIFF, WHO DOES NOT CLAIM TO BE DISABLED, HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS UNDER THE THE ADA OR THE REHABILITATION ACT OF 1973.

Plaintiff has failed to state a cognizable cause of action against defendants under the ADA, and, more particularly, under Title II of the ADA, or Section 504 of the Rehabilitation Act of 1973. The complaint provides no basis for understanding how Title II of the ADA or Section 504 of the Rehabilitation Act of 1973 gives rise to any liability on defendants' part under the facts as alleged in his complaint. Accordingly, any cause of action under either statute must be dismissed in its entirety.

Significantly, plaintiff references the ADA generally and does not rely upon or cite to any specific provision contained therein. *See* footnote 1. Nevertheless, Title II of the ADA (42 U.S.C. §§ 12131-12134), "set[s] forth prohibitions against discrimination in . . . public services furnished by governmental entities." *Olmstead v. Zimring ex rel. L.C.*, 527 U.S. 581, 589 (1999); *see also* 42 U.S.C. § 12131(1) (defining "public entity").[4] The pertinent statute provides as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."

42 U.S.C. § 12132. A "qualified individual with a disability" is defined as

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities

---

[4]      Neither Title I nor Title III of the Act apply here. Title I governs employment discrimination solely and Title III applies to the provision of public accommodations by private entities. *See Olmstead*, 527 U.S. at 589.

provided by a public entity.

42 U.S.C. § 12131(2).

In order to state a claim under Title II of the ADA, plaintiff must allege the following: (1) that he is a "qualified individual with a disability"; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich v. Los Angeles County Metropolitan Authority*, 114 F.3d 976, 978 (9th Cir. 1997); *Soto v. City of Newark*, 72 F.Supp.2d 489, 492 (D.N.J. 1999); *Bey v. City of New York*, 97 Civ. 4800, 1999 U.S. Dist. LEXIS 11379 at *10 (S.D.N.Y. 1999) (citing *Civic Ass'n of the Deaf v. Giuliani*, 915 F.Supp. 622, 634 (S.D.N.Y. 1996) and *D'Amico v. City of New York*, 132 F.3d 145, 150 (2d Cir.), *cert. denied*, 524 U.S. 911, 118 S.Ct. 2075 (1998)).

Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination against the disabled by recipients of federal funding, *Barnes v. Gorman*, 536 U.S. 181, 184-185 (2002), provides, in part, as follows: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .." 29 U.S.C. § 794(a). The elements of a cause of action under section 504 of the Rehabilitation Act of 1973 are similar to those for a cause of action under Title II of the ADA: to wit, plaintiff must show that (1) he is an "individual with a disability," (2) he was denied the benefit of the program solely by reason of his disability, (3) he was "otherwise qualified" to receive the benefit, and (4) the program involved receives federal assistance. *Weinreich*, 114 F.3d at 978. In fact, Title II of the ADA and section 504 of the Rehabilitation

-8-

Act are interpreted in similar fashion. *Bey*, 1999 U.S. Dist. LEXIS 11379 at *10 n.5.

As an initial matter, individuals may not be held liable under either the ADA or Section 504 of the Rehabilitation Act of 1973. *Harris v. Mills*, 478 F. Supp. 2d 544, 547-548 (S.D.N.Y. 2007). Accordingly, any claims that plaintiff purports to advance under the ADA or Section 504 of the Rehabilitation Act of 1973 against Hernandez or Morales must be dismissed.

In any event, plaintiff has failed to allege any of the elements necessary for a cause of action under Title II of the ADA. Specifically, plaintiff alleges neither that he is disabled nor that NYCHA brought non-payment proceedings against him because of a disability. Consequently, plaintiff has failed to state a cognizable cause of action under Title II of the ADA against NYCHA. Plaintiff's complaint is also devoid of allegations regarding the first three elements necessary for a cause of action under Section 504 of the Rehabilitation Act of 1973, and consequently no cause of action is stated under this statute either.

