UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,

                Plaintiff,

  -against-

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

08-CV-1689 (KMW)(RLE)

**NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS**

---

    The defendants in this case have moved to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and have submitted additional written materials. This means that the defendants have asked the Court to decide this case without a trial, based on written materials. You are warned that the Court may treat this motion asa a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 is attached.

    In short, Rule 56 provides that you may NOT oppose defendants' motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendants' motion.

If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the court may accept defendants' factual assertions as true. Judgment may then be entered in the defendants' favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York
April 10, 2008

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
Tel. No.: (212) 776-5259
Fax. No.: (212) 776-5404

By: _____
Jeffrey Niederhoffer (JN-1942)

FEDERAL RULES OF CIVIL PROCEDURE

## RULE 56. SUMMARY JUDGMENT

(a) **By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

(1) 20 days have passed from commencement of the action; or

(2) the opposing party serves a motion for summary judgment.

(b) **By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) **Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) **Case Not Fully Adjudicated on the Motion.**

(1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts—including items of damages or other relief—are not genuinely at issue. The facts so specified must be treated as established in the action.

(2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e) **Affidavits; Further Testimony.**

(1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

(f) **When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

(g) **Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007, absent contrary Congressional action.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                   08 CV 1689 (KMW)(RLE)

                Plaintiff,

    - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

---

**NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION
SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS**

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Steven J. Rappaport
Jeffrey Niederhoffer
Of Counsel