UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                   08 CV 1689 (KMW)(RLE)

              Plaintiff,

     - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

              Defendants.

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

 

Ricardo Elias Morales
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Donna M. Murphy,
Jeffrey Niederhoffer,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

GERARD O'NEILL,                                    08 CV 1689 (KMW)(RLE)

                Plaintiff,

- against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.
_____

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

### Preliminary Statement

Plaintiff Gerard O'Neill, a tenant at Douglass Houses, a New York City Housing Authority (NYCHA) housing development located in Manhattan, brings this action against NYCHA, its Chairman, Tino Hernandez (incorrectly identified in the complaint as "Tito" Hernandez), and its General Counsel, Ricardo Morales, alleging, among other things, that NYCHA brought State court non-payment proceedings against him in 2005 and 2006 in violation of the Brooke Amendment (42 U.S.C. 1437a(a)(1)(A)) and that, the day after an appearance in one of the State Court non-payment proceedings, four social workers from NYCHA knocked on his door unannounced and later telephoned him. Plaintiff seeks to recover compensatory and punitive damages under the Brooke Amendment (42 U.S.C. 1437a(a)(1)(A)), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*), the Americans With Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 *et seq.*), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) and the Fair Housing Amendments Act (FHAA) (42 U.S.C. §§ 3601-3619).

After filing their Notice of Removal,[1] defendants moved to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff has failed to state a cognizable cause of action and that his challenge to the State court non-payment proceedings is meritless nonetheless.

Plaintiff has failed to address any of the arguments raised by defendants in their motion. Instead, plaintiff served an undated "Motion to File a Late Response to Notice of Removal and Request to Remand Back to State Court," a "Motion to Amend a Complaint," and a "Motion for a TRO."[2] These motions must be denied. The motion to remand is untimely under 28 U.S.C. § 1447(c) inasmuch as more than 30 days have passed since defendants filed their Notice of Removal (on February 20, 2008), and the Court does not lack subject matter jurisdiction over the case removed from New York State Supreme Court under 28 U.S.C. § 1446(a). Plaintiff's motion to amend his complaint must be denied because he has failed to attach a proposed amended complaint or to otherwise explain how he would seek to cure the deficiencies in his present pleading discussed by defendants in their initial motion papers or to identify, even summarily, the claims he seeks to assert in an amended complaint. Finally, plaintiff's motion for a temporary restraining order must be denied because plaintiff has failed to make any showing that he would suffer irreparable injury in the absence of an injunction enjoining NYCHA from bringing future rent non-payment or eviction proceedings against him in State court or from pursuing internal administrative proceedings.[3] Plaintiff has

---

[1] Plaintiff commenced the instant action in New York State Supreme Court (New York County) on or about January 28, 2008. On February 20, 2008, prior to serving an answer and prior to any adjudication by the State court, defendants removed the case to federal court.

[2] Accompanying plaintiff's papers is an undated and non-notarized "Affidavit in Support" and a copy of the Civil Judgment in plaintiff's prior federal court action (06 Civ. 14377).

[3] As stated in the Declaration of Michael Wyands in Support of Defendants' Motion to Dismiss the Complaint (at paragraphs 14 and 21), the rent non-payment proceedings brought against plaintiff in 2005 and 2006 in the Housing Part of the Civil Court of the City of New York (that is, *NYCHA/Douglass Houses v. Gerard O'Neill*, L &

also wholly failed to demonstrate any likelihood of success on the merits of the claims raised in his complaint, for the reasons set forth in defendants' initial motion papers.

Accordingly, defendants' unopposed motion to dismiss the complaint should be granted, and plaintiff's motions to remand this action to State court, for leave to amend his complaint and for a temporary restraining order should be denied.

## ARGUMENT

### POINT I.

### PLAINTIFF'S UNTIMELY MOTION FOR REMAND MUST BE DENIED.

Plaintiff's motion to remand this case to State court should be denied because this Court does not lack subject matter jurisdiction, and the motion is therefore untimely. In any event, plaintiff has failed to identify any defect in the removal. Defendants filed their Notice of Removal of plaintiff's State court action on February 20, 2008. Plaintiff's motion to remand the case is properly governed by 28 U.S.C. § 1447(c), which provides, in relevant part, that "[a] motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

Plaintiff asserts in his complaint that defendants' alleged conduct violated the Brooke Amendment, Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, the Rehabilitation Act of 1973 and the Fair Housing Act. These claims under federal statutes are claims as to which the District Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) and are removable to

---

T Index No. 05/022996, and *NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 06/025727) have ended. There are presently no State court rent non-payment or eviction proceedings being pursued by NYCHA against plaintiff.

