UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
GERARD O'NEILL                      |
                                    |
          Plaintiff,                |
                                    |        08 Civ. 1689(KMW)
     -against-                      |
                                    |        OPINION AND ORDER
TITO HERNANDEZ, RICARDO MORALES,    |
and NEW YORK CITY HOUSING AUTHORITY,|
                                    |
          Defendants.               |
                                    |
------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

     Plaintiff Gerard O'Neill ("Plaintiff") brings this pro se

action against Defendants New York City Housing Authority

("NYCHA"); Tino Hernandez ("Hernandez"), NYCHA's Chairman;[1] and

Ricardo Morales ("Morales"), NYCHA's General Counsel

(collectively, "Defendants").  Plaintiff resides in an apartment

in a building owned and managed by NYCHA.  (See Niederhoffer

Decl. Ex. I ("Compl.") ¶¶ 1-2; D.E. 8.)

     Based primarily on State court non-payment proceedings

brought by NYCHA against Plaintiff in 2005 and 2006 (see Compl. ¶

4), Plaintiff alleges violations of (1) the Brooke Amendment, 42

U.S.C. § 1437a(a)(1)(A) ("Brooke Amendment"); (2) the Fair

Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("FHAA");

(3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

---

[1] According to Defendants, Hernandez is "incorrectly identified
in the complaint as 'Tito' Hernandez."  (Def.s' Apr. 11, 2008 Mem. 1;
D.E. 9.)

1

to 2000e-17 ("Title VII"); (4) the Americans with Disabilities
Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); and (5) Section
504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section
504") (see id. "Wherefore" Clause ¶¶ 1, 3).

## I.    Procedural History

On or about January 28, 2008, Plaintiff commenced this
action in New York State Supreme Court, New York County.  (See
Compl.)  On February 20, 2008, Defendants removed this matter to
federal court.  (See Notice of Removal; D.E. 1.)  The Court
accepted the removed case as related to an earlier action before
the Court,[2] and scheduled a Rule 16 conference for March 28,
2008.

On March 10, 2008, Defendants requested an extension of time
to file either a Rule 12(b) motion to dismiss or an answer.  The
Court granted Defendants' request and directed Defendants to file
a motion to dismiss or an answer no later than April 11, 2008.
(See Mar. 7, 2008 Order; D.E. 4.)  On March 25, 2008, Defendants
informed the Court that they intended to file a motion to dismiss
and requested an adjournment of the Rule 16 conference until
after the Court's decision on the motion to dismiss.  The Court
granted Defendants' request.  (See Mar. 24, 2008 Order; D.E. 5.)

---

[2] On December 13, 2006, Plaintiff filed a complaint in a related
action, O'Neill v. New York City Housing Authority, et al., No. 06
Civ. 14377.  On April 26, 2007, Plaintiff filed an amended complaint
in that matter.  On August 20, 2007, the Court dismissed the action
for (1) lack of subject matter jurisdiction, and (2) failure to state
a claim upon which relief could be granted.  (See Niederhoffer Decl.
Ex. G.)

On April 11, 2008, Defendants timely filed the motion to
dismiss.  (See May 14, 2008 Order 1 n.1; D.E. 15.)  On May 1,
2008, Plaintiff moved (1) to remand the case to State court, or,
in the alternative, (2) for preliminary injunctive relief and
leave to amend the complaint.  Plaintiff's submission did not
address the arguments presented in Defendants' motion to dismiss.
(See Pl.'s May 1, 2008 Mem. 1-2; D.E. 12.)  On May 8, 2008,
Defendants filed a submission entitled "Reply Memorandum of Law
in Further Support of Their Motion to Dismiss the Complaint."
This submission opposed Plaintiff's May 1, 2008 motions.  (See
Def.s' May 8, 2008 Mem.; D.E. 13.)

On May 14, 2008, the Court ordered that "[n]o later than
Friday, June 6, 2008, Plaintiff must serve and file (1) any
opposition to Defendants' Motion to Dismiss; and (2) any reply to
Defendants' May 8, 2008 opposition to Plaintiff's May 1, 2008
motions."  (May 14, 2008 Order 2.)  The Court further ordered
that "[n]o later than Friday, June 20, 2008, Defendants must
serve and file any reply to Plaintiff's opposition to the Motion
to Dismiss."  (Id.)

