UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(Pro Se Plaintiff)

GERARD O'NEILL,

08 CV 1689 (KMW)(RLE)

Plaintiff,

- against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Ricardo Elias Morales
General Counsel
New York City Housing Authority
Attorney for Defendants
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259

Donna M. Murphy,
Jeffrey Niederhoffer,
Of Counsel

## Table of Contents

Table of Authorities ....................................................................................... i

Preliminary Statement ................................................................................... 1

Fact Statement ............................................................................................... 2

Applicable Legal Principles .......................................................................... 6

Argument

    I.   PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CAUSE OF   7
        ACTION FOR A VIOLATION OF RIGHTS UNDER THE FOURTH,
        FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS, THE
        AMERICANS WITH DISABILITIES ACT, THE REHABILITATION
        ACT OF 1973, THE FAIR HOUSING ACT OR 42 U.S.C. § 1983

    II.   PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CAUSE OF   17
        ACTION FOR FRAUD, FRAUD ON THE COURT, INTENTIONAL
        MISREPRESENTATION OF MATERIAL FACTS, MALICIOUS
        PROSECUTION OR ABUSE OF PROCESS

    III.  PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CAUSE OF   22
        ACTION FOR INTENTIONAL OR NEGLIGENT INFLICTION OF
        EMOTIONAL DISTRESS OR INVASION OF PRIVACY

Conclusion .................................................................................................... 25

# TABLE OF AUTHORITIES

## FEDERAL CASES

Alfaro Motors, Inc v. Ward,
    814 F.2d 883 (2d Cir. 1987) ........................................................................ 14, 15

Anthony v. City of New York,
    339 F.3d 129 (2d Cir. 2003) ...................................................................... 16

Arizona v. Evans,
    514 U.S. 1 (1995) ...................................................................................... 16

Austin v. United States, 509 U.S. 602 (1993) ................................................................16

Barnes v. Gorman,
    536 U.S. 181 (2002) ................................................................................. 8

Beckham v. New York City Housing Authority,
    755 F.2d 1074 (2d Cir. 1985) ................................................................ 12, 13

Bell Atlantic Corporation v. Twombly,
    127 S. Ct. 1955 (2007) ........................................................................... 6

Bey v. City of New York,
    97 Civ. 4800, 1999 U.S. Dist. LEXIS 11379 (S.D.N.Y. 1999).........................8, 9

Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001) .......................... 20

Brown-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257 (1989) ...........17

Cellular Phone Taskforce v. Federal Communications Commission,
    217 F.3d 72 (2nd Cir. 2000) .................................................................. 9

Center Cadillac v. Bank Leumi Trust Co.,
    808 F. Supp. 213 (S.D.N.Y. 1992) .......................................................... 18

Chambers v. NASCO, Inc., 501 U.S. 32 (1991) .............................................................19

Civic Ass'n of the Deaf v. Giuliani, 915 F. Supp. 622 (S.D.N.Y. 1996) ............................8

D'Amico v. City of New York, 132 F.3d 145 (2d Cir.), cert. denied, 524 U.S. 911 (1998) .............8

Danielak v. City of New York,
    2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. Sept. 26, 2005) ............................... 24

Davis v. City of New York,
    2000 U.S. Dist. LEXIS 18520 (S.D.N.Y. Dec. 27, 2000) .......................................... 22, 23

In re Edward J. Waters,
    2008 Bankr. LEXIS 374 (Bankr. D. Conn. Feb. 8, 2008) .......................................... 19, 20

Flight v. Gloecker,
    68 F.3d 61 (2nd Cir. 1995) .......................................................................................... 9

Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn,
    280 F.3d 98 (2d Cir. 2001) .......................................................................................... 15

Gavish v. Revlon, Inc.,
    2004 U.S. Dist. LEXIS 19771 (S.D.N.Y. Sept. 30, 2004) ................................................. 7

Gleason v. Jandrucko,
    860 F.2d 556 (2d Cir.1988) .......................................................................................... 19

Gonzaga University v. Doe, 536 U.S. 273 (2002) .......................................................................13

Goss v. Fairfield Housing Authority, 2006 U.S. Dist. LEXIS 27056 (D. Conn.
    Mar. 14, 2006) .......................................................................................... 10

Hack v. President & Fellows of Yale Coll.,
    237 F.3d 81 (2d Cir. 2000) .......................................................................................... 11

Hadges v. Yonkers Racing Corp.,
    48 F.3d 1320 (2d Cir.1995) .......................................................................................... 19

Harris v. Mills,
    478 F. Supp. 2d 544 (S.D.N.Y. 2007) .......................................................................... 9

Hazel-Atlas Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) .......................................................19

Hubbard v. Samson Management Corporation,
    994 F. Supp. 187 (S.D.N.Y. 1998) .............................................................................. 10

Interstate Investors, Inc. v. U.S.,
    287 F. Supp. 374 (S.D.N.Y. 1968), aff'd, 393 U.S. 479 (1969) ...................................... 20

Kelly v. Chase Manhattan Bank,
    717 F. Supp. 227 (S.D.N.Y. 1989) .............................................................................. 24

Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072 (2d Cir. 1972) ......................19

Mitchell v. Keane, 974 F.Supp. 332 (S.D.N.Y. 1997) .............................................................14, 15

Lauro v. Charles, 219 F.3d 202, 209 (2d Cir. 2000)..................................................................16

Monell v. Department of Social Servs., 436 U.S. 658 (1978) .......................................13

Mortise v. United States,
    102 F.3d 673 (2d Cir. 1996) ................................................................ 24

Olmstead v. Zimring ex rel. L.C.,
    527 U.S. 581 (1999) ............................................................................ 8

Pandozy v. Segan,
    518 F. Supp. 2d 550 (S.D.N.Y. 2007) ................................................ 19

Pfotzer v. Amercoat Corp., 548 F.2d 51 (2d Cir. 1977) ................................19

Plyler v. Doe,
    457 U.S. 202 (1982) .......................................................................... 15

Reddington v. Staten Island University Hospital,
    511 F.3d 126 (2d Cir. 2007) ................................................................ 7

Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown,
    294 F.3d 35 (2d. Cir.), cert. denied, 537 U.S. 813 (2002) ................ 11

Rodenhouse v. Palmyra-Macedon Central Sch. District,
    2008 U.S. Dist. LEXIS 43363 (W.D.N.Y. June 2, 2008) .................. 11

Root Refin. Co. v. Universal Oil Products, 169 F.2d 514 (3d Cir. 1948) .........................19

Soto v. City of Newark,
    72 F. Supp. 2d 489 (D.N.J. 1999) ........................................................ 8

Tsombanidis v. West Haven Fire Department,
    352 F.3d 565 (2d Cir. 2003) .............................................................. 10

United States v. Baj,
    524 U.S. 321 (1998) .......................................................................... 16

