```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      |
GERARD O'NEILL                        |
                                      |
          Plaintiff,                  |
                                      |    08 Civ. 1689(KMW)
     -against-                        |
                                      |    OPINION AND ORDER
TITO HERNANDEZ, RICARDO MORALES,      |
and NEW YORK CITY HOUSING AUTHORITY,  |
                                      |
          Defendants.                 |
                                      |
--------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

This Order responds to the issues raised in Plaintiff Gerard O'Neill's ("Plaintiff") letter dated July 27, 2008. (See attached Ltr.) Plaintiff requests (1) an extension of time to file and serve his opposition to Defendants' motion to dismiss; (2) "leave to file a mandamus writ to stay pending eviction in New York State Court;" and (3) leave to file a motion for recusal pursuant to 28 U.S.C. § 455.[1]

## I. An Extension of Time

The Court grants Plaintiff's request for an extension of time to file and serve his opposition to Defendants' motion to

---

[1] In a different action in this Court, O'Neill v. Hernandez, No. 06 Civ. 14377, Plaintiff recently filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). In response, Defendants' counsel requested a pre-motion conference. In his July 27, 2008 letter, Plaintiff agrees to Defendants' request for a pre-motion conference. In a separate July 30, 2008 order, the Court denied Plaintiff's motion for reconsideration and noted that the 2006 action remains closed pursuant to the Court's August 20, 2007 sua sponte dismissal. Accordingly, a pre-motion conference in the 2006 action is unnecessary.

1

dismiss.  Plaintiff shall file and serve any opposition to the pending motion to dismiss no later than September 19, 2008. Defendants shall file and serve any reply to Plaintiff's opposition no later than October 10, 2008.

**II.  No Stay for State Court Eviction Proceedings**

To the extent that Plaintiff renews his previous request for a stay of State court eviction proceedings, this Court denies Plaintiff's request.  First, as explained fully in the Court's June 24, 2008 Order, the Anti-Injunction Act bars this Court from enjoining Plaintiff's eviction proceedings.  (See June 24, 2008 Order, 9-10 & 9 n.7.)

Second, to the extent that Plaintiff's eviction proceedings are ongoing,[2] the Younger abstention doctrine bars this Court from enjoining such proceedings.  In Younger v. Harris, the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding absent "any showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."  401 U.S. 37, 54 (1971).  The Supreme Court extended the Younger abstention doctrine to civil cases where "important state interests are involved."  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Plaintiff alleges an ongoing

---

[2] Plaintiff's July 27, 2008 letter states that Plaintiff "failed to appear at an administrative hearing and ha[s] since received an eviction notice."

2

dispute with Defendant New York City Housing Authority concerning the calculation and accounting of rent payments.  (See Pl. First Am. Compl. ¶ 26.)  The Court finds that although Plaintiff alleges the previous receipt of an eviction notice in 2006 (see id. ¶ 44), he has not alleged facts sufficient to show bad faith, harassment, or any other extraordinary circumstance that would justify Federal court interference with Plaintiff's State court eviction proceedings.

Accordingly, the Court denies Plaintiff's request for a stay of his State court eviction proceedings.  However, the Court notes that Plaintiff may pursue any available stay of the eviction proceedings in State court without leave of this Court.

**III. No Leave to File a Motion for Recusal**

Plaintiff's First Amended Complaint seeks to add four employees of the Pro Se Office of the United States District Court for the Southern District of New York as Defendants in this action.  Based on my role as Chief Judge and its corresponding administrative duties, Plaintiff alleges "conflicts inherent in the situation worthy of examination."  (See attached July 27, 2008 Ltr. ¶ 6.)  The Court finds no possibility of any such conflict and therefore denies leave to file a motion for recusal pursuant to 28 U.S.C. § 455 ("§ 455").

In relevant part, § 455 provides that any judge "shall disqualify himself in any proceeding in which his impartiality

3

might reasonably be questioned." 28 U.S.C. § 455(a).[3] This is an objective standard, requiring recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of the judge's interest or bias in a case. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 861 (1988). However, my purely professional relationship with employees of the Pro Se Office does not give rise to an interest or bias warranting my recusal under § 455(a). Cf. Simons v. United States, No. 00 Civ. 2060, 2007 U.S. Dist. LEXIS 46964, at *17-29 (E.D.N.Y. June 28, 2007) (finding recusal not warranted where the judge (a former United States Attorney) presided over a post-conviction hearing related to the defendant's claims of ineffective assistance of trial counsel in which the defendant's trial counsel (a former Assistant United States Attorney serving under the supervision of the judge during his tenure as the United States Attorney) testified and had a significant interest in protecting his professional reputation). Accordingly, the Court denies Plaintiff's request for leave to file a motion for recusal.

**IV. Conclusion**

For the reasons stated above, the Court grants Plaintiff's

---

[3] Furthermore, 28 U.S.C. § 455(b)(1) provides, in relevant part, that any judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party." However, Plaintiff does not allege actual bias or prejudice, and certainly does not indicate that he can present compelling evidence of such actual bias or prejudice.

request for an extension of time to file and serve his opposition to Defendants' motion to dismiss. The Court denies Plaintiff's request for a stay of his State court eviction proceedings and leave to file a motion for recusal.

    SO ORDERED.

Dated:    New York, New York
           July 31, 2008

                                            _____
                                            Kimba M. Wood
                                      United States District Judge