Accordingly, defendants are entitled to judgment dismissing all claims plaintiff purports to advance under the ADA or Section 504 of the Rehabilitation Act of 1973. *See Cellular Phone Taskforce v. Federal Communications Commission*, 217 F.3d 72, 74-75 (2nd Cir. 2000) (determining petitioner's Rehabilitation Act claim to be meritless where petitioner, misconstruing the scope of the Rehabilitation Act's protections, failed to make the requisite allegations in its pleading); *Flight v. Gloecker*, 68 F.3d 61, 64 (2nd Cir. 1995) (dismissal of discrimination claim affirmed where plaintiff had failed to allege disparate treatment as compared to benefits given to non-handicapped individuals); *Bey*, 1999 U.S. Dist. LEXIS 11379 at *12 (court noted that plaintiff had failed to allege a discrimination claim based on disability).

## POINT III.

## PLAINTIFF, WHO DOES NOT CLAIM DISCRIMINATION, HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS UNDER THE FAIR HOUSING AMENDMENTS ACT.

Among other things, the FHAA proscribes, generally, discrimination in the sale or rental of housing because of race, color, religion, sex, handicap, familial status, or national origin. *See* 42 U.S.C. § 3604. Further, the FHAA makes unlawful discrimination on the basis of race, color, religion, sex, handicap, familial status, or national origin, "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling. 42 U.S.C. §§ 3604(b) and (f)(2)(A). Discrimination prohibited by the FHAA includes the refusal to make "reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford [the handicapped individual] an equal opportunity to uses and enjoy a dwelling." 42 U.S.C. 3604(f)(3)(B). *Hubbard v. Samson Management Corporation*, 994 F. Supp. 187, 190 (S.D.N.Y. 1998).

Plaintiff has failed to state a cognizable discrimination claim under the Fair Housing Amendments Act of 1988. Entirely absent from plaintiff's complaint are any allegations that he was discriminated against on any basis in the rental of housing, or in the terms, conditions, or privileges of rental of a dwelling on any basis, or in the provision of services or facilities in connection with such dwelling on any basis. defendants are entitled to judgment dismissing all claims plaintiff purports to advance under the FHAA. *See Goss v. Fairfield Housing Authority*, 03cv0935, 2006 U.S. Dist. LEXIS 27056, at * 9-*12 (D. Conn. Mar. 14, 2006); *Hubbard*, 994 F. Supp. at 190.

For the reasons set forth, defendants are entitled to judgment dismissing any claim plaintiff purports to advance under the FHAA.

## POINT IV.

### PLAINTIFF, WHOSE RENT IS SET AT 30% OF HIS ADJUSTED INCOME, HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION <u>AGAINST DEFENDANTS UNDER THE  BROOKE AMENDMENT.</u>

Plaintiff appears to allege that NYCHA violated the Brooke Amendment by bringing State court rent non-payment proceedings against him in 2005 and 2006 in which it wrongfully sought to recover from him sums of money other than past-due rent and that, because NYCHA sought "illegal charges listed as rent," these State court rent non-payment proceedings should not have been permitted to go forward. These allegations fail to state a cognizable cause of action under the Brooke Amendment and, as explained below in Point V, NYCHA only recovered accrued rent due and owing in the rent non-payment proceedings.

The Brooke Amendment (42 U.S.C. § 1437a(a)(1)) to the United States Housing Act of 1937 imposed a ceiling on rents charged to low-income persons living in public housing projects, and, as later amended, provides that a low-income family "shall pay as rent" a specified percentage of its income. The Brooke Amendment currently reads, in pertinent part, as follows:

(1) Dwelling units assisted under this chapter shall be rented only to families who are low-income families at the time of their initial occupancy of such units. Reviews of family income shall be made at least annually. Except as provided in paragraph (2) and subject to the requirement under paragraph (3), a family shall pay as rent for a dwelling unit assisted under this chapter (other than a family assisted under section 1437f(o) or (y) of this title or paying rent under section 1437f (c)(3)(B) of this title) the highest of the following amounts, rounded to the nearest dollar:

(A) 30 per centum of the family's monthly adjusted income;

(B) 10 per centum of the family's monthly income; or

(C) if the family is receiving payments for welfare assistance from a public agency and a part of such payments, adjusted in accordance with the family's actual housing costs, is specifically designated by such agency to meet the family's housing costs, the portion of such payments which is so designated.