3

federal court under 28 U.S.C. § 1441(b). *See* Declaration of Jeffrey Niederhoffer in Support of Defendants' Motion to Dismiss the Complaint, Exhibit I (plaintiff's complaint). Because the Court has subject matter jurisdiction over the claims asserted in plaintiff's complaint, the motion to remand is untimely as more than 30 days have passed since defendants filed their Notice of Removal.

Plaintiff's reliance upon Rule 60(b)(1) is misplaced inasmuch as that rule empowers a Court to relieve a party "from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Proc. 60(b)(1). The Court has not issued or directed the Clerk to issue any final judgment or order in the present case.

Plaintiff's reference to the Anti-Injunction Act (28 U.S.C. § 2283) and to the *Younger* abstention doctrine is inapposite to this case. 28 U.S.C. § 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This Court has not issued any injunction staying State court proceedings. Rather, defendants have appropriately removed plaintiff's State court action (New York State Supreme Court, County of New York, Index No. 400199/08) to federal court pursuant to 28 U.S.C. § 1446(a). As a result of this removal, there is no action pending in New York State Supreme Court any further.

Abstention under the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), as observed by the Second Circuit in *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191 (2d Cir. 2002),

> generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings [and is required when] (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords plaintiff an adequate opportunity for judicial review of the federal . . . claims.

4

*Id.* at 198, *quoted in Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 n. 2 (S.D.N.Y. 2008) (among other things, denying plaintiff's application for an injunction under the Anti-Injunction Act to stay Housing Court eviction proceedings and to prohibit landlord defendant from prosecuting the eviction, and ruling that, "[i]n the absence of an ongoing state proceeding, neither the Anti-Injunction Act nor Younger abstention is implicated."). Plaintiff's complaint does not advance, and plaintiff does not argue in his present papers that his complaint advances, any federal constitutional claims. There is no ongoing State court proceeding between plaintiff and NYCHA, let alone one in which important State interests are involved. Accordingly, there is no basis upon which this Court should abstain from deciding the merits of plaintiff's instant action.

For the reasons set forth above, plaintiff's motion for a remand of this action must be denied.

## POINT II.

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT MUST BE DENIED.

Defendants' Rule 12(b) motion to dismiss precisely articulates the lack of merit to plaintiff's claims. Plaintiff has failed to address the arguments raised by defendants. Instead, plaintiff seeks "leave to amend the complaint to include items intentionally omitted in the state court's version of the complaint and other items." Plaintiff motion should be denied. Without cause, plaintiff has failed to attach a proposed amended complaint or to otherwise explain how he would seek to cure the deficiencies in his present pleading discussed by defendants in their initial motion papers or to identify, even summarily, the matters he seeks to assert in an amended complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given

when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend a pleading under Rule 15(a) should be denied, however, "if there is an 'apparent or declared reason -- such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *accord Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citation omitted). An amendment is futile when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). A motion to dismiss under Rule 12(b)(6) must be granted if it appears beyond doubt, drawing all reasonable inferences in plaintiff's favor, that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654 (1999).

Plaintiff has failed to identify any set of facts that would constitute a valid claim which, if proved, would entitle him to relief. Hence, plaintiff's motion for leave to amend his complaint must be denied. *See United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749-750 (8th Cir. 2005) (upholding lower court's denial of plaintiff's motion for leave to amend her complaint, made after defendants had filed their motion to dismiss, where she failed to communicate the substance of her proposed amendments); *Doe v. Howe Military Sch.*, 227 F.3d 981, 989-990 (7th Cir. 2000) (upholding lower court's denial of plaintiffs' motion for leave to amend their complaint where they failed to state specifically what they planned to allege in their amended pleadings, noting that "District courts do not have to engage in guessing games

about proposed amendments"); *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999) (upholding lower court's denial of plaintiff's motion for leave to amend his complaint where he failed to explain how he would amend the complaint to save his denial of due process claim); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (upholding lower court's denial of pro se litigant's motion for leave to amend his pleading where he failed to state what added information his amended petition would contain).

### POINT III.

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF MUST BE DENIED.

Although there are no pending housing court proceedings against him, plaintiff seeks to enjoin NYCHA from pursuing any housing court proceedings and any administrative proceedings. Plaintiff is not entitled to a preliminary injunction because the Anti-Injunction Act (28 U.S.C. § 2283) bars this Court from enjoining such State court proceedings, and he has not demonstrated that he will be irreparably harmed absent injunctive relief, nor has he demonstrated a clear or substantial likelihood of success on the merits.