On June 6, 2008, Plaintiff requested a seven-day extension
to file his submission.[3]  The Court granted Plaintiff's request,
and ordered (1) Plaintiff to serve and file his submission no

---

[3] Plaintiff's addressed his request to Magistrate Judge Ronald L.
Ellis.  Although Magistrate Judge Ellis has been designated, the Court
has not referred this matter to him.  Accordingly, the parties are
advised that all submissions should be addressed to the undersigned.

later than Friday, June 13, 2008; and (2) Defendants to serve and
file any submission no later than Friday, June 27, 2008.  (<u>See</u>
June 6, 2008 Order; D.E. 17.)

On June 13, 2008, Plaintiff filed a memorandum of law
opposing Defendants' motion to dismiss and replying to
Defendants' May 8, 2008 opposition to Plaintiff's May 1, 2008
motions.[4]  (<u>See</u> Pl.'s June 13, 2008 Mem.; D.E. 18.)  With the
benefit of full briefing on these issues, this Order addresses
Plaintiff's motions (1) to remand the case to State court, or, in
the alternative, (2) for preliminary injunctive relief and leave
to amend the complaint.

For the reasons stated below, the Court denies Plaintiff's
motion to remand to State court and Plaintiff's motion for
preliminary injunctive relief.  However, the Court grants
Plaintiff leave to amend the complaint.

---

[4] Plaintiff's June 13, 2008 submission also included (1) a letter
addressed to Magistrate Judge Ellis, (2) a "Sampling of an Amended
Complaint," and (3) copies of Plaintiff's FOIL requests and letters to
NYCHA over the past two years.
    Plaintiff's letter addressed to Magistrate Judge Ellis explains
that Plaintiff was not able to obtain "financial records" and other
documents from NYCHA until June 11, 2008.  The letter continues that
Plaintiff thus has not had an opportunity to thoroughly review these
materials, but states Plaintiff's intention to "respond in writing to
NYCHA's latest documents and financial records by no later than Friday
[sic] 20, 2008."  The Court has not yet received any submission from
Plaintiff following his June 13, 2008 submission.  Furthermore, the
Court is not clear as to what documents Plaintiff obtained from NYCHA
and what response Plaintiff intends to file.
    Plaintiff's "Sampling of an Amended Complaint" notes that "this
is an incomplete document and should be read as such."  The Court
speculates that the response Plaintiff intends to file is a complete
amended complaint.  The Court addresses leave to file an amended
complaint <u>infra</u>.

## II.  Motion to Remand to State Court

Plaintiff's arguments in support of his motion to remand to State court, construed liberally,[5] state (1) Defendants' removal is defective for failure to satisfy the amount in controversy requirement (see Pl.'s June 13, 2008 Mem. ¶ 8); (2) Plaintiff elected to file the complaint in State court to "keep active all available legal remedies" (id. ¶ 9); and (3) "compelling state issues" dictate that "the only logical and just venue would be in the NY State Supreme Court" (id. ¶ 7).  The Court finds that Plaintiff's arguments are without merit, and therefore denies Plaintiff's motion to remand to State court.

First, the amount in controversy requirement is inapplicable to this case because the Court's jurisdiction is not premised on diversity jurisdiction.  See 28 U.S.C. § 1332.  Plaintiff alleges violations of several federal statutes.  These claims confer original jurisdiction, also known as federal question jurisdiction.  See 28 U.S.C. § 1331.  Defendants thus appropriately removed this action to federal court pursuant to 28 U.S.C. § 1441.  Accordingly, the Court finds that Plaintiff's amount in controversy argument is without merit.

Moreover, the Court finds that Plaintiff's motion to remand to State court is untimely.  See 28 U.S.C. § 1447(c) ("A motion

---

[5] Because Plaintiff proceeds pro se, the Court construes Plaintiff's submissions to "raise the strongest arguments that they suggest."  Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted).

to remand the case on the basis of any defect other than lack of
subject matter jurisdiction must be made within 30 days after the
filing of the notice of removal."). Defendants' February 20,
2008 removal of this action fully complied with the procedures
set forth in 28 U.S.C. § 1446. Accordingly, the Court finds that
Plaintiff's May 1, 2008 motion to remand to State court, which is
not based on lack of subject matter jurisdiction, is untimely.