Wagner Spray Tech Corp. v. Wolf, 113 F.R.D. 50 (S.D.N.Y. 1986) ................................19

Weinreich v. Los Angeles County Metropolitan Authority,
    114 F.3d 976 (9th Cir. 1997) ........................................................... 8, 9

Williams v. New York City Housing Authority,
    2007 U.S. Dist. LEXIS 91134 (S.D.N.Y. Nov. 30, 2007) ........... 11, 14

Williams v. Utica Coll. of Syracuse University,
    453 F.3d 112 (2d Cir. 2006) .............................................................. 23

Wright v. City of Roanoke Redevelopment and Housing Authority,
    479 U.S. 418 (1987) .................................................................... 11, 12

## STATE CASES

Brown v Sears Roebuck and Co.,
    297 A.D.2d 205 (1st Dep't 2002) ................................................. 20

Channel Master Corp. v Aluminium Ltd. Sales,
    4 N.Y.2d 403 (1958) .................................................................... 17

Cohen v Houseconnect Realty Corp.,
    289 A.D.2d 277 (2d Dep't 1001) ................................................. 17

Curiano v. Suozzi,
    63 N.Y.2d 113 (1984) .............................................................. 20, 21

Greschler v Greschler,
    51 N.Y.2d 368 (1980) ................................................................. 18

H & R Project Associate v City of Syracuse,
    289 A.D.2d 967 (4th Dep't 2001) .............................................. 18

Howell v. New York Post Company, Inc.,
    81 N.Y.2d 115 (1993) ............................................................. 22, 23

Hudson Riv. Club v. Consolidated Edison Co. of N.Y.,
    275 A.D.2d 218 (1st Dep't 2000) ............................................... 18

Jeffreys v. Griffin, 1 N.Y.3d 34 (2003) .............................................. 24

Johnson v. Jamaica Hosp., 62 N.Y.2d 523 (1984) ........................... 24

Kennedy v McKesson Co.,
    58 N.Y.2d 500 (1983) ................................................................. 23

Kenneth S. v. Berkshire Farm Center and Services For Youth,
    36 A.D.3d 1092 (3d Dep't 2007) ................................................ 23

Lama Holding Co. v Smith Barney Inc.,
    88 N.Y.2d 413 (1996); ................................................................ 17

Lauer v. City of New York,
    230 A.D.2d 543 (2d Dep't 1997) ................................................ 22

Murphy v. American Home Products Corp.,
    58 N.Y.2d 293 (1983) ............................................................. 22, 23

Panish v. Steinberg, 32 A.D.3d 383 (2d Dep't 2006) ................................................... 20

Parrott v Coopers & Lybrand, LLP,
        95 N.Y.2d 479 (2000) ...................................................................... 18

Smith-Hunter v Harvey,
        95 N.Y.2d 191 (2000) ...................................................................... 20

Vasarhelyi v. New School for Social Research,
        230 A.D.2d 658 (1st Dep't 1996) ..................................................... 23

Watertown Housing Authority v. Kirkland,
        766 N.Y.S.2d 790 (City Court of New York, Watertown 2003) ....................................... 14

Young Wen Mo v. Gee Ming Chan, 17 A.D.3d 356 (2d Dep't 2005) ......................................... 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD O'NEILL,                                          08 CV 1689 (KMW)(RLE)

                           Plaintiff,

           - against -

TITO HERNANDEZ,
RICARDO MORALES, and
NEW YORK CITY HOUSING AUTHORITY,

                           Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### Preliminary Statement

Plaintiff Gerard O'Neill, a tenant at Douglass Houses, a New York City Housing Authority

(NYCHA) housing development located in Manhattan, commenced this action in New York State

Supreme Court against NYCHA, its Chairman, Tino Hernandez, and its General Counsel, Ricardo

Morales, alleging, among other things, that NYCHA brought State court non-payment proceedings against

him in 2005 and 2006 in violation of the Brooke Amendment (42 U.S.C. 1437a(a)(1)(A)) and that, the

day after an appearance in one of the State Court non-payment proceedings, four social workers from

NYCHA knocked on his door unannounced and later telephoned him. Plaintiff sought to recover

compensatory and punitive damages under the Brooke Amendment (42 U.S.C. 1437a(a)(1)(A)), Title VII

of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq*.), the Americans With Disabilities Act of 1990

(ADA) (42 U.S.C. § 12101 *et seq*.), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794)

and the Fair Housing Act (FHA) (42 U.S.C. §§ 3601-3619).

Defendants removed this complaint to federal court and thereafter moved to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff then moved for an order remanding the case to State court, for permission to serve an amended complaint and for preliminary injunctive relief. In an Opinion and Order, dated June 24, 2008, the Court granted plaintiff's motion for permission to serve and file an amended complaint, but otherwise denied his motions for a remand and for preliminary injunctive relief. The Court also deemed defendants' motion to dismiss the initial complaint to be withdrawn.

On July 7, 2008, plaintiff served his First Amended Complaint, which, among other things, purports to advance claims sounding in fraud, fraud on the court, intentional misrepresentation of material facts, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress and invasion of privacy in addition to claims under Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, the FHAA, 42 U.S.C. 1983, and the 4th, 5th, 8th and 14th Amendments to the United States Constitution. Plaintiff seeks unspecified economic and non-economic damages.

For the reasons set forth below, defendants' motion to dismiss the First Amended Complaint should be granted on the grounds that plaintiff has failed to state a cognizable claim upon which relief may be granted and that, in any event, his challenge to the State court non-payment proceedings is meritless, nonetheless, to the extent that plaintiff is asserting such a claim.

### Fact Statement

**Plaintiff's Tenancy and Monthly Rent**

Plaintiff Gerard O'Neill is, and has been since November 1996, a tenant at Douglass Houses, a NYCHA housing development located in Manhattan, residing at 870 Columbus Avenue, Apt. 3C. Declaration of Jeffrey Niederhoffer in Support of Defendants' Motion to Dismiss the First Amended

Complaint (Niederhoffer Declar.), Exh. A. Based upon an annual review of plaintiff's income, completed

in October 2005, plaintiff's monthly rent is, and has been since November 2005, $196.00, which is one-

twelfth of 30% of his adjusted net income of $7832.00. Niederhoffer Declar., Exh. B.[1]

### The 2005 Housing Court Rent Non-Payment Proceeding

On or about October 5, 2005, NYCHA commenced a rent non-payment proceeding against

plaintiff in the Housing Part of the Civil Court of the City of New York (*NYCHA/Douglass Houses v.*

*Gerard O'Neill*, L & T Index No. 05/022996) seeking the sum of $668.17, representing past due accrued

rent in the amount of $668.00 for September 2005 and a $0.17 miscellaneous charge. Plaintiff answered

the petition on or about October 17, 2005, essentially disputing the amount owed. On October 26, 2005,

based on plaintiff's default, a Judgment in the amount of $668.17 was entered in NYCHA's favor. A

warrant of eviction was issued to the New York City Marshall on March 22, 2006. On May 9, 2006,