42 U. S. C. § 1437a(a)(1); *see also Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 420 (1987) (Brooke Amendment as it then read); *Beckham v. New York City Housing Authority*, 755 F.2d 1074, 1076 (2d Cir. 1985) (Brooke Amendment as it then read). Furthermore, current Federal regulations define tenant rent as "[t]he amount payable monthly by the family as rent to the unit owner (Section 8 owner or PHA in public housing)." 24 C.F.R. § 5.603(b).[5]

Although an alleged violation of the Brooke Amendment is actionable through 42 U.S.C. § 1983, *see Wright*, 479 U.S. 418 (allowing a suit under section 1983 by tenants to recover past overcharges under the rent-ceiling provision of the United States Housing Act of 1937), *cited in Gonzaga University v. Doe*, 536 U.S. 273, 280 (2002); *see also Beckham*, 755 F.2d at 1078-1080 (on appeal, court allowing a suit under section 1983 by tenants, but ruling that NYCHA was not barred by statute from charging a rent higher than that allowed by the Brooke Amendment where the tenant failed to comply with annual recertification process), plaintiff has failed to state a cognizable claim for relief under that provision. His complaint is devoid of any allegations that he is being charged rent in excess of the amount permitted by

---

[5] This particular definition of "Tenant Rent," found at 24 C.F.R. § 5.603(b), has been in effect since 2000. From 1997 through 1999, "Tenant Rent," as found at 24 C.F.R. § 5.603(b), was defined a little differently as "[t]he amount payable monthly by the Family as rent to the PHA [Public Housing Authority]. Where all utilities (except telephone) and other essential housing services are supplied by the PHA, Tenant Rent equals Total Tenant Payment. Where some or all utilities (except telephone) and other essential housing services are not supplied by the PHA and the cost thereof is not included in the amount paid as rent, Tenant Rent equals Total Tenant Payment less Utility Allowance. In 1996, this longer definition of "Tenant Rent" was found at 24 C.F.R. § 913.102. In 1997, this longer definition was moved to 24 C.F.R. § 5.603(b).

this statute. Moreover, plaintiff's monthly rent is, and has been since November 2005, $196.00, which is one-twelfth of 30% of his adjusted annual income of $7832.00, based upon the most recent review of plaintiff's income for the purpose of determining his rent, which was completed in fall 2005. Niederhoffer Declar., Exh. B; Wyands Declar., ¶¶ 6 and 8.

For the reasons set forth, defendants are entitled to judgment dismissing any claim plaintiff purports to advance under the Brooke Amendment.

## POINT V.

### INASMUCH AS NYCHA HAS RECOVERED FROM PLAINTIFF ONLY ACCRUED RENT, ANY STATE LAW CLAIM UNDER RPAPL § 711(2) MUST BE DISMISSED AS MERITLESS.

To the extent that plaintiff may have a cognizable claim with respect to the State court rent non-payment proceedings against him in 2005 and 2006, it would be one under State law, specifically, RPAPL §711(2), which limits relief in rent non-payment proceedings to recovery of past due rent. However, any such claim has no merit because NYCHA only recovered accrued rent due and owing in these rent non-payment proceedings, as permitted by the Housing Court judges presiding over the proceedings.

Section 711 of the RPAPL provides, in pertinent part, as follows:

§ 711.  Grounds where landlord-tenant relationship exists

A tenant shall include an occupant of one or more rooms in a rooming house or a resident, not including a transient occupant, of one or more rooms in a hotel who has been in possession for thirty consecutive days or longer; he shall not be removed from possession except in a special proceeding. A special proceeding may be maintained under this article upon the following grounds:

2. The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held, and a demand of the rent has been made, or at least three days' notice in writing requiring, in the alternative, the payment of the rent, or the

possession of the premises, has been served upon him as prescribed in section 735. The landlord may waive his right to proceed upon this ground only by an express consent in writing to permit the tenant to continue in possession, which consent shall be revocable at will, in which event the landlord shall be deemed to have waived his right to summary dispossess for nonpayment of rent accruing during the time said consent remains unrevoked. Any person succeeding to the landlord's interest in the premises may proceed under this subdivision for rent due his predecessor in interest if he has a right thereto.