The Anti-Injunction Act bars federal courts from granting "an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Because there are no pending housing court proceedings being pursued by NYCHA against plaintiff, the Anti-Injunction Act is not implicated. *Sierra*, 528 F. Supp. 2d at 469.[4] Even absent this statutory prohibition, plaintiff is not entitled to preliminary

---

[4] The Anti-Injunction Act "is an absolute prohibition against any injunction of any State court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act," which are to be narrowly construed. *Vendo Co. v. Lektro-Vend Corp.* 433 U.S. 623, 630 (1977); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). None of these exceptions are applicable here. No Act of Congress authorizes federal courts to enjoin State court eviction proceedings. *See Camprubi-Soms v. Aranda*, 2001 U.S. Dist. LEXIS 11291 at *14 (S.D.N.Y. June 13, 2001); *see also Sierra*, 528 F. Supp. 2d at 468. The second exception, "where

injunctive relief.

In order to obtain a preliminary injunction, plaintiff as the moving party must show irreparable injury in the absence of injunctive relief and either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in the moving party's favor. *Cooney v. Consolidated Edison Company of New York, Inc.*, 03 Civ. 0869, 2003 U.S. Dist. LEXIS 15657, at *6 (S.D.N.Y. Sept. 10, 2003) (citing *Wisdom Import Sales, LLC v. Labatt Brewing Co.*, 339 F.3d 101, 108 (2d Cir. 2003)). Where, as here, an injunction that will alter rather than maintain the status quo is sought, a heightened standard applies requiring the moving party to make a "strong" showing of irreparable harm, *Doe v. New York Univ.*, 666 F.2d 761, 773 (2d Cir. 1981), and a "clear" or "substantial" showing of likelihood of success on the merits, *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). *See also Beal v. Stern*, 184 F.3d 117, 122-23 (2d Cir. 1999) (heightened standard applies where a prohibitory injunction is sought).

Showing irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990). Irreparable harm, for this purpose, is harm that is actual and imminent and cannot be compensated by money damages. *See Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir.1998) (holding that irreparable harm is "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of

---

necessary in aid of [the Federal court's] jurisdiction," is triggered only when "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic C. L. R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). The third exception, "to protect or effectuate [a Federal court's] judgments," only applies where an issue has been previously presented to and decided by a federal court. *See MLE Realty Assocs., Inc. v. Handler*, 192 F.3d 259, 261-62 (2d Cir. 1999).

monetary damages.").

There are presently no State court rent non-payment or eviction proceedings being pursued by NYCHA against plaintiff for this Court to consider enjoining. Plaintiff's motion to have this Court enjoin NYCHA from bringing *future* rent non-payment or eviction proceedings against him in State court or from pursuing the internal administrative proceeding currently pending against him must be denied. Plaintiff has failed to demonstrate any irreparable harm that will befall him in the absence of such extraordinary relief. Under settled law, a plaintiff does not suffer irreparable harm merely by being required to defend an administrative proceeding. *See Abbey v. Sullivan*, 978 F.2d 37, 46 (2d Cir. 1992). Moreover, in the event the administrative proceedings result in an adverse determination by NYCHA's Board, plaintiff may challenge that determination in an Article 78 proceeding in State court. Further, plaintiff has wholly failed to demonstrate any likelihood of success on the merits of the claims raised in his complaint, for the reasons set forth in defendants' initial motion papers.

For the reasons set forth above, plaintiff's motion for a temporary restraining order must be denied.[5]

---

[5] Contrary to plaintiff's assertion otherwise, the FHAA, and particularly 42 U.S.C. § 3613(a)(1)(A), does not require a federal court to stay a State court housing proceeding. That section provides, in part, that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ."

## Conclusion

PLAINTIFF'S MOTIONS SHOULD BE DENIED AND DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED IN ITS ENTIRETY WITH PREJUDICE.

Dated: New York, New York
May 8, 2008

> Respectfully submitted,
>
> RICARDO ELIAS MORALES
> General Counsel
> New York City Housing Authority
> Attorney for Defendants
> 250 Broadway, 9th Floor
> New York, New York  10007
> (212) 776-5259
>
> By: _____
> Jeffrey Niederhoffer (JN 1942)

Donna M. Murphy,
Jeffrey Niederhoffer,
Of Counsel