Second, removal to federal court does not deprive Plaintiff
of any legal remedies. Whenever "non-removable claims or causes
of action" are joined with claims removable pursuant to 28 U.S.C.
§ 1331, "the entire case may be removed and the district court
may determine all issues therein, or, in its discretion, may
remand all matters in which State law predominates." 28 U.S.C. §
1441(c). As stated above, Plaintiff's complaint includes several
claims which are removable pursuant to 28 U.S.C. § 1331.
Therefore, the Court may decide all of Plaintiff's claims.
Accordingly, the Court finds that Plaintiff's legal remedies
argument is without merit.

Third, Plaintiff's complaint does not raise "compelling
state issues" that would require abstention pursuant to Younger
v. Harris, 401 U.S. 37 (1971). "Younger generally requires
federal courts to abstain from taking jurisdiction over federal
constitutional claims that involve or call into question ongoing
state proceedings." Diamond "D" Constr. Corp. v. McGowan, 282
F.3d 191, 198 (2d Cir. 2002) (setting forth when abstention is

required under <u>Younger</u>).  "In the absence of an ongoing state proceeding . . . <u>Younger</u> abstention is [not] implicated." <u>Sierra v. City of New York</u>, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008). Plaintiff fails to allege an ongoing state proceeding, or a federal constitutional claim.  Therefore, this Court is an appropriate forum for Plaintiff's action.  Accordingly, the Court finds that Plaintiff's compelling state interests argument is without merit.

**III. Motion for Preliminary Injunctive Relief**

Plaintiff seeks preliminary injunctive relief enjoining NYCHA from the pursuit of any legal proceedings in housing court and any administrative proceedings against Plaintiff.  (<u>See</u> Pl.'s May 1, 2008 Mem. ¶ 9; Pl.'s June 13, 2008 Mem. ¶¶ 12-15.) Plaintiff's arguments in support of his motion for preliminary injunctive relief, construed liberally, state (1) a federal court is required to stay a State housing court proceeding, including an administrative hearing, pursuant to 42 U.S.C. § 3613(a)(1)(A) of the FHAA (<u>see</u> Pl.'s June 13, 2008 Mem. ¶ 13); and (2) without preliminary injunctive relief, "NYCHA will continue to threaten eviction" (<u>id.</u> ¶ 15).  The Court finds that Plaintiff's arguments are without merit, and therefore denies Plaintiff's motion for preliminary injunctive relief.

First, 42 U.S.C. § 3613(a)(1)(A) does not require a federal court to stay a State housing court proceeding.  This private enforcement provision provides, in relevant part, that "[a]n

aggrieved person may commence a civil action in an appropriate United States district court or State court . . . to obtain appropriate relief [for an alleged] discriminatory housing practice." Under the plain language of the statute, the Court is not required to stay any State housing court proceeding, including an administrative hearing, against Plaintiff. Accordingly, the Court finds that Plaintiff's 42 U.S.C. § 3613(a)(1)(A) argument is without merit.

Second, Plaintiff cannot make the required showing of irreparable harm. To obtain preliminary injunctive relief, Plaintiff must show, <u>inter alia</u>, "that the injunction is necessary to prevent irreparable harm." <u>Phillip v. Fairfield Univ.</u>, 118 F.3d 131, 133 (2d Cir. 1997). To demonstrate irreparable harm, Plaintiff must establish "that absent a preliminary injunction [he] will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" <u>Freedom Holdings, Inc. v. Spitzer</u>, 408 F.3d 112, 114 (2d Cir. 2005) (quoting <u>Rodriquez v. DeBuono</u>, 175 F.3d 227, 234-35 (2d Cir. 1999)). Plaintiff alleges only that an administrative hearing is pending (<u>see</u> Pl.'s June 13, 2008 Mem. ¶ 13), and that eviction "will never be executed" because any effort to evict "will be abandoned" consistent with "past attempts to evict" (<u>id.</u> ¶ 15). Plaintiff thus fails to allege

8

even his own perception of an actual and imminent injury.[6]
Accordingly, the Court finds that Plaintiff's continuous threat
argument is without merit.

Moreover, the Anti-Injunction Act bars this Court from
enjoining legal proceedings in housing court and administrative
proceedings against Plaintiff.  The Anti-Injunction Act provides
that "[a] court of the United States may not grant an injunction
to stay proceedings in a State court except [1] as expressly
authorized by Act of Congress, or [2] where necessary in aid of
its jurisdiction, or [3] to protect or effectuate its judgments."
28 U.S.C. § 2283.  The Act is "an absolute prohibition against
enjoining state court proceedings, unless the injunction falls
within one of three specifically defined exceptions." MLE Realty
Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999) (internal
quotation marks and citation omitted).  The Court finds that none
of these exceptions are applicable.[7] Cf. Sierra, 528 F. Supp. 2d

---

[6] The Court notes that NYCHA is not presently pursuing any State
court non-payment or eviction proceedings against Plaintiff.
(See Def.s' May 8, 2008 Mem. 2-3 n.3.)