Housing Court Judge David B. Cohen granted plaintiff's motion to vacate the prior Judgment, staying the

execution of the warrant of eviction conditioned upon plaintiff paying to NYCHA the sum of $1,765.69

in past due accrued rent for the period August 2005 through May 2006 on or before May 23, 2006. As

of May 9, 2006, plaintiff owed NYCHA $1,855.86. NYCHA waived recovery of $90.00 in "legal fees"

consisting of $75.00 for service of two petitions and $15.00 relating to the request for the warrant of

eviction. NYCHA also abandoned recovery of the 17-cent miscellaneous charge. The remaining $1,765.69

---

[1] Effective August 1, 2004, plaintiff's monthly rent was increased from $188.00 to $191.00. Niederhoffer Declar., Exh. C. Because plaintiff failed to submit his annual income review papers for 2005 when they were due in August 2005, plaintiff's rent was increased to $668.00, the maximum permitted for that apartment, for September and October 2005. Niederhoffer Declar., Exh. B; Niederhoffer Declar., Exh. J (Declaration of Michael Wyands in Support of Defendants' Motion to Dismiss the Complaint [Wyands Declar.]), ¶ 5. After the 2005 annual review of plaintiff's income was completed, plaintiff's account was duly credited by the Douglass Houses management office. Wyands Declar., ¶ 7. Notwithstanding plaintiff's failure to submit annual income review papers for 2006 and 2007, plaintiff's monthly rent remains at $196.00. Niederhoffer Declar., Exh. D; Wyands Declar., ¶ 8.

consisted solely of rent, broken down as nine months of rent at $196.00 per month for the period September 2005 through May 2006, with the remaining $1.69 charged to August 2005. On or about May 17, 2006, plaintiff paid $1300.00 towards the total amount due, leaving $465.69. On June 20, 2006, Housing Court Judge Cohen granted plaintiff's motion, essentially for an extension of time to pay the remaining amount due, by directing plaintiff to pay $465.69 by July 15, 2006. NYCHA waived recovery of a legal fee, consisting of a $22.50 charge for service of the warrant of eviction. The prior Final Judgment and warrant of eviction remained in effect, however. Plaintiff paid $464.00 on July 17, 2006. NYCHA did not thereafter pursue execution of the warrant of eviction. Niederhoffer Declar., Exh. E; Wyands Declar., ¶¶ 9-14.

**The 2006 Housing Court Rent Non-Payment Proceeding**

On or about November 25, 2006, NYCHA commenced a rent non-payment proceeding against plaintiff in the Housing Part of the Civil Court of the City of New York (*NYCHA/Douglass Houses v. Gerard O'Neill*, L & T Index No. 06/025727) seeking the sum of $506.36, representing past due accrued rent broken down as two months' rent at $196.00 per month for September and October 2006, with the remaining $114.36 attributed to August 2006. Plaintiff commenced an action in the Southern District of New York under the caption *O'Neill v. New York City Housing Authority, et al.*, 06-CV-14377 (KMW) on December 13, 2006. Plaintiff thereafter answered the Housing Court petition, on or about December 27, 2006, essentially seeking to enjoin the proceedings in Housing Court until his federal court case (Southern District of New York Docket Number 06-cv-14377) was resolved. On January 5, 2007, based on plaintiff's default, judgment in the amount of $506.32 was entered in NYCHA's favor. On March 16, 2007, upon plaintiff's motion, Housing Court Judge Louis Villella vacated the prior Final Judgment,

4

issuing a "So Ordered" Stipulation and a new Judgment in NYCHA's favor in the amount of $1,180.11, which plaintiff was required to pay by April 16, 2007. As of March 16, 2007, plaintiff owed NYCHA $1,217.61. NYCHA waived recovery of $37.50 in a legal fee for service of the Housing Court petition, leaving $1,180.11 due and owing in accrued rent, broken down as six months' rent at $196.00 per month for October 2006 through March 2007, with the remaining $4.11 charged to September 2006. Plaintiff paid $1,000.00 towards the amount due and owing by April 13, 2007, leaving $180.11 unpaid. By order, dated May 1, 2007, Housing Court Judge Michelle Schreiber vacated the March 16, 2007 Stipulation, issuing a "So Ordered" Stipulation, dated July 31, 2007, awarding NYCHA a Final Judgment in the amount of $588.00, representing three months' rent at $196.00 per month for May 2007 through July 2007, to be paid by August 31, 2007, and directing NYCHA to credit plaintiff's account in the amount of $180.11 representing legal fees previously charged to and paid by plaintiff. NYCHA also waived a current legal fee of $37.50. By Order, dated September 18, 2007, Housing Court Judge Schreiber granted plaintiff's request for an extension of time to pay the Judgment, but otherwise denied plaintiff's motion to vacate the July 31, 2007 "So Ordered" Stipulation and Judgment. On September 28, 2007, plaintiff paid to NYCHA $980.00, representing the $588.00 due and owing under the July 31, 2007 Judgment and $392.00 in rent for the months of August and September 2007. Niederhoffer Declar., Exh. F; Wyands Declar., ¶¶ 15-21.

**Dismissal of Plaintiff's December 2006 Action**

Plaintiff's December 2006 federal court action was dismissed by the Court on August 20, 2007 because the Court lacked subject matter jurisdiction and because plaintiff had failed to state a claim upon

which relief could be granted. Niederhoffer Declar., Exh. G.[2]

**Plaintiff's Present Action**

Plaintiff commenced the instant action in New York State Supreme Court (New York County) on or about January 28, 2008, seeking monetary and equitable relief under the Brooke Amendment, Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act. *See* Niederhoffer Declar., Exhibit I. Defendants removed the case to federal court on February 20, 2008. In response to that motion to dismiss, plaintiff served an undated "Motion to File a Late Response to Notice of Removal and Request to Remand Back to State Court," a "Motion to Amend a Complaint," and a "Motion for a TRO."

On June 24, 2008, the Court granted plaintiff's motion for permission to serve and file an amended complaint, but otherwise denied his motions for a remand and fro preliminary injunctive relief. The Court deemed defendants' motion to dismiss the initial complaint withdrawn.

Plaintiff served his First Amended Complaint, which defendants seek to have dismissed.

### Applicable Legal Principles

In order for a complaint to withstand a motion to dismiss under Rule 12(b), plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Under *Bell Atlantic*, although heightened fact pleading of specifics is not required, the plaintiff must nonetheless allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (ruling that, "[b]ecause the plaintiffs here have not nudged their claims

---

[2] NYCHA was never served with the pleadings in that case, and the District Court Clerk's Office has not been able to locate the case file.

across the line from conceivable to plausible, their complaint must be dismissed."); *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) ("Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."); *see also Gavish v. Revlon, Inc.*, 2004 U.S. Dist. LEXIS 19771, at *31 (S.D.N.Y. Sept. 30, 2004) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations" and will not defeat a motion to dismiss.").