RPAPL § 711(2).

As demonstrated by the Housing Court Orders, Decisions and Judgments, after the vacatur of any Judgments by default, NYCHA only recovered accrued rent due and owing in the 2005 and 2006 State court rent non-payment proceedings. *See* Niederhoffer Declar., Exhs. E and F.[6]

For the reasons set forth, defendants are entitled to judgment dismissing any claim plaintiff purports to advance under RPAPL § 711(2).[7]

## POINT VI.

### NEW YORK DOES NOT RECOGNIZE A CIVIL CAUSE OF ACTION FOR HARASSMENT, HENCE, PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF AGAINST HARASSMENT.

Plaintiff seeks an injunction "enjoin[ing] NYCHA's Social Services Department from continuing their harassing, embarrassing and unannounced visits at plaintiff's house." Complaint "Wherefore" Clause

---

[6] The Declaration of Michael Wyands is submitted in support of defendants' Rule 12(b) motion to dismiss to explain the dollar figures set forth in the various Housing Court Orders and Decisions.

[7] *Watertown Housing Authority v. Kirkland*, 2 Misc.3d, 766 N.Y.S.2d 790 (City Court of New York, Watertown 2003), cited by plaintiff in his complaint, is inapposite because, unlike the Watertown Housing Authority, NYCHA did not seek to recover in the summary proceedings under RPAPL § 711(2) other charges (for example, late fees, utility fees or maintenance fees) at all, let alone by denominating them as "additional rent" and making those charges part of the accrued rent sought in the summary proceeding.

-14-

at ¶ 2.

New York does not recognize a civil cause of action for harassment. *Mago, LLC v. Amrit Joy Singh*, 47 A.D.3d 772 (2d Dep't 2008); *Edelstein v. Farber*, 27 A.D.3d 202 (1st Dep't 2006); *Broadway Cent. Prop. v. 682 Tenant Corp.*, 298 AD2d 253, 254 (1st Dep't 2002). Consequently, plaintiff is not entitled to the extraordinary relief of an injunction. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). Plaintiff has not pled any other cognizable cause of action under either federal or state law to support the issuance of such extraordinary relief.

Moreover, a NYCHA's Social Services Department staff member visited plaintiff's apartment on September 20, 2007 to follow up on a submission by the Douglass Houses Management Office to the NYCHA Social Services Department of a "Referral For NYCHA Social Services," on or about August 29, 2007, and approved by the NYCHA Social Services Department on September 5, 2007. The referral was made because "Tenant is a long-term chronic rent delinquent. He is lucid and functions fairly well, but has a fixed idea in his mind that he is being harassed by New York City and by NYCHA. He owes 4 months rent.". *See* Niederhoffer Decl., Exhibit H. On September 20, 2007, a NYCHA Social Services Department "Social Services Worker attempted a home visit, [but] there was no answer. SSW left a contact letter." *See* Niederhoffer Decl., Exhibit H. In its case closing summary, dated December 18, 2007, the Social Services Worker continued as follows:

> On 9-20-07 SSW received a telephone call from Mr. O'Neill and he stated that he wanted no further contact with anyone from New York City Housing Authority. He felt he was being harassed; SSW continued to monitor TOR [i.e., the Tenant of Record] with Management. SSW last contact with Management, at the end of November 2007, revealed that Mr. O'Neill had paid $980.00 in rent arrears which makes him current at this time. Due to the arrears rent being paid and Mr. O'Neill's refusal of Social Services, no further outreach is needed at this time; therefore, the case is being closed.

-15-

*Id.*

For the reasons set forth, defendants are entitled to judgment dismissing plaintiff's request for injunctive relief.

### Conclusion

DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED
IN ITS ENTIRETY WITH PREJUDICE.

Dated: New York, New York
       April 10, 2008

                           Respectfully submitted,

                           RICARDO ELIAS MORALES
                           General Counsel
                           New York City Housing Authority
                           Attorney for Defendants
                           250 Broadway, 9th Floor
                           New York, New York  10007
                           (212) 776-5259

                           By: _____
                               Jeffrey Niederhoffer (JN 1942)

Steven J. Rappaport,
Jeffrey Niederhoffer,
Of Counsel