[7] To the extent that Plaintiff relies on McNeill v. New York City
Housing Authority, 719 F. Supp. 233, 256 (S.D.N.Y. 1989) to argue that
the second exception to the Anti-Injunction Act applies to this case,
Plaintiff's reliance is misplaced.  (See Pl.'s May 1, 2008 Mem. ¶ 9
("any relief deemed equitable would be tantamount to no relief if the
real property was no longer part of the equation").)  In McNeill, the
plaintiffs alleged that they were "terminated from the Section 8
program due to circumstances beyond their control without adequate
notice and without any opportunity to challenge termination."  719 F.
Supp. at 256.  The Court reasoned that in such circumstances "a change
in NYCHA's Section 8 termination policies and practices would mean

9

at 468-69.

## IV.  Leave to Amend the Complaint

Plaintiff seeks "leave to amend the complaint to include items intentionally omitted in the state court's version of the complaint and other items." (Pl.'s May 1, 2008 Mem. ¶ 8; see also Pl.'s June 13, 2008 Mem. ¶¶ 16-18.)  Defendants oppose this motion primarily on the grounds that "Plaintiff has failed to identify any set of facts that would constitute a valid claim which, if proved, would entitle him to relief."  (Def.s' May 8, 2008 Mem. 6.)

Plaintiff and Defendants focus on Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  However, the parties overlook Rule 15(a)(1), which provides that "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading."

---

little to plaintiffs [if they] have already lost their apartments." Id.
  Plaintiff fails to allege a similar due process violation. Plaintiff's claims are instead premised on allegedly illegal rent charges, which have previously led to allegedly inappropriate non-payment and eviction proceedings.  (See Pl.'s June 13, 2008 Mem. ¶¶ 12-13.)  This Court may consider such allegations and award any appropriate relief irrespective of Plaintiff's housing status. Accordingly, even Plaintiff's eviction from his apartment would not "seriously impair [this] court's flexibility and authority to decide" Plaintiff's claims raised under the Brooke Amendment, the FHAA, Title VII, the ADA, Section 504, or New York law.  Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970).  The second exception to the Anti-Injunction Act thus does not apply to this case.

Defendants' Rule 12 "motion to dismiss is not a responsive pleading," and therefore, Plaintiff may amend the complaint as a matter of course. Copeland ex. Rel. NBTY, Inc. v. Rudolph, 160 Fed. Appx. 56, 58 (2d Cir. 2005) (citing Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1483, at 585 (2d ed. 1990)); see also 3 James Wm. Moore et al., Moore's Federal Practice § 15.11 (3d ed. 2007).

The Court deems Defendants' April 11, 2008 motion to dismiss to be withdrawn because Plaintiff has expressed his intention to file an amended complaint. The Court orders Plaintiff to serve and file his complete amended complaint no later than Monday, July 7, 2008. This leave to amend is granted pursuant to Rule 15(a)(1).[8] Pursuant to Rule 15(a)(3), Defendants must respond to Plaintiff's amended pleading "within 10 days after service of the amended pleading." Accordingly, no later than July 21, 2008, Defendants must (1) re-serve and re-file the April 11, 2008 motion to dismiss, or (2) serve and file a different motion to dismiss, or (3) serve and file an answer. If Plaintiff fails to file a complete amended complaint in accordance with this Order, Defendants may file a written request for restoration of the April 11, 2008 motion to dismiss.

---

[8] Because Rule 15(a)(1) provides only one opportunity to amend as a matter of course, any further requests to amend the pleadings will be governed by Rule 15(a)(2).

11

**V.    Conclusion**

For the reasons stated above, the Court denies Plaintiff's motion to remand to State court (D.E. 12), and Plaintiff's motion for preliminary injunctive relief (D.E. 12).  The Court grants Plaintiff leave to amend the complaint pursuant to Rule 15(a)(1). (D.E. 12.)  The Court deems Defendants' April 11, 2008 motion to dismiss to be withdrawn.  (D.E. 16.)

SO ORDERED.

Dated:    New York, New York
          June 24 , 2008

                                    _____
                                         Kimba M. Wood
                                    United States District Judge

12