## ARGUMENT

### POINT I.

### PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION FOR A VIOLATION OF RIGHTS UNDER THE FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS, THE ADA, THE REHABILITATION ACT, THE FHA OR 42 U.S.C. § 1983.

In the paragraphs 50 through 94 of the First Amended Complaint, plaintiff purports to advance claims for violation of his rights under the 4th, 5th, 8th and 14th Amendments to the United States Constitution, under Title II of the ADA, section 504 of the Rehabilitation Act of 1973, the FHA, and 42 U.S.C. 1983. These claims must be dismissed.

**A. Title II of the ADA, Section 504 of the Rehabilitation Act of 1973 and the FHA**

Although plaintiff alleges in his First Amended Complaint that he "is an individual considered disabled with a physical or mental impairment that substantially limits one or more major life activities," plaintiff has not otherwise sufficiently alleged a cognizable claim to raise a right to relief under Title II of the ADA, section 504 of the Rehabilitation Act of 1973, or the FHA. Accordingly, the causes of action sought

7

to be advanced under these statutes must be dismissed in their entirety.

Title II of the ADA (42 U.S.C. §§ 12131-12134), "set[s] forth prohibitions against discrimination in . . . public services furnished by governmental entities." *Olmstead v. Zimring ex rel. L.C.*, 527 U.S. 581, 589 (1999); *see also* 42 U.S.C. § 12131(1) (defining "public entity"). The pertinent statute provides as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."

42 U.S.C. § 12132.

In order to state a claim under Title II of the ADA, plaintiff must allege the following: (1) that he is a "qualified individual with a disability"; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich v. Los Angeles County Metropolitan Authority*, 114 F.3d 976, 978 (9th Cir. 1997); *Soto v. City of Newark*, 72 F.Supp.2d 489, 492 (D.N.J. 1999); *Bey v. City of New York*, 97 Civ. 4800, 1999 U.S. Dist. LEXIS 11379 at *10 (S.D.N.Y. 1999) (citing *Civic Ass'n of the Deaf v. Giuliani*, 915 F.Supp. 622, 634 (S.D.N.Y. 1996) and *D'Amico v. City of New York*, 132 F.3d 145, 150 (2d Cir.), *cert. denied*, 524 U.S. 911, 118 S.Ct. 2075 (1998)).

Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination against the disabled by recipients of federal funding, *Barnes v. Gorman*, 536 U.S. 181, 184-185 (2002), provides, in part, as follows: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason

8

of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ..." 29 U.S.C. § 794(a). The elements of a cause of action under section 504 of the Rehabilitation Act of 1973 are similar to those for a cause of action under Title II of the ADA: that is, plaintiff must show that (1) he is an "individual with a disability," (2) he was denied the benefit of the program solely by reason of his disability, (3) he was "otherwise qualified" to receive the benefit, and (4) the program involved receives federal assistance. *Weinreich*, 114 F.3d at 978. In fact, Title II of the ADA and section 504 of the Rehabilitation Act are interpreted in similar fashion. *Bey*, 1999 U.S. Dist. LEXIS 11379 at *10 n.5.[3]

Plaintiff's First Amended Complaint is devoid of any factual allegations regarding the first, second and third elements necessary for a cause of action under Title II of the ADA or section 504 of the Rehabilitation Act of 1973, and consequently no cause of action is stated under either statute. Accordingly, defendants are entitled to judgment dismissing all claims plaintiff purports to advance under the ADA or Section 504 of the Rehabilitation Act of 1973. *See Cellular Phone Taskforce v. Federal Communications Commission*, 217 F.3d 72, 74-75 (2nd Cir. 2000) (determining petitioner's Rehabilitation Act claim to be meritless where petitioner, misconstruing the scope of the Rehabilitation Act's protections, failed to make the requisite allegations in its pleading); *Flight v. Gloecker*, 68 F.3d 61, 64 (2nd Cir. 1995) (dismissal of discrimination claim affirmed where plaintiff had failed to allege disparate treatment as compared to benefits given to non-handicapped individuals); *Bey*, 1999 U.S. Dist. LEXIS

---

[3] Individuals may not be held liable under either the ADA or Section 504 of the Rehabilitation Act of 1973. *Harris v. Mills*, 478 F. Supp. 2d 544, 547-548 (S.D.N.Y. 2007). Accordingly, any claims that plaintiff purports to advance under the ADA or Section 504 of the Rehabilitation Act of 1973 against Hernandez or Morales must also be dismissed for that reason.

11379 at *12 (court noted that plaintiff had failed to allege a discrimination claim based on disability).

Among other things, the FHA proscribes, generally, discrimination in the sale or rental of housing because of race, color, religion, sex, handicap, familial status, or national origin. *See* 42 U.S.C. § 3604. Further, the FHA makes unlawful discrimination on the basis of race, color, religion, sex, handicap, familial status, or national origin, "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling. 42 U.S.C. §§ 3604(b) and (f)(2)(A). Discrimination prohibited by the FHA includes the refusal to make "reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford [the handicapped individual] an equal opportunity to use and enjoy a dwelling." 42 U.S.C. 3604(f)(3)(B). *Hubbard v. Samson Management Corporation*, 994 F. Supp. 187, 190 (S.D.N.Y. 1998).

Plaintiff has failed to state a cognizable discrimination claim under the Fair Housing Act of 1988. Entirely absent from plaintiff's First Amended Complaint are any allegations that he was discriminated against on any basis in the rental of housing, or in the terms, conditions, or privileges of rental of a dwelling on any basis, or in the provision of services or facilities in connection with such dwelling on any basis, or that he was denied the opportunity to use and enjoy his apartment equal to that of a non-disabled person. Accordingly, defendants are entitled to judgment dismissing all claims plaintiff purports to advance under the FHA. *See Goss v. Fairfield Housing Authority*, 2006 U.S. Dist. LEXIS 27056, at * 9-*12 (D. Conn. Mar. 14, 2006); *Hubbard*, 994 F. Supp. at 190.[4]

---

[4] To the extent that plaintiff purports to advance a claim under the ADA or the FHA based upon disparate impact, such a claim must fail. As stated by the court in *Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 574-575 (2d Cir. 2003), disparate impact analysis focuses on facially neutral policies or practices that may have a discriminatory effect. The basis for a successful disparate impact claim involves a comparison between two groups - those affected and those unaffected by the facially neutral policy. To establish a prima facie case under this theory,

**B.  42 U.S.C. § 1983**

Plaintiff appears to allege in his First Amended Complaint that NYCHA General Counsel Ricardo

Morales is liable under 42 U.S.C. § 1983 for failing to train or supervise NYCHA attorneys and employees

working in Civil Court of the City of New York to recognize and prevent violations of the Brooke

Amendment. *See* First Amended Complaint at ¶ 51. Although violations of the Brooke Amendment are

actionable under section 1983, *see Wright v. City of Roanoke Redevelopment and Housing Authority*,

479 U.S. 418 (1987), plaintiff's section 1983 claim predicated upon the Brooke Amendment fails.

To prevail on a claim under section 1983, the plaintiff must show that the defendant is a "person"

acting under "color of state law" and that the defendant cause the plaintiff to be deprived of a federal right.

*Rodenhouse v. Palmyra-Macedon Central Sch. Dist.*, 2008 U.S. Dist. LEXIS 43363, at *7-*8

(W.D.N.Y. June 2, 2008); *Williams v. New York City Housing Authority*, 2007 U.S. Dist. LEXIS

91134, at *13, *17 (S.D.N.Y. Nov. 30, 2007). For the reasons set forth below, plaintiff has not stated

a cognizable cause of action under the Brooke Amendment; therefore, his section 1983 claim fails.

Plaintiff appears to allege that NYCHA violated the Brooke Amendment by bringing baseless and

illegal State court rent non-payment proceedings against him in which it wrongfully sought to recover from

him sums of money other than past-due rent, including illegal charges recast as rent. Plaintiff's allegations

fail to state a cognizable cause of action under the Brooke Amendment and, as explained below, NYCHA

---

the plaintiff must show: (1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 52-53 (2d. Cir.), *cert. denied*, 537 U.S. 813 (2002). Furthermore, the plaintiff must show a causal connection between the facially neutral policy and the alleged discriminatory effect. *See Hack v. President & Fellows of Yale Coll.*, 237 F.3d 81, 90-91 (2d Cir. 2000). In the present case, at the very least, plaintiff has failed to allege the existence of any facially neutral policies or practices that may have a discriminatory effect on disabled tenants.

only recovered accrued rent due and owing in the rent non-payment proceedings.

The Brooke Amendment (42 U.S.C. § 1437a(a)(1)) to the United States Housing Act of 1937 imposed a ceiling on rents charged to low-income persons living in public housing projects, and, as later amended, provides that a low-income family "shall pay as rent" a specified percentage of its income. The Brooke Amendment currently reads, in pertinent part, as follows:

> (1) Dwelling units assisted under this chapter shall be rented only to families who are low-income families at the time of their initial occupancy of such units. Reviews of family income shall be made at least annually. Except as provided in paragraph (2) and subject to the requirement under paragraph (3), a family shall pay as rent for a dwelling unit assisted under this chapter (other than a family assisted under section 1437f(o) or (y) of this title or paying rent under section 1437f (c)(3)(B) of this title) the highest of the following amounts, rounded to the nearest dollar:
>
> (A) 30 per centum of the family's monthly adjusted income;
>
> (B) 10 per centum of the family's monthly income; or
>
> (C) if the family is receiving payments for welfare assistance from a public agency and a part of such payments, adjusted in accordance with the family's actual housing costs, is specifically designated by such agency to meet the family's housing costs, the portion of such payments which is so designated.

42 U. S. C. § 1437a(a)(1); *see also Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. at 420 (Brooke Amendment as it then read); *Beckham v. New York City Housing Authority*, 755 F.2d 1074, 1076 (2d Cir. 1985) (Brooke Amendment as it then read). Furthermore, current Federal regulations define tenant rent as "[t]he amount payable monthly by the family as rent to the unit owner (Section 8 owner or PHA in public housing)." 24 C.F.R. § 5.603(b).[5]

---

[5]   This particular definition of "Tenant Rent," found at 24 C.F.R. § 5.603(b), has been in effect since 2000. From 1997 through 1999, "Tenant Rent," as found at 24 C.F.R. § 5.603(b), was defined slightly differently as "[t]he amount payable monthly by the Family as rent to the PHA [Public Housing Authority]. Where all utilities (except telephone) and other essential housing services are supplied by the PHA, Tenant Rent equals Total Tenant

Although an alleged violation of the Brooke Amendment is actionable through 42 U.S.C. § 1983, *see Wright*, 479 U.S. 418 (allowing a suit under section 1983 by tenants to recover past overcharges under the rent-ceiling provision of the United States Housing Act of 1937), *cited in Gonzaga University v. Doe*, 536 U.S. 273, 280 (2002); *see also Beckham*, 755 F.2d at 1078-1080 (on appeal, court allowing a suit under section 1983 by tenants, but ruling that NYCHA was not barred by statute from charging a rent higher than that allowed by the Brooke Amendment where the tenant failed to comply with annual recertification process), plaintiff has failed to state a cognizable claim for relief under that provision. His First Amended Complaint is devoid of any allegations that he is being charged rent in excess of the amount permitted by this statute.[6] Moreover, plaintiff's monthly rent is, and has been since November 2005, $196.00, which is one-twelfth of 30% of his adjusted annual income of $7,832.00, based upon the most recent review of plaintiff's income for the purpose of determining his rent, which was completed in fall 2005. Niederhoffer Declar., Exh. B; Wyands Declar., ¶¶ 6 and 8.

For these reasons, defendants are entitled to judgment dismissing any claim plaintiff purports to

---

Payment. Where some or all utilities (except telephone) and other essential housing services are not supplied by the PHA and the cost thereof is not included in the amount paid as rent, Tenant Rent equals Total Tenant Payment less Utility Allowance. In 1996, this longer definition of "Tenant Rent" was found at 24 C.F.R. § 913.102. In 1997, this longer definition was moved to 24 C.F.R. § 5.603(b).

[6] Plaintiff's claim under 42 U.S.C. § 1983 predicated upon an alleged violation of the Brooke Amendment, to the extent that it is asserted against defendants NYCHA, Hernandez or Morales, and any section 1983 claim predicated upon an alleged violation of the 4th, 5th, 8th or 14th Amendments of the United States Constitution by defendants NYCHA, Hernandez or Morales, or any of the other ten individuals plaintiff asserts are NYCHA employees, and to whom refers in paragraphs 6 through 15 of his First Amended Complaint, must be dismissed on the ground that plaintiff has failed to allege the existence of a municipal custom, policy or practice which has caused a violation of his rights. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). The alleged violation of the Brooke Amendment is discussed at pages 11 through 13 and the alleged violations of the 4th, 5th, 8th or 14th Amendments of the United States Constitution are discussed at pages 14 through 17, to which the Court is respectfully referred.

advance under the Brooke Amendment.[7]

## D. Constitutional Violations

In the First Amended Complaint, plaintiff invokes the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. At best, plaintiff's allegations of constitutional violations are conclusory. Plaintiff has failed to allege any facts to support a plausible claim that any right secured to him by the foregoing Amendments was violated. *See Williams v. New York City Housing Authority*, 2007 U.S. Dist. LEXIS 91134, at *13-*14 (noting that the court "will dismiss a complaint that 'consist[s] of nothing more than naked assertions, and set[s] forth no facts upon which a court could find a [constitutional] violation.'") (quoting *Mitchell v. Keane*, 974 F. Supp. 332, 338 (S.D.N.Y. 1997) and citing *Alfaro Motors, Inc v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) ("[A] complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; . . . broad, simple, and conclusory statements are insufficient to state a claim under § 1983.").

To the extent that plaintiff alleges that he was deprived of a property interest without due process of law and that this claim is predicated upon the in State Housing Court rent non-payment proceedings commenced against him, this claim must be dismissed. Plaintiff has failed to allege any facts to support a

---

[7] To the extent that plaintiff attempts to assert a claim with respect to the State court rent non-payment proceedings against him in 2005 and 2006 under State law, specifically, RPAPL §711(2), which limits relief in rent non-payment proceedings to recovery of past due rent, such claim has no merit. As demonstrated by the Housing Court Orders, Decisions and Judgments, after the vacatur of any Judgments by default, NYCHA only recovered accrued rent due and owing in the 2005 and 2006 State court rent non-payment proceedings, as permitted by the Housing Court judges presiding over the proceedings. *See* Niederhoffer Declar., Exhs. E and F. *Watertown Housing Authority v. Kirkland*, 766 N.Y.S.2d 790 (City Court of New York, Watertown 2003), cited by plaintiff, is inapposite because, unlike the Watertown Housing Authority, NYCHA did not seek to recover in the summary proceedings under RPAPL § 711(2) other charges (for example, late fees, utility fees or maintenance fees) at all, let alone by denominating them as "additional rent" and making those charges part of the accrued rent sought in the summary proceeding.

plausible claim that he was denied due process of law. *See Williams v. New York City Housing Authority*, 2007 U.S. Dist. LEXIS 91134, at \*13-\*14 (noting that the court "will dismiss a complaint that 'consist[s] of nothing more than naked assertions, and set[s] forth no facts upon which a court could find a [constitutional] violation.'") (quoting *Mitchell v. Keane*, 974 F. Supp. at 338 and citing *Alfaro Motors, Inc v. Ward*, 814 F.2d at 887 ("[A] complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; . . . broad, simple, and conclusory statements are insufficient to state a claim under § 1983."). Plaintiff's First Amended Complaint is devoid of the requisite allegations to support a denial of due process claim.[8]

Plaintiff's cursory reference to denial of equal treatment and to the Equal Protection Clause of the Fourteenth Amendment is similarly insufficient to support a plausible claim that plaintiff was denied his right to equal protection of the laws. The Equal Protection Clause of the Fourteenth Amendment directs that all persons similarly circumstanced shall be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). To state a claim under the Equal Protection Clause, a plaintiff must allege that the government intentionally discriminated against him because of some protected classification, such as race, gender or disability. *See Williams*, 2007 U.S. Dist. LEXIS 91134, at \*21; *see also Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 109 (2d Cir. 2001) ("Where disability discrimination is at issue, the Fourteenth Amendment only proscribes government conduct for which there is no rational relationship between the

---

[8]    Contrary to plaintiff's assertion otherwise, plaintiff was not entitled to any "post-deprivation remedy." The warrant of eviction issued by Housing Court was stayed (and plaintiff was never evicted from his NYCHA apartment) and the Housing Court proceedings provided plaintiff with the requisite notice and opportunity to be heard with respect to the issue of his rent nonpayment. *See* Niederhoffer Declaration, Exhibits E and F; Wyands Declaration, ¶¶ 9-21. If plaintiff was dissatisfied with the Housing Court's rulings, plaintiff's appropriate recourse was to seek appellate review in the State court system.

disparity of treatment and some legitimate governmental purpose.") (citing *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001)). Plaintiff's First Amended Complaint is devoid of the requisite allegations to support a denial of equal protection claim.

Plaintiff's perfunctory reference to a right to privacy under the Fourth amendment is also insufficient to support a plausible claim for relief. The right of privacy implicit in the Fourth Amendment protects individuals from unreasonable government searches and seizures. *Arizona v. Evans*, 514 U.S. 1, 10 (1995); *Anthony v. City of New York*, 339 F.3d 129, 135 (2d Cir. 2003); *Lauro v. Charles*, 219 F.3d 202, 209 (2d Cir. 2000). Specifically, the Fourth Amendment provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Any claim that plaintiff purports to advance under the Fourth Amendment must be dismissed because the First Amended Complaint is devoid of any allegations that plaintiff was subject to any search or seizure by NYCHA, let alone an unreasonable one.

To the extent that plaintiff is relying upon the Excessive Fines Clause of the Eighth Amendment,[9] plaintiff Eighth Amendment claim fails because the First Amended Complaint is devoid of allegations that NYCHA extracted any payments from plaintiff "as punishment for some offense." *See United States v. Baj*, 524 U.S. 321, 327-328 (1998) (citing *Austin v. United States*, 509 U.S. 602, 609-610 (1993) (stating that the Excessive Fines Clause "limits the government's power to extract payments, whether in cash

---

[9] The Eighth Amendment provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amend. 8.

or in kind, 'as punishment for some offense.'"); *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989) (noting that, "at the time the Constitution was adopted, 'the word "fine" was understood to mean a payment to a sovereign as punishment for some offense.'")).

## POINT II.

## PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION FOR FRAUD, FRAUD ON THE COURT, INTENTIONAL MISREPRESENTATION OF MATERIAL FACTS, MALICIOUS PROSECUTION OR ABUSE OF PROCESS.

In the paragraphs 35 through 49 of the First Amended Complaint, plaintiff purports to advance claims sounding in fraud, fraud on the court, intentional misrepresentation of material facts, malicious prosecution and abuse of process, all apparently relating to the State Housing Court rent non-payment proceedings which NYCHA brought against him 2005 and 2006. Each of these claims must be dismissed.

### A. Fraud/Intentional Misrepresentation of Material Facts

To establish a common law cause of action for fraud, plaintiff must demonstrate that the defendants knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged. *Lama Holding Co. v Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996); *Channel Master Corp. v Aluminium Ltd. Sales*, 4 N.Y.2d 403, 406-407 (1958). The essential elements of a fraud claim are the representation of a material existing fact, falsity, scienter, deception and injury. *Channel Master Corp.*, 4 N.Y.2d at 407. The elements of fraud must be pleaded with particularity under both State and Federal law. Under CPLR 3016(b), when a claim is based upon fraud or misrepresentation, "the circumstances constituting the wrong shall be stated in detail." The courts have held that "[e]ach of the foregoing elements [for an alleged fraud claim] must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016 (b)." *Cohen v Houseconnect Realty Corp.*,

17

289 A.D.2d 277, 278 (2d Dep't 2001); *see also Greschler v Greschler*, 51 N.Y.2d 368, 375 (1980).

Under Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state with particularity the

circumstances constituting the fraud. *See Center Cadillac v. Bank Leumi Trust Co.*, 808 F. Supp. 213,

228-230 (S.D.N.Y. 1992). Plaintiff's First Amended Complaint does not contain the requisite allegations

to raise a right to relief under a fraud claim, and his conclusory allegations as to the defendants' alleged

misrepresentations fail to meet the statutory requirement that a cause of action based upon fraud be pleaded

with particularity.[10]

## B. Fraud on the Court

Although it is entirely unclear, plaintiff's "fraud upon the court" claim appears to be an attempt by

plaintiff to set aside, pursuant to Rule 60 of the Federal Rules of Civil Procedure, the judgments rendered

in the State Housing Court rent non-payment proceedings which NYCHA brought against him 2005 and

2006. *See* Fed. R. Civ. P. 60(b) and (d).

Rule 60, however, provides relief only from a judgment obtained in a federal court, and it thus

---

[10]  To the extent that the First Amended Complaint also purports to advance a claim sounding in negligent misrepresentation, such a claim fails. As stated by the New York Court of Appeals, "before a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations, there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity." *Parrott v Coopers & Lybrand, LLP*, 95 N.Y.2d 479, 483 (2000). Recovery for negligent misrepresentation may only be had "where there is a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given." *Hudson Riv. Club v. Consolidated Edison Co. of N.Y.*, 275 A.D.2d 218, 220 (1st Dep't 2000); *see also H & R Project Assoc. v City of Syracuse*, 289 A.D.2d 967, 969 (4th Dep't 2001). The special relationship requires a closer degree of trust than that in an ordinary business relationship. *See H & R Project Assoc.*, 289 A.D.2d at 969. Plaintiff and defendants were not even in an ordinary business relationship. Before liability on such claim may attach, a plaintiff must also show "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing his understanding of that reliance." *Parrott*, 95 N.Y.2d at 484. Plaintiff's First Amended Complaint does not contain the requisite allegations to raise a right to relief under a negligent misrepresentation claim.

18

cannot be relied upon by plaintiff in his attempt to set aside the State Housing Court judgments. *Pandozy v. Segan*, 518 F. Supp. 2d 550, 555 (S.D.N.Y. 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (A court has inherent power "to vacate its own judgment upon proof that a fraud has been perpetrated upon the court."); *Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50, 52 (S.D.N.Y. 1986) ("[A] claim of fraud against the court must be made in the tribunal allegedly defrauded.") (citing *Hazel-Atlas Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246-48 (1944); *Pfotzer v. Amercoat Corp.*, 548 F.2d 51, 52-53 (2d Cir. 1977))). Plaintiff has not alleged that any fraud has been perpetrated on this Court.

In any event, even assuming that this Court possesses the requisite authority to set aside a judgment rendered in the State Housing Court rent non-payment proceedings, in the Second Circuit, fraud upon the court is limited to "fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir.1988). Fraud on the court involves more than harm to a single litigant "because it threatens the very integrity of the judiciary and the proper administration of justice." *Id.* at 559; *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir.1995) ("The concept of 'fraud on the court' embraces 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'") (quoting *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir.1972)).

Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. *See In re Edward J. Waters*, 2008 Bankr. LEXIS 374, at *37 (Bankr. D. Conn. Feb. 8, 2008) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238; *Root Refin. Co. v. Universal Oil*

19

*Products,* 169 F.2d 514 (3d Cir. 1948)). Misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. *See In re Edward J. Waters,* 2008 Bankr. LEXIS 374, at *38. "Plainly, the fact that false or misleading testimony was given during the course of a judicial proceeding does not constitute a fraud upon the court unless it appears that the court was so misled by such testimony as to render a decision based on a mistaken view of the material facts." *Interstate Investors, Inc. v. U.S.,* 287 F. Supp. 374, 382 (S.D.N.Y. 1968), *aff'd,* 393 U.S. 479 (1969). At most, plaintiff appears to be asserting that the amount of rent claimed by NYCHA in the rent non-payment proceedings to be due and owing was inaccurate and that a NYCHA employee "could . . . manipulate" the amount owed. *See* First Amended Complaint, ¶ 40.

Plaintiff's First Amended Complaint does not contain the requisite allegations to raise a right to relief under a claim sounding in fraud on the court.

## C. Malicious Prosecution and Abuse of Process

To prevail on a claim for malicious prosecution, plaintiff must prove four elements: (1) defendant's initiation of a criminal proceeding against him, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause, and (4) malice. *See Smith-Hunter v Harvey,* 95 N.Y.2d 191, 195 (2000); *Brown v Sears Roebuck and Co.,* 297 A.D.2d 205, 208 (1st Dep't 2002). The First Amended Complaint is devoid of allegations to support a malicious prosecution claim.

Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal (2) an intent to harm without excuse or justification and (3) use of process in a perverted manner to obtain a collateral objective, and the process used must involve "an unlawful interference with one's person or property." *Curiano v. Suozzi,* 63 N.Y.2d 113, 116 (1984); *Panish v. Steinberg,* 32 A.D.3d 383, 383-

384 (2d Dep't 2006). However, there can be no unlawful interference with one's person or property where civil proceedings are commenced by summons and complaint or, equivalently under the New York Civil Practice Law and Rules, notice of petition and petition, because such process is not legally considered process capable of being abused. *Curiano*, 63 N.Y.2d at 117; CPLR 105(b) ("the words 'summons' and 'complaint' include the notice of petition and petition in a special proceeding"). Plaintiff's abuse of process claim fails as a matter of law because the State court rent non-payment proceedings were brought on by notice of petition and petition and, in any event, as demonstrated in the Niederhoffer and Wyands declarations, there was no improper use of the process after it was issued as NYCHA appropriately sought and was awarded past due rent in those rent non-payment proceedings. *See Curiano*, 63 N.Y.2d at 116-117, Niederhoffer Decl., Exh E and F; Wyands Decl., ¶¶ 9-21.[11]

---

[11] In the First Amended Complaint, plaintiff makes fleeting reference to intervention by NYCHA social services personnel. As demonstrated in the Niederhoffer declaration, a NYCHA's Social Services Department staff member visited plaintiff's apartment on September 20, 2007 to follow up on a submission by the Douglass Houses Management Office to the NYCHA Social Services Department of a "Referral For NYCHA Social Services," on or about August 29, 2007, and approved by the NYCHA Social Services Department on September 5, 2007. The referral was made because "Tenant is a long-term chronic rent delinquent. He is lucid and functions fairly well, but has a fixed idea in his mind that he is being harassed by New York City and by NYCHA. He owes 4 months rent." *See* Niederhoffer Decl., Exhibit H. On September 20, 2007, a NYCHA Social Services Department "Social Services Worker attempted a home visit, [but] there was no answer. SSW left a contact letter." *See* Niederhoffer Decl., Exhibit H. In its case closing summary, dated December 18, 2007, the Social Services Worker continued as follows:

> On 9-20-07 SSW received a telephone call from Mr. O'Neill and he stated that he wanted no further contact with anyone from New York City Housing Authority. He felt he was being harassed; SSW continued to monitor TOR [i.e., the Tenant of Record] with Management. SSW last contact with Management, at the end of November 2007, revealed that Mr. O'Neill had paid $980.00 in rent arrears which makes him current at this time. Due to the arrears rent being paid and Mr. O'Neill's refusal of Social Services, no further outreach is needed at this time; therefore, the case is being closed.

*Id.*

21

## POINT III.

## PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CAUSE OF ACTION FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS OR INVASION OF PRIVACY.

In paragraphs 95 through 102 of the First Amended Complaint, plaintiff purports to advance claims sounding in intentional infliction of emotional distress, invasion of privacy, and negligent conduct intended to invade other interests but causing emotional distress. These claims must be dismissed.

### A. Intentional Infliction of Emotional Distress

As an initial matter, public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity, such as NYCHA. *See Lauer v. City of New York*, 230 A.D.2d 543, 544 (2d Dep't 1997), *cited in Davis v. City of New York*, 2000 U.S. Dist. LEXIS 18520, at *35 (S.D.N.Y. Dec. 27, 2000). In any event, plaintiff's claim fails.

The tort of intentional infliction of emotional distress has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Company, Inc.*, 81 N.Y.2d 115, 121 (1993). The first element--outrageous conduct--serves the dual function of filtering out petty and trivial complaints that do not belong in court, and assuring that plaintiff's claim of severe emotional distress is genuine. *Id.* In practice, courts have tended to focus on the outrageousness element, the one most susceptible to determination as a matter of law. *Id.* The "requirements of the rule are rigorous, and difficult to satisfy." *Id.* at 122 (quoting Prosser and Keeton, Torts § 12, at 60-61 [5th ed]); *see also Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983) (describing the standard as "strict"). "Liability has been found only where the conduct has been so

22

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy*, 58 N.Y.2d at 303 (quoting Restatement [Second] of Torts § 46, comment d); *Davis v. City of New York*, 2000 U.S. Dist. LEXIS 18520, at *35-*36 (stating that "[m]ere conclusory allegations are insufficient as a matter of law to support a claim for intentional infliction of emotional distress). Plaintiff's First Amended Complaint does not contain the requisite allegations to raise a right to relief under an intentional infliction of emotional distress claim.[12]

## B.  Invasion of Privacy

New York does not recognize a common law cause of action for invasion of privacy. *Howell*, 81 N.Y.2d at 123. Accordingly, this claim must be dismissed.

## C.  Negligent Infliction of Emotional Distress

Recovery for purely emotional damages is extremely limited. *Kennedy v McKesson Co.*, 58 N.Y.2d 500, 504-506 (1983). To state a cause of action for negligent infliction of emotional distress, plaintiff must allege that he suffered an emotional injury as a result of a breach of a cognizable duty of care owed to him by a NYCHA defendant which unreasonably endangered his own physical safety. *Kenneth S. v. Berkshire Farm Center and Services For Youth*, 36 A.D.3d 1092, (3d Dep't 2007); *Williams v.*

---

[12]  *Vasarhelyi v. New School for Social Research*, 230 A.D.2d 658 (1st Dep't 1996), cited by plaintiff, does not compel a different result. The conduct allegedly attributed to NYCHA (the bringing of, and pursuing, the Housing Court rent non-payment proceedings) in the present case does not rise to the level of the conduct of the defendants in *Vasarhelyi*. In *Vasarhelyi*, among other things, there was a threat of prosecution accompanied by abusive interrogation, denial of a request to have another employee present during the interrogation, the engagement of criminal attorneys to conduct the interrogation, humiliation regarding the plaintiff's use of English and probing questions impugning plaintiff's honesty and chastity. *See Vasarhelyi*, 230 A.D.2d at 659-661.

*Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 114 (2d Cir. 2006); *Mortise v. United States*, 102 F.3d

673, 696 (2d Cir. 1996). The duty in such cases must be specific to the plaintiff, and not some amorphous,

free-floating duty to society. *Mortise*, 102 F.3d at 696 (citing *Johnson v. Jamaica Hosp.*, 62 N.Y.2d 523,

526-527 (1984)); *Kelly v. Chase Manhattan Bank*, 717 F. Supp. 227, 235 (S.D.N.Y. 1989)

("[R]ecovery for negligent infliction of emotional distress is circumscribed to unique facts where a special

duty is owed."); *see also Danielak v. City of New York*, 2005 U.S. Dist. LEXIS 40901, at *56

(E.D.N.Y. Sept. 26, 2005) ("Because plaintiff has not established that his physical safety was ever

threatened or endangered by defendants, he cannot recover under either [the direct duty or bystander]

theory [of negligent infliction of emotional distress]."). Plaintiff's First Amended Complaint does not set

forth the requisite allegations to raise a right to relief under a negligent infliction of emotional distress claim.[13]

---

[13]  To the extent that plaintiff purports to advance a claim sounding in assault, such a claim fails. As observed by the New York Court of Appeals in *Jeffreys v. Griffin*, 1 N.Y.3d 34 (2003),

> [a] person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from (his, her) act. Intent involves the state of mind with which an act is done. The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

*Id.* at 41 (quoting New York Pattern Jury Instructions (PJI) 2d at 3:3 (2003)). Assault involves putting a person in fear of a battery. *Id.* (citing PJI 2d at 3:2). Plaintiff's proposed Amended Complaint does not contain the requisite allegations at all, let alone the requisite allegations of conduct occurring within the one-year period prior to his filing this action in State court on January 28, 2008 to raise a right to relief under an assault claim. *See Young Wen Mo v. Gee Ming Chan*, 17 A.D.3d 356, 358 (2d Dep't 2005) (period of limitations for assault is one-year).

24

**Conclusion**

DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
SHOULD BE GRANTED IN ITS ENTIRETY WITH PREJUDICE.

Dated: New York, New York
         July 21, 2008

                                   Respectfully submitted,

                                   RICARDO ELIAS MORALES
                                   General Counsel
                                   New York City Housing Authority
                                   Attorney for Defendants
                                   250 Broadway, 9th Floor
                                   New York, New York  10007
                                   (212) 776-5259


                                   By: _____
                                        Jeffrey Niederhoffer (JN 1942)

Donna M. Murphy,
Jeffrey Niederhoffer,
Of Counsel